**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FT. SMITH DIVISION**

**JOHN ANTHONY COLE** **PLAINTIFF**
**ADCRR #371593**
**v.** **No. 2:26-cv-02071-MEF**

**HOBE RUNION; et al.** **DEFENDANTS**

---

**DEFENDANT LAVERSA MORRIS, RN'S ANSWER TO PLAINTIFF'S COMPLAINT**

---

Comes now Defendant LaVersa Morris, RN ("Defendant"), in her individual and official capacities, and for her Answer and Affirmative Defenses to Plaintiff John Anthony Cole's ("Plaintiff") Complaint (ECF No. 1), states:

1. Defendant generally and specifically denies each and every material allegation in Plaintiff's Complaint, except such allegations that are admitted herein.

2. With regard to the allegations in Section I of the Complaint, these allegations do not pertain to Defendant; thus, no answer is called for. To the extent such allegations are intended to apply to Defendant, she is without sufficient information to admit or deny such allegations, deeming such allegations denied.

3. With regard to the allegations in Section II of the Complaint, these allegations do not pertain to Defendant; thus, no answer is called for. To the extent such allegations are intended to apply to Defendant, she is without sufficient information to admit or deny such allegations, deeming such allegations denied.

4. With regard to the allegations in Section III of the Complaint, Defendant admits that, at all times relevant to Plaintiff's Complaint, she was a

Registered Nurse employed by Turn Key Health Clinics, LLC, at the Sebastian County Detention Center ("SCDC") in Ft. Smith, Arkansas. The remaining allegations in Section III of the Complaint do not pertain to Defendant; thus, no answer is called for. To the extent such allegations are intended to apply to Defendant, she is without sufficient information to admit or deny such allegations, deeming such allegations denied.

5. With regard to the allegations in Section IV (Claims 1 through 3) of the Complaint, these allegations do not pertain to Defendant; thus, no answer is called for. To the extent such allegations are intended to apply to Defendant, she is without sufficient information to admit or deny such allegations, deeming such allegations denied.

6. With regard to the allegations in Section IV (Claims 4 through 5) of the Complaint, pleading affirmatively, Defendant states that the medical and facility records speak for themselves. To the extent that any allegation contained in Section IV of Plaintiff's Complaint conflicts with those records, or with what actually occurred, such allegations are denied generally and specifically. Pleading affirmatively, Defendant states that she complied with the applicable standard of care in all respects, and caused no injuries or damages alleged in the Complaint. Pleading affirmatively, Plaintiff's claim for "medical negligence" in Section IV of the Complaint does not rise to the level of a constitutional violation; to the extent an answer is required, such allegations are denied. The remaining allegations in Section IV of the Complaint do not pertain to Defendant; thus, no answer is called for. To the extent such allegations are intended to apply to Defendant, she is

without sufficient information to admit or deny such allegations, deeming such allegations denied.

7. With regard to the allegations in Section IV (Claims 6 through 10) of the Complaint, these allegations do not pertain to Defendant; thus, no answer is called for. To the extent such allegations are intended to apply to Defendant, she is without sufficient information to admit or deny such allegations, deeming such allegations denied.

8. With regard to the allegations concerning relief set forth in Section V of the Complaint, including Plaintiff's requests for compensatory damages, punitive damages, declaratory judgments, and other relief, Defendant denies that Plaintiff is entitled to recover against her under any theory of recovery alleged in the Complaint or any that could be alleged in any future pleading. Pleading affirmatively, Defendant specifically raises and incorporates any and all standards or limitations regarding the determination and enforceability of punitive damages as held in BMW v. Gore, 116 U.S. 1589 (1996), State Farm Mut. Auto Ins. Co. v. Campbell, 123 S. Ct. 1513 (2003), Philip Morris USA v. Williams, 127 S. Ct. 1057 (2007), and Exxon Shipping Co. v. Baker, 128 S. Ct. 2605 (2008). Pleading affirmatively, Defendant states that the medical and facility records speak for themselves. To the extent that any allegation contained in Section V of the Complaint conflicts with those records, or with what actually occurred, such allegations are denied generally and specifically. Pleading affirmatively, Defendant states that she complied with the applicable standard of care in all respects, and she caused no injuries or damages alleged in the Complaint. The remaining allegations in Section V of the Complaint do not pertain to Defendant;

thus, no answer is called for. To the extent such allegations are intended to apply to Defendant, she is without sufficient information to admit or deny such allegations, deeming such allegations denied.

