**IN THE UNITED STATES DISTRIC COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FORT SMITH DIVISION**

**JOHN ANTHONY COLE** **PLAINTIFF**

**vs.** **NO. 2:26-cv-02071-CDC**

**SHERIFF HOBE RUNION;**
**CHIEF DEPUTY JOHN MILLER; CPT. JOSH HELMERT;**
**SGT. BRIAN MCGREW;**
**SGT. TIMOTHY BOYD;**
**and SGT. MIGUEL HERRERA** **DEFENDANTS**

**BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

The Plaintiff filed his Complaint in this case on May 12, 2026 (Doc. #1), alleging, under 42 U.S.C. §1983 that the County Defendant violated his constitutional rights during his incarceration at the Sebastian County Detention Center. The Plaintiff alleges that the County Defendant subjected him to excessive force, medical negligence, illegal seizure, unconstitutional conditions of confinement, failed to intervene, and denied him access to the Courts following the May 9, 2025 Incident. The Plaintiff failed to exhaust his administrative remedies regarding all of these claims. The Defendants incorporate the Statement of Material Facts and Motion for Summary Judgment filed concurrently herewith. For the reasons set forth herein, the Defendants are entitled to summary judgment as a matter of law. The case against them should be dismissed with prejudice.

## I. ARGUMENT

### *A. Standard of Review*

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case." *Amini v. City of Minneapolis*, 643 F.3d 1068, 1074 (8th Cir. 2011) (citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)), cert. denied, 132 S. Ct. 1144, 181 L. Ed. 2d 1018 (2012). "[S]elf-serving allegations and denials are insufficient to create a genuine issue of material fact." *Anuforo v. Comm'r*, 614 F.3d 799, 807 (8th Cir. 2010). "To survive a motion for summary judgment, the nonmoving party must substantiate [its] allegations with sufficient probative evidence [that] would permit a finding in [its] favor based on more than mere speculation, conjecture, or fantasy." *Barber v. C1 Truck Driver Training, LLC*, 656 F.3d 782, 801 (8th Cir. 2011) (second alteration in original) (quoting *Putman v. Unity Health Sys*., 348 F.3d 732, 733-34 (8th Cir. 2003)) (internal quotation marks omitted). The court must view the record in the light most favorable to the nonmoving party and afford it all reasonable inferences. See *Schmidt v. Des Moines Pub. Sch*., 655 F.3d 811, 819 (8th Cir. 2011).

***B. Plaintiff Failed to Exhaust his Administrative Remedies***

Plaintiff failed to exhaust his remedies on his claims and his suit must therefore be dismissed. As amended by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) mandates exhaustion of available administrative remedies before an inmate files suit. Section 1997e(a) provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

The Supreme Court in *Booth v. Churner*, 532 U.S. 731,738-39, 121 S. Ct. 1819, 149 L. Ed.

2d 958 (2001) held that "exhaustion is required where administrative remedies are available even if the available administrative remedies do not provide the precise, or full, relief sought." *Walker v. Maschner*, 270 F.3d 573, 577 (8th Cir. 2001). Further, the term "administrative remedies" has been held to encompass remedies not promulgated by an administrative agency. *Concepcion v. Morton*, 306 F.3d 1347, 1352 (3d Cir. 2002). Specifically, it has been held that a grievance procedure contained in a handbook constitutes an available administrative remedy within the meaning of § 1997e(a). *Conception*, 306 F.3d at 1352. When all claims have not been exhausted, the case is subject to dismissal. *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000).

It is indisputable that Sebastian County Detention Center has a grievance procedure for use when a detainee, such as Plaintiff, feels they have been subjected to an abridgement of their civil rights. *See Affidavit of Ed Smith, attached as Exhibit A.* In fact, the Plaintiff utilized that grievance procedure to submit complaints about other matters. Yet, after the events upon which this entire suit is based (including vague claims like "equal protection" and "civil conspiracy" claims), the Plaintiff was incarcerated for approximately from May 9, 2025 until June 2, 2025 (when he was transported to an Arizona Detention Center), yet failed to file a grievance during that time period. The Criminal Judge denied the Plaintiff access to the tablet from May 14, 2025, to May 22, 2025, but, outside of that time period, the Plaintiff had access to the tablet during his hour out and had the ability to file a grievance. *See Affidavit of Ed Smith.* The Plaintiff's claims are, therefore, barred as a matter of law for failing to exhaust administrative remedies.

## II. CONCLUSION

For the reasons set forth herein, the Defendant respectfully requests that Plaintiff's claims be dismissed.

Respectfully submitted,

SHERIFF HOBE RUNION; CHIEF DEPUTY JOHN MILLER; CPT. JOSH HELMERT; SGT. BRIAN MCGREW; SGT. TIMOTHY BOYD; and SGT. MIGUEL HERRERA, in their individual and official capacities, *Defendants*

Jason E. Owens
Ark. Bar. No. 2003003
JASON OWENS LAW FIRM, P.A.
Mailing Address: P.O. Box 850
Conway, Arkansas 72033-0850
Physical Address: 1160 Markham St., Ste. 2
Conway, Arkansas 72032
Telephone (501) 764-4334
Telefax (501) 764-9173
email: owens@jowenslawfirm.com