9. With regard to the allegations concerning Plaintiff's litigation history set forth in Section VI of the Complaint, Defendant is without sufficient information to admit or deny such allegations, deeming such allegations denied.

10. Defendant denies each and every allegation in the Complaint not expressly admitted herein and denies that Plaintiff is entitled to any recovery from her.

11. Defendant requests a trial by a jury of twelve (12) persons.

12. Defendant pleads affirmatively all defenses and bars to recovery provided by the Arkansas Medical Malpractice Act, Ark. Code Ann. § 16-114-201 et seq.

13. Defendant pleads affirmatively that Plaintiff failed to mitigate any of his alleged damages.

14. Defendant pleads affirmatively that any injuries or damages sustained by Plaintiff proximately resulted from the negligence or fault of others for whom Defendant had no responsibility or legal liability.

15. Defendant pleads affirmatively that any injuries or damages alleged by Plaintiff are barred by the obvious-danger rule.

16. Defendant pleads affirmatively that all or part of the Complaint may be barred by the applicable limitations period and should be dismissed with prejudice.

17. Without alleging fault on the part of anyone, and while denying any fault on her part, Defendant states that this case should proceed in accordance with the Civil Justice Reform Act of 2003, Ark. Code Ann. § 16-55-201 et seq., the Uniform Contribution Among Tortfeasors Act, Ark. Code Ann. § 16-61-201 et seq., and Act 1116 of 2013, and that she is entitled to a credit for reduction in any verdict by the percentage of fault of any party or non-party that settles any part of Plaintiff's claim. Defendant reserves the right to file an amended or supplemental pleading pursuant to the Federal Rules of Civil Procedure should a factual and legal basis for allocation of nonparty fault become known during discovery.

18. Defendant denies that she is guilty of any type of professional negligence, constitutional violation, or other wrongdoing in the care and treatment of Plaintiff. Further, Defendant pleads affirmatively that the care given to Plaintiff was at all times reasonable and within the applicable standard of care and was not in indifference to Plaintiff's medical condition.

19. Defendant pleads affirmatively that the Complaint should be dismissed because Plaintiff failed to exhaust his administrative remedies pursuant to the provisions of the Prison Litigation Reform Act.

20. Defendant pleads affirmatively, in an abundance of caution, that the Complaint is in violation of the three-strikes provision of 28 U.S.C. § 1915(g).

21. Defendant pleads affirmatively that she is entitled to the defense of qualified immunity.

22. Defendant pleads affirmatively that she is entitled to the defense of "good faith" immunity.

23. Defendant pleads affirmatively that any care and treatment provided to Plaintiff was conducted with the informed consent of all necessary parties.

24. Defendant pleads affirmatively that any damages allegedly suffered by Plaintiff were caused by the voluntary assumption of risk by Plaintiff.

25. Defendant pleads affirmatively that any damages allegedly suffered by Plaintiff were caused or contributed to by Plaintiff's own acts, conduct, or negligence.

26. Defendant pleads affirmatively that any damages allegedly suffered by Plaintiff were caused or contributed by the acts, conduct, or negligence of third parties over which she has no control.

27. Pleading affirmatively, Defendant specifically raises and incorporates any and all standards or limitations regarding the determination and enforceability of punitive damages as held in BMW v. Gore, 116 U.S. 1589 (1996), State Farm Mut. Auto Ins. Co. v. Campbell, 123 S. Ct. 1513 (2003), Philip Morris USA v. Williams, 127 S. Ct. 1057 (2007), and Exxon Shipping Co. v. Baker, 128 S. Ct. 2605 (2008).

28. Defendant pleads affirmatively that for each of the following reasons, plaintiff's punitive damages claim is unconstitutional and should be dismissed:

a. Arkansas law has not established a definitive standard for setting the amount of punitive damages. Therefore, an award of punitive damages without requiring plaintiffs to prove every element beyond a reasonable doubt, or in the alternative, by clear and convincing evidence, violates these defendants' due process rights under the U.S. Constitution, Amendment

XIV, and the corresponding applicable due process provisions of the Arkansas Constitution;

b. Because it is subject to a pre-determined limit, such as maximum multiple compensatory damages or a maximum amount, an award of punitive damages violates these defendants' due process rights under the United States Constitution, Amendment XIV, and the corresponding applicable due process provisions of the Arkansas Constitution;

c. An award of punitive damages violates these defendants' due process and equal protection rights guaranteed by the U.S. Constitution, Amendment XIV, and the double jeopardy clause of the U.S. Constitution, Amendment V, as incorporated into Amendment XIV, and jury (1) is not provided a standard of sufficient clarity for determining the appropriateness or the appropriate size of a punitive damages award; (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, as a whole or in part, on the basis of insidiously discriminatory characteristics; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary, and that does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not subject to judicial review on the basis of an objective standard; and (6) is not required to consider the character and degree of the alleged wrong;

d. An award of punitive damages under Arkansas law for the purposes of compensating plaintiffs for elements of damage not otherwise recognized by

Arkansas law violates these defendants' due process rights guaranteed by the U.S. Constitution, Amendment XIV, and by the corresponding applicable provisions of the Arkansas Constitution; and

e. An award of punitive damages under Arkansas law without the same protection that is provided to criminal defendants, including protection against unreasonable searches and seizures, double jeopardy, self-incrimination, the right to confront adverse witnesses, a speedy trial and the effective assistance of counsel, violates these defendants' rights under the U.S. Constitution, Amendment XIV and Amendment IX, V and VI, as incorporated into Amendments XIV, and under the corresponding applicable provisions of the Arkansas Constitution.

29. Defendant adopts any and all affirmative defenses available to her under the United States Constitution, the Arkansas Constitution, common law, or statutory law.

30. Defendant hereby gives notice that she intends to rely upon other affirmative defenses as they become available or apparent during the course of discovery and, thus, reserves the right to amend her answer to assert any such defenses prior to trial.

WHEREFORE, Defendant LaVersa Morris, RN, in her individual and official capacities, requests that the Court dismiss the Complaint of John Anthony Cole, that he take nothing, and for all other just relief.

Respectfully submitted,

Chris Stevens (2012289)
Garrett Bannister (2023159)
HALL BOOTH SMITH, P.C.
200 River Market Avenue, Suite 500
Little Rock, Arkansas 72201
(501) 214-3499
EM: cstevens@hallboothsmith.com
gbannister@hallboothsmith.com

*Attorneys for Defendant*
*LaVersa Morris, RN*

## CERTIFICATE OF SERVICE

This is to certify that on the 21st day of July 2026, I electronically transmitted the above document to the Clerk of Court using the ECF System for filing, and based on the record on file the Clerk will transmit a Notice of Electronic Filing to all ECF Registrants. I also certify that I served the following, who is not a registered participant of the ECF System for filing, via first-class mail postage prepaid:

Arizona Dept. of Corrections
Rehabilitation and Reentry
John Anthony Cole, ADCRR #371593, Arizona State Prison Complex
ASPC: Lewis, RAST MAX
801 E. Jefferson Street
Phoenix, AZ 85034

Pro se Plaintiff

*/s/ Chris Stevens*
Chris Stevens