**IN THE UNITED STATES DISTRIC COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FORT SMITH DIVISION**

**JOHN ANTHONY COLE** **PLAINTIFF**

**vs.** **NO. 2:26-cv-02071-CDC**

**SHERIFF HOBE RUNION;**
**CHIEF DEPUTY JOHN MILLER;**
**CPT. JOSH HELMERT;**
**SGT. BRIAN MCGREW;**
**SGT. TIMOTHY BOYD;**
**and SGT. MIGUEL HERRERA** **DEFENDANTS**

**<u>28 U.S.C.A. § 1746 AFFIDAVIT</u>**

STATE OF ARKANSAS )
) ss:
COUNTY OF SEBASTIAN )

Comes now Sebastian County Director of Inmate Management, Ed Smith, and states, upon oath and on personal knowledge (except where indicated), the following:

1. That my name is Ed Smith, and I am the Director of Inmate Management at the Sebastian County Detention Center.

2. That I have personal knowledge of the facts and circumstances asserted in this Declaration and of the attached documents. Furthermore, the attached documents are business records of the Sebastian County Sheriff's Office kept in the ordinary, regular, and customary course of business for the Sheriff's Office. The attached documents are true and correct copies of the aforementioned business records.

3. That attached hereto as Exhibit 1 is a true and correct copy of the Plaintiff's jail file from his incarceration in 2025.

4. That attached hereto as Exhibit 2 is a true and correct copy of the SCSO Grievance policy that was in effect as of May 2025.

5. That the Plaintiff had access to the grievance kiosk and/or paper grievances from May

**Exhibit A**

9, 2025, to June 2, 2025 (outside of May 14, 2025, to May 22, 2025, when the Plaintiff was denied access to the tablet by the Criminal Judge) and failed to file any grievances during that time period regarding the claims in his Complaint.

**28 U.S.C.A. § 1746 Affidavit Oath**

I declare under penalty of perjury upon oath and on personal knowledge (except where indicated), under the laws of the United States of America, that the foregoing is true and correct.

Ed Smith

9/21/26

Date

# Booking Card

Cole, John Anthony

**Print Date/Time:** 05/30/2025 12:48
**Login ID:** sebco\rcooke

Sebastian County Sheriff's Office
**ORI Number:** AR0660000

*2025-00002470*

---

**Booking #:** 2025-00002470 **Booking Date/Time:** 04/07/2025 23:49

**Jacket #:** 66473 **Inmate #:**

**Address:** ARIZONA PRISON
AZ



| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Phone #:** | | **DOB:** | [redacted] | **Race:** | Black | | |
| **SSN:** | [redacted] | **Age:** | 48 | **Sex:** | Male | | |
| **Hair Color:** | Bald | **Eyes:** | Brown | **Height:** | 5ft 10 in | **Weight:** | 175.0 |

---

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Prisoner Type:** | interstate compac | **Incarceration Reason:** | Warrant | | | | |
| **Facility:** | Adult Det Center | **Pod/Block:** | BB | **Cell:** | BB06 | **Bed:** | 1 |

---

**Charge:**
State 90Z 5-4-501(b)(1) Habitual Offender**

| | | | | | |
|---|---|---|---|---|---|
| **Offense/Charge Date:** | 10/04/2022 00:00 | **Warrant Number:** | 2022-WCF-585600 | **Court Date/Time:** | |
| **Case Tracking ORI:** | FC | **Case Tracking #:** | 2025-00002470 | **Docket Number:** | |
| **Bond/Bail Set Type:** | Not Filing | **Bond/Bail Set Date:** | 04/09/2025 14:34 | **Bond/Bail Set Amt:** | $0.00/ |
| **Bond Posted By:** | | **Bond Post Date:** | 04/09/2025 14:34 | **Bond Post Amt:** | $0.00 |
| **Severest:** | No | | | | |

**Charge:**
State 520 5-73-103(c )(1)(B) Possession of Firearms By Certain Persons - New Crime-Felon in Possession*

| | | | | | |
|---|---|---|---|---|---|
| **Offense/Charge Date:** | 10/04/2022 00:00 | **Warrant Number:** | 2022-WCF-585600 | **Court Date/Time:** | |
| **Case Tracking ORI:** | FC | **Case Tracking #:** | 2025-00002470 | **Docket Number:** | |
| **Bond/Bail Set Type:** | ADC | **Bond/Bail Set Date:** | 05/30/2025 12:47 | **Bond/Bail Set Amt:** | $0.00/ |
| **Bond Posted By:** | | **Bond Post Date:** | | **Bond Post Amt:** | |
| **Severest:** | No | | | | |

**Charge:**
State 09A 5-10-102(a)(2) Murder in the First Degree - Purpose*

| | | | | | |
|---|---|---|---|---|---|
| **Offense/Charge Date:** | 10/04/2022 00:00 | **Warrant Number:** | 2022-WCF-585600 | **Court Date/Time:** | |
| **Case Tracking ORI:** | FC | **Case Tracking #:** | 2025-00002470 | **Docket Number:** | |
| **Bond/Bail Set Type:** | ADC | **Bond/Bail Set Date:** | 05/30/2025 12:47 | **Bond/Bail Set Amt:** | $0.00 - Inclusive/ |
| **Bond Posted By:** | | **Bond Post Date:** | | **Bond Post Amt:** | |
| **Severest:** | No | | | | |

**Charge:**
County CO FFJ - Out of State Fugitive from Justice Out of State*

| | | | | | |
|---|---|---|---|---|---|
| **Offense/Charge Date:** | 04/08/2025 00:28 | **Warrant Number:** | | **Court Date/Time:** | |
| **Case Tracking ORI:** | OTHERST | **Case Tracking #:** | 2025-00002470 | **Docket Number:** | |
| **Bond/Bail Set Type:** | NO BOND | **Bond/Bail Set Date:** | 04/08/2025 00:30 | **Bond/Bail Set Amt:** | $0.00/ |
| **Bond Posted By:** | | **Bond Post Date:** | | **Bond Post Amt:** | |
| **Severest:** | No | | | | |

**Exhibit 1**

# Booking Card

Cole, John Anthony

**Print Date/Time:** 05/30/2025 12:48
**Login ID:** sebco\rcooke

Sebastian County Sheriff's Office
**ORI Number:** AR0660000

*2025-00002470*

**Charge:**
State 13A 5-10-101(a)(3) & 5-3-201 (a)(1) Capital Murder-attempted*

| | | | | | |
|---|---|---|---|---|---|
| **Offense/Charge Date:** | 05/30/2025 00:00 | **Warrant Number:** | 2025-WCF-782409 | **Court Date/Time:** | |
| **Case Tracking ORI:** | FC | **Case Tracking #:** | 2025-00002470 | **Docket Number:** | |
| **Bond/Bail Set Type:** | ADC | **Bond/Bail Set Date:** | 05/30/2025 12:47 | **Bond/Bail Set Amt:** | $0.00/ |
| **Bond Posted By:** | | **Bond Post Date:** | | **Bond Post Amt:** | |
| **Severest:** | No | | | | |

**Charge:**
State 13A 5-10-101(a)(3) & 5-3-201 (a)(1) Capital Murder-attempted*

| | | | | | |
|---|---|---|---|---|---|
| **Offense/Charge Date:** | 05/30/2025 00:00 | **Warrant Number:** | 2025-WCF-782409 | **Court Date/Time:** | |
| **Case Tracking ORI:** | FC | **Case Tracking #:** | 2025-00002470 | **Docket Number:** | |
| **Bond/Bail Set Type:** | ADC | **Bond/Bail Set Date:** | 05/30/2025 12:47 | **Bond/Bail Set Amt:** | $0.00 - Inclusive/ |
| **Bond Posted By:** | | **Bond Post Date:** | | **Bond Post Amt:** | |
| **Severest:** | No | | | | |

**Charge:**
County 90Z 80110 ADC Commitment Hold

| | | | | | |
|---|---|---|---|---|---|
| **Offense/Charge Date:** | 05/30/2025 12:45 | **Warrant Number:** | | **Court Date/Time:** | |
| **Case Tracking ORI:** | ADC | **Case Tracking #:** | 2025-00002470 | **Docket Number:** | |
| **Bond/Bail Set Type:** | NO BOND | **Bond/Bail Set Date:** | 05/30/2025 12:46 | **Bond/Bail Set Amt:** | $0.00/ |
| **Bond Posted By:** | | **Bond Post Date:** | | **Bond Post Amt:** | |
| **Severest:** | No | | | | |

---

**Release Date/Time:**
**Release Reason:**
**Released To:**

**Released By:**
**Released to ORI:**
**Released to Additional Info:**

---

I will have opportunity to contact family or counsel.

Inmate Signature: ______________________

Booking Officer(s): # ______________________ # ______________________

Reviewed By: # ______________________

______________________

______________________
Date/Time

# Booking Card

Cole, John Anthony

**Print Date/Time:** 05/30/2025 08:43
**Login ID:** sebco\lscott

Sebastian County Sheriff's Office
**ORI Number:** AR0660000

*2025-00002470*

**Booking #:** 2025-00002470 **Booking Date/Time:** 04/07/2025 23:49
**Jacket #:** 66473 **Inmate #:**
**Address:** ARIZONA PRISON
AZ



**Phone #:**
**SSN:** [redacted]
**Hair Color:** Bald
**DOB:** [redacted]
**Age:** 48
**Eyes:** Brown
**Race:** Black
**Sex:** Male
**Height:** 5ft 10 in
**Weight:** 175.0

**Prisoner Type:** interstate compac **Incarceration Reason:** Warrant
**Facility:** Adult Det Center **Pod/Block:** BB **Cell:** BB06 **Bed:** .1

---

**Charge:**
State 90Z 5-4-501(b)(1) Habitual Offender**
**Offense/Charge Date:** 10/04/2022 00:00 **Warrant Number:** 2022-WCF-585600 **Court Date/Time:**
**Case Tracking ORI:** FC **Case Tracking #:** 2025-00002470 **Docket Number:**
**Bond/Bail Set Type:** Not Filing **Bond/Bail Set Date:** 04/09/2025 14:34 **Bond/Bail Set Amt:** $0.00/
**Bond Posted By:** **Bond Post Date:** 04/09/2025 14:34 **Bond Post Amt:** $0.00
**Severest:** No

**Charge:**
State 520 5-73-103(c )(1)(B) Possession of Firearms By Certain Persons - New Crime-Felon in Possession*
**Offense/Charge Date:** 10/04/2022 00:00 **Warrant Number:** 2022-WCF-585600 **Court Date/Time:** 07/11/2025 09:00 22-1066
**Case Tracking ORI:** FC **Case Tracking #:** 2025-00002470 **Docket Number:**
**Bond/Bail Set Type:** Cash **Bond/Bail Set Date:** 04/21/2025 10:26 **Bond/Bail Set Amt:** $500000.00/
**Bond Posted By:** **Bond Post Date:** **Bond Post Amt:**
**Severest:** No

**Charge:**
State 09A 5-10-102(a)(2) Murder in the First Degree - Purpose*
**Offense/Charge Date:** 10/04/2022 00:00 **Warrant Number:** 2022-WCF-585600 **Court Date/Time:** 07/11/2025 09:00 22-1066
**Case Tracking ORI:** FC **Case Tracking #:** 2025-00002470 **Docket Number:**
**Bond/Bail Set Type:** Cash **Bond/Bail Set Date:** 04/21/2025 10:26 **Bond/Bail Set Amt:** $500000.00 - Inclusive/
**Bond Posted By:** **Bond Post Date:** **Bond Post Amt:**
**Severest:** No

**Charge:**
County CO FFJ - Out of State Fugitive from Justice Out of State*
**Offense/Charge Date:** 04/08/2025 00:28 **Warrant Number:** **Court Date/Time:**
**Case Tracking ORI:** OTHERST **Case Tracking #:** 2025-00002470 **Docket Number:**
**Bond/Bail Set Type:** NO BOND **Bond/Bail Set Date:** 04/08/2025 00:30 **Bond/Bail Set Amt:** $0.00/
**Bond Posted By:** **Bond Post Date:** **Bond Post Amt:**
**Severest:** No

# Booking Card

Cole, John Anthony

**Print Date/Time:** 04/21/2025 10:27
**Login ID:** sebco\kstovall

Sebastian County Sheriff's Office
**ORI Number:** AR0660000

*2025-00002470*

**Booking #:** 2025-00002470 **Booking Date/Time:** 04/07/2025 23:49

**Jacket #:** 66473 **Inmate #:**

**Address:** ARIZONA PRISON
AZ



**Phone #:** **DOB:** [redacted] **Race:** Black
**SSN:** [redacted] **Age:** 48 **Sex:** Male
**Hair Color:** Bald **Eyes:** Brown **Height:** 5ft 10 in **Weight:** 175.0

**Prisoner Type:** interstate compac **Incarceration Reason:** Warrant
**Facility:** Adult Det Center **Pod/Block:** BB **Cell:** BB06 **Bed:** .1

**Charge:**
State 90Z 5-4-501(b)(1) Habitual Offender**

| | | | | | |
|---|---|---|---|---|---|
| **Offense/Charge Date:** | 10/04/2022 00:00 | **Warrant Number:** | 2022-WCF-585600 | **Court Date/Time:** | |
| **Case Tracking ORI:** | FC | **Case Tracking #:** | 2025-00002470 | **Docket Number:** | |
| **Bond/Bail Set Type:** | Not Filing | **Bond/Bail Set Date:** | 04/09/2025 14:34 | **Bond/Bail Set Amt:** | $0.00/ |
| **Bond Posted By:** | | **Bond Post Date:** | 04/09/2025 14:34 | **Bond Post Amt:** | $0.00 |
| **Severest:** | No | | | | |

**Charge:**
State 520 5-73-103(c )(1)(B) Possession of Firearms By Certain Persons - New Crime-Felon in Possession*

| | | | | | |
|---|---|---|---|---|---|
| **Offense/Charge Date:** | 10/04/2022 00:00 | **Warrant Number:** | 2022-WCF-585600 | **Court Date/Time:** | 07/11/2025 09:00 |
| **Case Tracking ORI:** | FC | **Case Tracking #:** | 2025-00002470 | **Docket Number:** | |
| **Bond/Bail Set Type:** | Cash | **Bond/Bail Set Date:** | 04/21/2025 10:26 | **Bond/Bail Set Amt:** | $500000.00/ |
| **Bond Posted By:** | | **Bond Post Date:** | | **Bond Post Amt:** | |
| **Severest:** | No | | | | |

**Charge:**
State 09A 5-10-102(a)(2) Murder in the First Degree - Purpose*

| | | | | | |
|---|---|---|---|---|---|
| **Offense/Charge Date:** | 10/04/2022 00:00 | **Warrant Number:** | 2022-WCF-585600 | **Court Date/Time:** | 07/11/2025 09:00 |
| **Case Tracking ORI:** | FC | **Case Tracking #:** | 2025-00002470 | **Docket Number:** | |
| **Bond/Bail Set Type:** | Cash | **Bond/Bail Set Date:** | 04/21/2025 10:26 | **Bond/Bail Set Amt:** | $500000.00 - Inclusive/ |
| **Bond Posted By:** | | **Bond Post Date:** | | **Bond Post Amt:** | |
| **Severest:** | No | | | | |

**Charge:**
County CO FFJ - Out of State Fugitive from Justice Out of State*

| | | | | | |
|---|---|---|---|---|---|
| **Offense/Charge Date:** | 04/08/2025 00:28 | **Warrant Number:** | | **Court Date/Time:** | |
| **Case Tracking ORI:** | OTHERST | **Case Tracking #:** | 2025-00002470 | **Docket Number:** | |
| **Bond/Bail Set Type:** | NO BOND | **Bond/Bail Set Date:** | 04/08/2025 00:30 | **Bond/Bail Set Amt:** | $0.00/ |
| **Bond Posted By:** | | **Bond Post Date:** | | **Bond Post Amt:** | |
| **Severest:** | No | | | | |

**Release Date/Time:** **Released By:**
**Release Reason:** **Released to ORI:**
**Released To:** **Released to Additional Info:**

I will have opportunity to contact family or counsel.

# Booking Card

Cole, John Anthony

**Print Date/Time:** 04/21/2025 10:27
**Login ID:** sebco\kstovall

Sebastian County Sheriff's Office
**ORI Number:** AR0660000

*2025-00002470*

Inmate Signature: ______________________

Booking Officer(s): # ______________________ # ______________________

Reviewed By: # ______________________

______________________

______________________
Date/Time

# Booking Card

Cole, John Anthony

**Print Date/Time:** 04/14/2025 11:41
**Login ID:** sebco\kstovall

Sebastian County Sheriff's Office
**ORI Number:** AR0660000

*2025-00002470*

| | | | | | |
|---|---|---|---|---|---|
| **Booking #:** | 2025-00002470 | **Booking Date/Time:** | 04/07/2025 23:49 | | |
| **Jacket #:** | 66473 | **Inmate #:** | | | |
| **Address:** | ARIZONA PRISON<br>AZ | | | | |
| **Phone #:** | | **DOB:** | [redacted] | **Race:** | Black |
| **SSN:** | [redacted] | **Age:** | [redacted] | **Sex:** | Male |
| **Hair Color:** | [redacted] | **Eyes:** | Brown | **Height:** | 5ft 10 in |



**Weight:** 175.0

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Prisoner Type:** | interstate compac | **Incarceration Reason:** | Warrant | | | | |
| **Facility:** | Adult Det Center | **Pod/Block:** | BB | **Cell:** | BB06 | **Bed:** | .1 |

**Charge:**
State 90Z 5-4-501(b)(1) Habitual Offender**

| | | | | | |
|---|---|---|---|---|---|
| **Offense/Charge Date:** | 10/04/2022 00:00 | **Warrant Number:** | 2022-WCF-585600 | **Court Date/Time:** | |
| **Case Tracking ORI:** | FC | **Case Tracking #:** | 2025-00002470 | **Docket Number:** | |
| **Bond/Bail Set Type:** | Not Filing | **Bond/Bail Set Date:** | 04/09/2025 14:34 | **Bond/Bail Set Amt:** | $0.00/ |
| **Bond Posted By:** | | **Bond Post Date:** | 04/09/2025 14:34 | **Bond Post Amt:** | $0.00 |
| **Severest:** | No | | | | |

**Charge:**
State 520 5-73-103(c )(1)(B) Possession of Firearms By Certain Persons - New Crime-Felon in Possession*

| | | | | | |
|---|---|---|---|---|---|
| **Offense/Charge Date:** | 10/04/2022 00:00 | **Warrant Number:** | 2022-WCF-585600 | **Court Date/Time:** | 07/11/2025 09:00 |
| **Case Tracking ORI:** | FC | **Case Tracking #:** | 2025-00002470 | **Docket Number:** | |
| **Bond/Bail Set Type:** | Cash | **Bond/Bail Set Date:** | 04/14/2025 11:40 | **Bond/Bail Set Amt:** | $500000.00/ |
| **Bond Posted By:** | | **Bond Post Date:** | | **Bond Post Amt:** | |
| **Severest:** | No | | | | |

22-1066

**Charge:**
State 09A 5-10-102(a)(2) Murder in the First Degree - Purpose*

| | | | | | |
|---|---|---|---|---|---|
| **Offense/Charge Date:** | 10/04/2022 00:00 | **Warrant Number:** | 2022-WCF-585600 | **Court Date/Time:** | 07/11/2025 09:00 |
| **Case Tracking ORI:** | FC | **Case Tracking #:** | 2025-00002470 | **Docket Number:** | |
| **Bond/Bail Set Type:** | Cash | **Bond/Bail Set Date:** | 04/14/2025 11:40 | **Bond/Bail Set Amt:** | $500000.00 - Inclusive/ |
| **Bond Posted By:** | | **Bond Post Date:** | | **Bond Post Amt:** | |
| **Severest:** | No | | | | |

22-1066

**Charge:**
County CO FFJ - Out of State Fugitive from Justice Out of State*

| | | | | | |
|---|---|---|---|---|---|
| **Offense/Charge Date:** | 04/08/2025 00:28 | **Warrant Number:** | | **Court Date/Time:** | |
| **Case Tracking ORI:** | OTHERST | **Case Tracking #:** | 2025-00002470 | **Docket Number:** | |
| **Bond/Bail Set Type:** | NO BOND | **Bond/Bail Set Date:** | 04/08/2025 00:30 | **Bond/Bail Set Amt:** | $0.00/ |
| **Bond Posted By:** | | **Bond Post Date:** | | **Bond Post Amt:** | |
| **Severest:** | No | | | | |

| | | | |
|---|---|---|---|
| **Release Date/Time:** | | **Released By:** | |
| **Release Reason:** | | **Released to ORI:** | |
| **Released To:** | | **Released to Additional Info:** | |

I will have opportunity to contact family or counsel.

# Booking Card

Cole, John Anthony

**Print Date/Time:** 04/09/2025 14:34
**Login ID:** sebco\kstovall

Sebastian County Sheriff's Office
**ORI Number:** AR0660000

*2025-00002470*

**Booking #:** 2025-00002470 **Booking Date/Time:** 04/07/2025 23:49

**Jacket #:** 66473 **Inmate #:**

**Address:** ARIZONA PRISON
AZ



**Phone #:** [redacted] **DOB:** [redacted] **Race:** Black
**SSN:** **Age:** [redacted] **Sex:** Male
**Hair Color:** Bald **Eyes:** Brown **Height:** 5ft 10 in **Weight:** 175.0

**Prisoner Type:** interstate compac **Incarceration Reason:** Warrant
**Facility:** Adult Det Center **Pod/Block:** BB **Cell:** BB06 **Bed:** .1

**Charge:**
State 90Z 5-4-501(b)(1) Habitual Offender**
**Offense/Charge Date:** 10/04/2022 00:00 **Warrant Number:** 2022-WCF-585600 **Court Date/Time:**
**Case Tracking ORI:** FC **Case Tracking #:** 2025-00002470 **Docket Number:**
**Bond/Bail Set Type:** Not Filing **Bond/Bail Set Date:** 04/09/2025 14:34 **Bond/Bail Set Amt:** $0.00/
**Bond Posted By:** **Bond Post Date:** 04/09/2025 14:34 **Bond Post Amt:** $0.00
**Severest:** No

**Charge:**
State 520 5-73-103(c )(1)(B) Possession of Firearms By Certain Persons - New Crime-Felon in Possession*
**Offense/Charge Date:** 10/04/2022 00:00 **Warrant Number:** 2022-WCF-585600 **Court Date/Time:** 09/08/2025 09:00 22-1066
**Case Tracking ORI:** FC **Case Tracking #:** 2025-00002470 **Docket Number:**
**Bond/Bail Set Type:** Cash **Bond/Bail Set Date:** 04/09/2025 14:33 **Bond/Bail Set Amt:** $500000.00/
**Bond Posted By:** **Bond Post Date:** **Bond Post Amt:**
**Severest:** No

**Charge:**
State 09A 5-10-102(a)(2) Murder in the First Degree - Purpose*
**Offense/Charge Date:** 10/04/2022 00:00 **Warrant Number:** 2022-WCF-585600 **Court Date/Time:** 09/08/2025 09:00 22-1066
**Case Tracking ORI:** FC **Case Tracking #:** 2025-00002470 **Docket Number:**
**Bond/Bail Set Type:** Cash **Bond/Bail Set Date:** 04/09/2025 14:33 **Bond/Bail Set Amt:** $500000.00 - Inclusive/
**Bond Posted By:** **Bond Post Date:** **Bond Post Amt:**
**Severest:** No

**Charge:**
County CO FFJ - Out of State Fugitive from Justice Out of State*
**Offense/Charge Date:** 04/08/2025 00:28 **Warrant Number:** **Court Date/Time:**
**Case Tracking ORI:** OTHERST **Case Tracking #:** 2025-00002470 **Docket Number:**
**Bond/Bail Set Type:** NO BOND **Bond/Bail Set Date:** 04/08/2025 00:30 **Bond/Bail Set Amt:** $0.00/
**Bond Posted By:** **Bond Post Date:** **Bond Post Amt:**
**Severest:** No

**Release Date/Time:** **Released By:**
**Release Reason:** **Released to ORI:**
**Released To:** **Released to Additional Info:**

I will have opportunity to contact family or counsel.

# Booking Card

COLE, JOHN ANTHONY

**Print Date/Time:** 04/08/2025 01:03
**Login ID:** sebco\sholmes

Sebastian County Sheriff's Office
**ORI Number:** AR0660000

*2025-00002470*

---

**Booking #:** 2025-00002470 **Booking Date/Time:** 04/07/2025 23:49

**Jacket #:** 66473 **Inmate #:**

**Address:** ARIZONA PRISON
AZ



**Phone #:** [redacted]
**SSN:** [redacted]
**Hair Color:** Bald

**DOB:** [redacted]
**Age:** 48
**Eyes:** Brown

**Race:** Black
**Sex:** Male
**Height:** 5ft 10 in

**Weight:** 175.0

---

**Prisoner Type:** Circuit **Incarceration Reason:** Warrant
**Facility:** Adult Det Center **Pod/Block:** BB **Cell:** BB06 **Bed:** .1

---

**Charge:**
State 90Z 5-4-501(b)(1) Habitual Offender**

**Offense/Charge Date:** 10/04/2022 00:00 **Warrant Number:** 2022-WCF-585600 **Court Date/Time:** 04/09/2025 09:00 NF
**Case Tracking ORI:** FC **Case Tracking #:** 2025-00002470 **Docket Number:**
**Bond/Bail Set Type:** Cash **Bond/Bail Set Date:** 04/07/2025 23:49 **Bond/Bail Set Amt:** $500000.00/
**Bond Posted By:** **Bond Post Date:** **Bond Post Amt:**
**Severest:** No

**Charge:**
State 520 5-73-103(c )(1)(B) Possession of Firearms By Certain Persons - New Crime-Felon in Possession*

**Offense/Charge Date:** 10/04/2022 00:00 **Warrant Number:** 2022-WCF-585600 **Court Date/Time:** 04/09/2025 09:00 22-1066
**Case Tracking ORI:** FC **Case Tracking #:** 2025-00002470 **Docket Number:**
**Bond/Bail Set Type:** Cash **Bond/Bail Set Date:** 04/07/2025 23:49 **Bond/Bail Set Amt:** $500000.00 - Inclusive/
**Bond Posted By:** **Bond Post Date:** **Bond Post Amt:**
**Severest:** No

**Charge:**
State 09A 5-10-102(a)(2) Murder in the First Degree - Purpose*

**Offense/Charge Date:** 10/04/2022 00:00 **Warrant Number:** 2022-WCF-585600 **Court Date/Time:** 04/09/2025 09:00 22-1066
**Case Tracking ORI:** FC **Case Tracking #:** 2025-00002470 **Docket Number:**
**Bond/Bail Set Type:** Cash **Bond/Bail Set Date:** 04/07/2025 23:49 **Bond/Bail Set Amt:** $500000.00 - Inclusive/
**Bond Posted By:** **Bond Post Date:** **Bond Post Amt:**
**Severest:** No

**Charge:**
County CO FFJ - Out of State Fugitive from Justice Out of State*

**Offense/Charge Date:** 04/08/2025 00:28 **Warrant Number:** **Court Date/Time:**
**Case Tracking ORI:** OTHERST **Case Tracking #:** 2025-00002470 **Docket Number:**
**Bond/Bail Set Type:** NO BOND **Bond/Bail Set Date:** 04/08/2025 00:30 **Bond/Bail Set Amt:** $0.00/
**Bond Posted By:** **Bond Post Date:** **Bond Post Amt:**
**Severest:** No

---

**Release Date/Time:** **Released By:**
**Release Reason:** **Released to ORI:**
**Released To:** **Released to Additional Info:**

---

I will have opportunity to contact family or counsel.

# SEBASTIAN COUNTY DETENTION CENTER INTAKE FORM

DATE: 4-7-25 ARREST TIME: 2340 INTAKE TIME: 2349

NAME: LAST Cole FIRST John FULL MIDDLE Anthony

HAIR EYES DOB [redacted] SSN [redacted]

ARREST LOCATION: 801 S A St City Fort Smith

COURT: FSM City GWD City State Circuit Chancery Barling Central City

COURT: ______ GWD arrest filed directly to FSM Circuit Court

OFFICER & ID # OFFICER & ID # OFFICER & ID #

| OFFENSE CODE | CHARGES | WARRANT/TICKET # | BOND AMOUNT |
|---|---|---|---|
| 5-10-102(c)(2) | Murder 1st Degree | 2022-WCF-585600 | 500,000 C/O |
| 5-73-103(c)(1)(B) | Poss Firearm by Certain Person | " " | " " |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

DNA REQUIRED: YES NO DNA COMPLETED YES NO

REMARKS: ACIC CHECK YES NO

DWI B.T. RESULTS: RIGHTS READ BY: TESTED BY:

## VEHICLE INFORMATION

Make Year Tag # State Color

VEHICLE TOWED YES NO TOWING AGENCY

## PROPERTY TAKEN

| | | | |
|---|---|---|---|
| CASH | SHOES -1 | WATCH | KEYS |
| WALLET | BELT | NECKLACE | KNIFE |
| PURSE | COAT | EARRINGS | LIGHTER |
| CHECKS | HAT | RINGS | CIGARETTES |
| GLASSES -1 | PAGER | BRACELET | CELL PHONE |

OTHER: Legal Paper work, clothing

INMATE SIGNATURE:

ARRESTING OFFICER SIGNATURE: [signature] 2142

INTAKE OFFICER SIGNATURE: M. Jones O-69

IN THE CIRCUIT COURT OF SEBASTIAN COUNTY, ARKANSAS
FORT SMITH DISTRICT
CRIMINAL DIVISION

# ARREST WARRANT

No. CR-2022-1066-V # 2022-WCF-585600

Sebastian Circuit Court, the State of Arkansas, to any Sheriff, Constable, or Policeman in this State:

YOU ARE COMMANDED forthwith to arrest

**John Anthony Cole, SSN: [redacted] White Male**
**DOB: [redacted] Height: 5' 10", Weight: 170, LKA: 10 Old Greenwood Lane Fort Smith, Ar 72903**
**ATTN: BRENT TOBIAS-ARRIOLA Fort Smith Police Department**

and bring him to the FORT SMITH District, Sebastian County Circuit Court to Answer said charges found in that Court against him, for the offense(s) of:

5-10-102(a)(2) ~ Murder in the First Degree - Purpose Class Y Felony
5-73-103(c )(1)(B) ~ Possession of Firearms By Certain Persons - New Crime Class B Felony
5-4-501(b)(1) ~ Habitual Offender
Offense Date: 10/02/2021

or if the Court be adjourned, that you deliver him to the Jailer of Sebastian County, by order of the Circuit Court.

The Defendant is to be admitted bail in the sum of Five Hundred Thousand Dollars ($500,000.00 Cash Only), and the same may be taken by the Sheriff of the County in which he was arrested, or by the Sheriff of Sebastian County.

Rachel | 12:20 am
SKolmes | 4/8/25

Given under my hand and seal of said court this 4th day of October, 2022

[signature]

Circuit Judge

SEBASTIAN COUNTY CIRCUIT COURT

---

I have this _____ day of _________ AD 20_______, duly served the above Warrant by arresting the said

_______________________________________________

SERVED BY:______________________ TITLE:______________________________

Arizona Department of Corrections
Rehabilitation and Reentry

**Intake/Transfer of Custody – Body Receipt**

| RECEIVED | HOURS | RELEASE | HOURS | ADCRR NUMBER | DATE *(mm/dd/yyyy)* |
|---|---|---|---|---|---|
| | | 04/07/2025 | 0595 | 371593 | 04/07/2025 |

| INMATE NAME *(Last, First M.I.) (Please print)* | RACE | DATE OF BIRTH *(mm/dd/yyyy)* |
|---|---|---|
| COLE, JOHN ANTHONY | BLACK | [redacted] |

| PLACE OF BIRTH | INSTITUTION/FACILITY | CUSTODY LEVEL | SOCIAL SECURITY NUMBER |
|---|---|---|---|
| LOS ANGELES, CA | ASPC-E A33 BROWNING | 5/5 | [redacted] |

| STATE IDENTIFICATION NUMBER *(SID #)* | FEDERAL BUREAU IDENTIFICATION NUMBER *(FBI #)* / FEDERAL UNIVERSAL CONTROL NUMBER *(UCN)* | DRIVER'S LICENSE NUMBER *(DL #)* |
|---|---|---|
| 27577326 | 254728WA1 | |

STATUS *(Check all that apply)*

☐ Escape Risk ☐ Protective Segregation ☐ STG ☒ Assaultive ☒ Mental Health

| SENTENCING DATE *(mm/dd/yyyy)* /CR NUMBER | NCIC CODE/ARIZONA REVISED STATUTE |
|---|---|
| | |
| RECEIVED BY *(Last, First M.I.) (Please print)*<br>Powell Jared / | TITLE<br>BLUE KNIGHT TRANSPORT FOR SEBASTION CTY ARKANSAS |
| RELEASTED TO *(Last, First M.I.) (Please print)* | REASON<br>COURT APPEARANCE |
| RELEASED BY *(Last, First M.I.) (Please print)*<br>[signature] | TITLE<br>FOR OIU MANAGER |

Distribution: Original – Master Record; Copy – Law Enforcement Agency; Copy Institution File; Copy – As needed

901-2
6/17/21

☐ Intake ☐ Transfer of Custody – Body Receipt

Arizona Department of Corrections
Rehabilitation and Reentry

**Intake/Transfer of Custody – Body Receipt**

| RECEIVED | HOURS | RELEASE | HOURS | ADCRR NUMBER | DATE *(mm/dd/yyyy)* |
|---|---|---|---|---|---|
| | | 04/07/2025 | 0545 | 371593 | 04/07/2025 |

| INMATE NAME *(Last, First M.I.) (Please print)* | RACE | DATE OF BIRTH *(mm/dd/yyyy)* |
|---|---|---|
| COLE, JOHN ANTHONY | BLACK | [redacted] |

| PLACE OF BIRTH | INSTITUTION/FACILITY | CUSTODY LEVEL | SOCIAL SECURITY NUMBER |
|---|---|---|---|
| LOS ANGELES, CA | ASPC-E A33 BROWNING | 5/5 | [redacted] |

| STATE IDENTIFICATION NUMBER *(SID #)* | FEDERAL BUREAU IDENTIFICATION NUMBER *(FBI #)* / FEDERAL UNIVERSAL CONTROL NUMBER *(UCN)* | DRIVER'S LICENSE NUMBER *(DL #)* |
|---|---|---|
| 27477326 | 254728WA1 | |

STATUS *(Check all that apply)*

☐ Escape Risk ☐ Protective Segregation ☐ STG ☒ Assaultive ☒ Mental Health

| SENTENCING DATE *(mm/dd/yyyy)* /CR NUMBER | NCIC CODE/ARIZONA REVISED STATUTE |
|---|---|
| | |
| RECEIVED BY *(Last, First M.I.) (Please print)*<br>Powell Jared | TITLE<br>BLUE KNIGHT TRANSPORT FOR SEBASTION CTY ARKANSAS |
| RELEASTED TO *(Last, First M.I.) (Please print)* | REASON<br>COURT APPEARANCE |
| RELEASED BY *(Last, First M.I.) (Please print)*<br>[signature] | TITLE<br>FOR OIU MANAGER |

Distribution: Original – Master Record; Copy – Law Enforcement Agency; Copy Institution File; Copy – As needed

901-2
6/17/21

☐ Intake ☐ Transfer of Custody – Body Receipt

# ARIZONA DEPARTMENT OF CORRECTIONS REHABILITATION & REENTRY

Arizona State Prison Complex-Eyman
Offender Information Unit

## MEMORANDUM

TO: See Distribution

FROM: Correctional Records Manager, ASPC-Eyman Complex OIU

DATE: APRIL 07, 2025

RE: Temporary Transfer of Custody

The below listed inmate(s) have been approved to be **TEMPORARILY TRANSFERRED** to the custody of the Blue Knight Security Transport for SEBASTION COUNTY AR SO for the purpose of a **COURT APPEARANCE.**

| INMATE ADC# | INMATE NAME | UNIT LOCATION |
|---|---|---|
| 371593 | COLE, JOHN ANTHONY. | A33 BROWNING |

BLUE KNIGHT SECURITY TRANSPORT FOR SEBASTION COUNTY AR is scheduled to arrive on MONDAY
Day of Week

APRIL 7, 2025 at approximately 0530 Hours to take custody of the inmate(s)
Date Time

Distribution: TRAFFIC CONTROL

**CONTINUITY OF CARE NEEDED**

**TO:** Warden/Superintendent

In accordance with the above representation and the provisions of the IAD, the persons listed above are hereby designated as Agents for the State of Arkansas to deliver John Anthony Cole #371593 (Inmate's Name & Number)

To Sebastian County (Jurisdiction), State of Arkansas for trial. At completion of the trial the above inmate shall be returned to ASPC-Eyman/Browning Unit, 4374 East Butte Avenue, P.O. Box 3500, Florence, AZ 85132 (Institution & Address).

Signature: Daisha Thompson
Agreement Administrator

Dated: 2-25-25

Agreement Administrator: Daisha Thompson

Address: 6814 Princeton Pike

City/State: Pine Bluff, AR 71602

Telephone: 870-267-6675

Rev. 3/03
Form VI

DEPARTMENT OF CORRECTIONS, REHABILITATION & REENTRY

TRAVEL ORDER NUMBER

# Inmate Movement Report

| REQUESTING STAFF *(Last, First M.I.) (Please print)* | INSTITUTION/FACILITY | UNIT |
|---|---|---|
| **OIU** | **ASPC EYMAN** | **BROWNING** |

REQUEST DATE *(mm/dd/yyyy) (must be 48 hours in advance of trip, except emergencies)*
**04/07/2025**

TRIP DATE *(mm/dd/yyyy)*
**04/07/2025**

PURPOSE
**COURT DEPARTURE**

SUPERVISION LEVEL
**MAX**

STAFF ESCORT
**EYMAN TRANSPORTATION**

SPECIAL INSTRUCTIONS

# TRAVEL WITH CAUTION

| ADCRR Number | Last Name | C & I Score | ADCRR Number | Last Name | C & I Score |
|---|---|---|---|---|---|
| **371593** | **COLE** | **5/5** | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

DESTINATION
**SEBASTIAN COUNTY COURT, ARKANSAS**

TRIP ROUTE
**MOST DIRECT**

| ESTIMATED DEPARTURE TIME | ESTIMATED RETURN TIME | ACTUAL DEPARTURE TIME | ACTUAL RETURN TIME |
|---|---|---|---|
| | | | |

RECEIVED BY *(Last, First M.I.) (Please print)*

TITLE

RELEASED TO *(Last, First M.I.) (Please print)*

TITLE

RELEASED BY *(Last, First M.I.) (Please print)*

TITLE

DEPUTY WARDEN/DESIGNEE SIGNATURE

DATE *(mm/dd/yyyy)*
**04/07/2025**

Distribution: Original – Sender
Copy– Sending Authority
Copy– Receiving Authority

705- 2
2/6/15

DEPARTMENT OF CORRECTIONS, REHABILITATION & REENTRY

TRAVEL ORDER NUMBER

## Inmate Movement Report

| REQUESTING STAFF *(Last, First M.I.) (Please print)* | INSTITUTION/FACILITY | UNIT |
|---|---|---|
| **OIU** | **ASPC EYMAN** | **BROWNING** |

| REQUEST DATE *(mm/dd/yyyy) (must be 48 hours in advance of trip, except emergencies)* | TRIP DATE *(mm/dd/yyyy)* |
|---|---|
| **04/07/2025** | **04/07/2025** |

PURPOSE

**COURT DEPARTURE**

| SUPERVISION LEVEL | STAFF ESCORT |
|---|---|
| **MAX** | **EYMAN TRANSPORTATION** |

SPECIAL INSTRUCTIONS

# TRAVEL WITH CAUTION

| ADCRR Number | Last Name | C & I Score | ADCRR Number | Last Name | C & I Score |
|---|---|---|---|---|---|
| 371593 | COLE | 5/5 | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

| DESTINATION | TRIP ROUTE |
|---|---|
| **SEBASTIAN COUNTY COURT, ARKANSAS** | **MOST DIRECT** |

| ESTIMATED DEPARTURE TIME | ESTIMATED RETURN TIME | ACTUAL DEPARTURE TIME | ACTUAL RETURN TIME |
|---|---|---|---|
| | | | |

| | |
|---|---|
| RECEIVED BY *(Last, First M.I.) (Please print)* | TITLE |
| RELEASED TO *(Last, First M.I.) (Please print)* | TITLE |
| RELEASED BY *(Last, First M.I.) (Please print)* | TITLE |
| DEPUTY WARDEN/DESIGNEE SIGNATURE | DATE *(mm/dd/yyyy)* 04/07/2025 |

Distribution: Original – Sender
Copy– Sending Authority
Copy– Receiving Authority

705- 2
2/6/15

# ARIZONA DEPARTMENT of CORRECTIONS

## INMATE ESCAPE BULLETIN

17 Jan 2025
10:44:09

**INMATE #:** 371593 **NAME:** COLE, JOHN ANTHONY

**ADMISSION DATE:** 10/22/2024

**ALIAS:** COLE, JOHN ANTHONY **DOB:** [redacted] **RACE:** Black

**HGT:** 70 **WGT:** 190 **EYES:** Brown **HAIR:** Unknov **COMPLEXION:**

**SCARS/MARKS/TATTOOS:** Tattoo: SHOULDER, RIGHT
RT SHOULDER
Tattoo: CHEST

**BUILD:** **SOC:** [redacted] **FBI:** **SID:**

**DRIVER'S LIC #:**

**ESCAPE DATE:** **TIME OF ESCAPE:** **PRISON:** EYMAN

**ESCAPE DETAILS:**







NAME Last Cole First John FULL MIDDLE Anthony

ADDRESS

CITY STATE ZIP CODE

PHONE # [redacted] DOB [redacted] AGE 48

SSN [redacted] DL# DL STATE

RACE Black SEX M HEIGHT 5'10 WEIGHT 187

EYE COLOR Brown HAIR COLOR YEARS OF SCHOOL 15

EMPLOYER OCCUPATION

EMERGENCY CONTACT INFO: NAME

ADDRESS CITY/STATE

PHONE # RELATIONSHIP

ANY ALIAS NAMES USED (MARRIED/MAIDEN)

HAVE YOU SERVED IN THE US MILITARY? Y___ N ✓ IF YES, WHAT BRANCH?

(OTHER CHARACTERISTICS)

CITY/STATE/COUNTRY OF BIRTH Los Angeles, CA

MILITARY SERVICE QUESTIONNAIRE

HAVE YOU SERVED IN THE US MILITARY?

ARE YOU ENROLLED IN VA HEALTHCARE?

DID YOU SERVE IN THE US MILITARY AFTER SEPT 7TH, 1981?

HAVE YOU EVER BEEN DEPLOYED TO A COMBAT ZONE?

DID YOU COMPLETE 24 MONTHS OF CONTINUOUS ACTIVE DUTY SERVICE?

IN THE CIRCUIT COURT OF SEBASTIAN COUNTY, ARKANSAS
FORT SMITH DISTRICT
CRIMINAL DIVISION

# ARREST WARRANT

# 2025-WCF-782409

No. 66FBW-25-67

Sebastian Circuit Court, the State of Arkansas, to any Sheriff, Constable, or Policeman in this State:

YOU ARE COMMANDED forthwith to arrest

**John Anthony Cole, SSN: [redacted], Black Male**
**DOB: [redacted] Height: 5' 10", Weight: 170, LKA:**
**ATTN: Darrell Miner Sebastian County Sheriff's Dept.**

and bring him to the FORT SMITH District, Sebastian County Circuit Court to Answer said charges found in that Court against him, for the offense(s) of:

5-10-101(a)(3) & 5-3-201(a)(1) ~ Attempted Capital Murder Class Y Felony
5-10-101(a)(3) & 5-3-201(a)(1) ~ Attempted Capital Murder Class Y Felony
Offense Date: 05/09/2025

or if the Court be adjourned, that you deliver him to the Jailer of Sebastian County, by order of the Circuit Court.

The Defendant is to be admitted bail in the sum of Five Hundred Thousand Dollars ($500,000.00 Legally Sufficient), and the same may be taken by the Sheriff of the County in which he was arrested, or by the Sheriff of Sebastian County.

Given under my hand and seal of said court this 30 day of May, 2025

CIRCUIT COURT SEBASTIAN COUNTY, AR

Circuit Judge

I have this _____ day of _________ AD 20_______, duly served the above Warrant by arresting the said

_______________________________________________

SERVED BY:______________________ TITLE:________________________________

Outlook

## ADD TO BOOKING

**From** Brent Stout <bstout@sebastiancountyar.gov>
**Date** Fri 5/30/2025 8:37 AM
**To** ADC Booking <ADCBooking@sebastiancountyar.gov>
**Cc** Sheriff Records <SheriffRecords@sebastiancountyar.gov>

JOHN ANTHONY COLE, DOB [redacted] ON 2025-WCF-782409

*B. Stout*
*Validations Clerk*
*Sebastian County Sheriff's Office*
*P: 479-783-1051 F:479-316-3471*

# PLEA STATEMENT
## Guilty or Nolo Contendere

You have the right to plead not guilty and to be tried before a jury with the burden on the State of proving your guilt beyond a reasonable doubt. At the trial you would have the right to be confronted by the witnesses against you and the right to testify or not testify. If you were found not guilty then you would be released on the charge for which you were tried. If the jury found you guilty then they would fix your punishment. The judge would sentence you and you would have a right to appeal your conviction to a higher court. Neither your attorney nor the court can determine when, or if, you will be paroled. Parole eligibility is determined by statute and is interpreted by the Arkansas Department of Correction.

On the other hand you have a right to plead guilty or nolo contendere to the judge. The meaning of a nolo contendere plea is that while you neither admit nor deny the charge(s), you do not contest the charge(s).

If you elect to plead guilty or nolo contendere the judge can accept the plea only if your answer is "yes" to each of the following questions:

1. Do you fully understand what you are charged with having done?
2. Do you understand the penalty the law provides?
3. Have you discussed your case fully with your attorney and are you satisfied with his services and advice?
4. Has your lawyer explained what a plea of guilty or nolo contendere means and do you fully understand what can happen if you enter this plea?
5. Are you entering your plea of guilty or nolo contendere on your own free will and accord without anyone causing you to do so on account of any promises or threats?
6. If you plead guilty or nolo contendere do you understand that your attorney and the prosecuting attorney have agreed to recommend that (you be sentenced to) (imposition of sentence be suspended for)

**(200 yrs in the Arkansas Department of Corrections (ADC) - 1st Deg Murder as hab 4+)(40 yrs ADC - FIPF as hab 4+ ) (100 years ADC - Attempted Capital Murder 2 counts) all Arkansas Cases concurrent with each other and concurrent with Arizona Sentences**

7. My lawyer and I have discussed the Arkansas Sentence Standards Grid, including:

| | | | | |
|---|---|---|---|---|
| SPECIFY OFFENSE: | #1 **Murder 1st** | #2 **FIPF** | #3 **Att Capital Murder** | #4 **Att Captial Murder** |
| SERIOUSNESS LEVEL OF OFFENSE | **10** | **5** | **9** | **9** |
| CRIMINAL HISTORY SCORE | **5** | **5** | **5** | **5** |
| PRESUMPTIVE SENTENCE | **40-70 yrs** | **7-15 yrs** | **40-60 yrs** | **40-60 yrs** |

Was there a departure from the grid? Yes **X** No ____ **Multiple cases plead at the same time and 3 strike life sentence habitual reduced to Habitual 4+ with range of 10 to life**

If so, the reasons were explained to me and I understand those reasons. Yes **X** No ____

Have you talked this over with your attorney and do you accept this as a fair and reasonable arrangement on your part?

Yes X No ____ **Self Represented**

I have read everything on this paper, including my attorney's certificate below. I understand what is being told me, what my rights are, and the questions that have been asked. My answer is "yes" to all questions. I know what I am doing and am voluntarily pleading guilty or nolo contendere.

FILED IN OPEN COURT
THIS MAY 3 0 2025 DAY OF ________, 20____
TIME ________ ____ M.
SUSIE HASSETT, CIRCUIT CLERK
SEBASTIAN COUNTY, ARKANSAS
[signature], D.C.

[signature]
DEFENDANT **/Self Represented**

### ATTORNEY'S CERTIFICATE

I have carefully gone over this paper with the accused. To the best of my judgment he/she understands all of it and, in particular, the meaning and effect of his/her plea of guilty or nolo contendere. Further, I have advised him/her that the information correctly states the charge(s) and that the judge will find him/her guilty as charged upon a plea of nolo contendere or guilty.

DATE 05/28/2025
DOCKET NO 66 FCR 22-1066
66 FCR-25-403 JfC

Teodoria Parsons [signature]
DEFENDANT'S ATTORNEY

# Release/transfer check sheet

Date/time of Verification: 6/3/25

Inmate Name: Cole, John Inmate D.O.B. [redacted]

SN NCIC Verified I/M has Warrants: Yes or No I/M has Holds: Yes or No US Marsh

SN Computer Verified City Warrants: Yes or No County: Yes or No

I Series down

SN All papers in File checked and matched court records in computer and **JUSTWARE** authorized release. Release/Transfer

SN Inmate is out of **Continue of Booking.**

**Remarks:** U.S. Marsh

DH Verified checks confirmed.

DH Inmate Fingerprint tracking # Se 6003907465

DH DNA done if required.

DH Identity verified by picture, questioning of SSN, Birthday, etc....., and armband is attached in file.

DH Bond Conditions are signed with a copy in File.

DH Property, Meds & Money verified and signed.

DH Bonds correct, copy in file and original dropped.

**Release Deputy Signature:** Duane Holmen

**Date/Time of Release:** 06/03/25 / 05:34

**How Released (List for each charge):**

Released to US Marshall dept

Printed Inmate Name: ______________ Date: ______________

TurnKey HEALTH

## Intake Medical Questions

Was medical treatment given upon arrest? YES or (NO)

Allergies to medication or food? YES or (NO)

If yes, what? ______________

Diabetes? YES or (NO)

If yes, are you insulin dependent? YES or (NO)

Seizures? YES or (NO)

If yes, when was the last one?

______________

Heart Problems? YES or (NO)

If yes, what problems? ______________

Suicidal/(Homicidal)? (YES) or NO

Do you take any medication? (YES) or NO

Are you Pregnant? YES or (NO)

If yes, how many months are you? ______________

Asthma? (YES) or NO

Hepatitis or Liver Problems? YES or (NO)

HIV or STDs? YES or (NO)

Mental Health Issues? YES or (NO)

If yes, what conditions? ______________

Have you ever been positive for TB? YES or (NO)

If yes, where were you treated? ______________

Staph Infection? YES or (NO)

Are you under the influence of alcohol or any controlled substance? YES or (NO)

If brought with you, have they been placed in the medical box? YES or (NO)

Any Chance in Detox occurring? YES or (NO)

Any additional medical information/concerns/questions you need to let anyone know? YES or NO

If yes, what are they? Oh a Kosher Diet

______________

# SEBASTIAN COUNTY DETENTION CENTER
# TURN KEY MEDICAL QUESTIONNAIRE

**PREA SCREENING GUIDE**

INMATE NAME:

DATE: TIME:

Sex DOB Most Serious Charge

| **OBSERVATIONS** | **YES** | **NO** | **GENERAL COMMENTS** |
|---|---|---|---|
| Is there a mental or physical disability that would make the detainee vulnerable to abuse? | | ✓ | |
| Does age or appearance of age make detainee more vulnerable to abuse? | | ✓ | |
| Does detainee have a slight build that would make vulnerable to abuse? | | ✓ | |
| Does detainee have prior convictions of violent offenses? | ✓ | | |
| Does Detainee have prior convictions of committing sexual assault? | | ✓ | |
| Is sexual orientation gay or bisexual? | | ✓ | |
| Is gender nonconforming? | | ✓ | |
| Has detainee been sexually victimized in past? | | ✓ | |
| Does detainee perceive self to be vulnerable? | | ✓ | |
| FEMALE OBSERVATION | | | |
| Victim of sexual abuse in past? | | | |
| Does detainee have prior acts of sexual abuse? | | | |

| | | |
|---|---|---|
| **TOTAL NUMBER OF YES ANSWERS:** | | If total # of YES is 6 or more or any gray boxes are checked notify Supervisor |

**INMATE SIGNATURE:**

**DEPUTY SIGNATURE:** K-Zal D47

**DATE:** 4/8/25 **TIME:** 00:53

**BOOKING DEPUTY PLEASE TAKE THE TIME TO REVIEW THE INMATE'S ANSWERS**

# SEBASTIAN COUNTY DETENTION CENTER
# TURN KEY MEDICAL QUESTIONNAIRE

**INMATE NAME:** ______________________________

Your assistance in answering the following questions is essential in making custody decisions about your safety while at this facility. Your answers will be treated confidentially. Your safety here is of utmost importance to us so please answer truthfully.

| | NO | YES |
|---|---|---|
| HAVE YOU EVER BEEN CHARGED WITH A SEX CRIME? | ✓ | |
| DO YOU HAVE A SNITCH JACKET? | ✓ | |
| HAVE YOU EVER BEEN CHARGED WITH ESCAPE FROM JAIL OR PRISON? | ✓ | |
| ARE YOU AFRAID OR HAVE RESERVATIONS ABOUT BEING PLACED IN GENERAL POPULATION WITH OTHER INMATES? IF YES PLEASE EXPLAIN. | ✓ | |

EXPLANTION: ______________________________

______________________________

**APPEARANCE:** IS THE SUBJECT GROOMED OR DISHEVELED?

**ATTITUDE:** IS THE SUBJECT PLEASANT, AGITATED OR SHY?

**DEMEANOR:** IS THE SUBJECT BRIGHT, SAD OR WITHDRAWN?

**MENTAL STABILITY:** IS THE SUBJECT NORMAL, M.I. OR APPEARS INTOXICATED?

**INMATE SIGNATURE:** ______________________________

**DEPUTY SIGNATURE:** ______________________________

**DATE:** ____________ **TIME:** ____________

**BOOKING DEPUTY PLEASE TAKE THE TIME TO REVIEW THE INMATE'S ANSWERS**

**Josh Helmert**

**From:** John D. Miller
**Sent:** Thursday, March 27, 2025 7:41 AM
**To:** LaVersa Morris; Josh Helmert; Kim Taulbee
**Subject:** Fw: Fw: John Anthony Cole #371593
**Attachments:** 371593 Cole Sebastian Co Continuity of Care CR-2022-1066-V.pdf

Captain John D. Miller
Sebastian County Sheriff's Office
Jail Administrator
479-783-4988 ext., 2764

---

**From:** Mary Palacios <mespinoz@azadc.gov>
**Sent:** Wednesday, March 26, 2025 5:21 PM
**To:** John D. Miller <jdmiller@sebastiancountyar.gov>
**Cc:** Mary Palacios <mespinoz@azadc.gov>; SANDRA TEMPLE <stemple@azadc.gov>
**Subject:** Re: Fw: John Anthony Cole #371593

**CAUTION:** This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hello John,

Here is the security Information for the transport team re: inmate Cole. I have also attached the medical continuity of care. Please let me know if you need anything further. Thank you

Custody Level - 5/5 Maximum Custody
Medical Score - 1 No significant medical issues
Mental Health Score - 3B Outpatient Stable with Regular Mental Health Contact and RX
Gang Affiliations - None noted
Disciplinary History - 1 Minor Violations for Resisting or Disobeying a Verbal or Written Order 01/29/25; 2 Major Violations - Assault on Staff-Throwing 01/16/25, Fighting 02/06/25 .
Current Arizona Conviction - Murder 2nd Degree - 25 yrs; Aggravated Assault - 15 yrs; Abandon/Conceal Dead Body - 6 yrs
No Escape History

# Booking Card

COLE, JOHN ANTHONY

Print Date/Time: 04/08/2025 12:39
Login ID: sebco\abower

Sebastian County Sheriff's Office
ORI Number: AR0660000
*2025-00002470*

Booking #: 2025-00002470
Booking Date/Time: 04/07/2025 23:49
Jacket #: 66473
Inmate #:
Address: ARIZONA PRISON
AZ



Phone #: [redacted]
SSN:
Hair Color: Bald
DOB: [redacted]
Age: 48
Eyes: Brown
Race: Black
Sex: Male
Height: 5ft 10 in
Weight: 175.0

Prisoner Type: Circuit
Facility: Adult Det Center
Incarceration Reason: Warrant
Pod/Block: BB
Cell: BB06
Bed: .1

Charge:
State 90Z 5-4-501(b)(1) Habitual Offender**
Offense/Charge Date: 10/04/2022 00:00
Case Tracking ORI: FC
Bond/Bail Set Type: Cash
Bond Posted By:
Severest: No
Warrant Number: 2022-WCF-585600
Case Tracking #: 2025-00002470
Bond/Bail Set Date: 04/07/2025 23:49
Bond Post Date:
Court Date/Time: 04/09/2025 09:00
Docket Number:
Bond/Bail Set Amt: $500000.00/
Bond Post Amt:

Charge:
State 520 5-73-103(c )(1)(B) Possession of Firearms By Certain Persons - New Crime-Felon in Possession*
Offense/Charge Date: 10/04/2022 00:00
Case Tracking ORI: FC
Bond/Bail Set Type: Cash
Bond Posted By:
Severest: No
Warrant Number: 2022-WCF-585600
Case Tracking #: 2025-00002470
Bond/Bail Set Date: 04/07/2025 23:49
Bond Post Date:
Court Date/Time: 04/09/2025 09:00
Docket Number:
Bond/Bail Set Amt: $500000.00 - Inclusive/
Bond Post Amt:

Charge:
State 09A 5-10-102(a)(2) Murder in the First Degree - Purpose*
Offense/Charge Date: 10/04/2022 00:00
Case Tracking ORI: FC
Bond/Bail Set Type: Cash
Bond Posted By:
Severest: No
Warrant Number: 2022-WCF-585600
Case Tracking #: 2025-00002470
Bond/Bail Set Date: 04/07/2025 23:49
Bond Post Date:
Court Date/Time: 04/09/2025 09:00
Docket Number:
Bond/Bail Set Amt: $500000.00 - Inclusive/
Bond Post Amt:

Charge:
County CO FFJ - Out of State Fugitive from Justice Out of State*
Offense/Charge Date: 04/08/2025 00:28
Case Tracking ORI: OTHERST
Bond/Bail Set Type: NO BOND
Bond Posted By:
Severest: No
Warrant Number:
Case Tracking #: 2025-00002470
Bond/Bail Set Date: 04/08/2025 00:30
Bond Post Date:
Court Date/Time:
Docket Number:
Bond/Bail Set Amt: $0.00/
Bond Post Amt:

Release Date/Time:
Release Reason:
Released To:
Released By:
Released to ORI:
Released to Additional Info:

I will have opportunity to contact family or counsel.

CR2022136118-001

**Present Offense**

The following information was summarized from the Phoenix Police Departmental Report #202201412559:

On September 19, 2022, police were called in reference to a missing person. Tanajah Miller reported to police that she is in a relationship with [redacted] Smith, and they have a one-month-old child. On September 16, 2022, she dropped him off at his apartment. On September 17, 2022, he sent her a text that his cousin [redacted] Owens, had gotten him into some trouble and that he had been kidnapped. He shared his location as being in Chandler near Interstate 10 and was on the freeway headed towards Tucson. She had also contacted his roommates, but they have not heard from him. There has been no further contact with him.

On September 18, 2022, at approximately 8:47 A.M., she messaged [redacted] Owens on social media asking about [redacted] Smith. He replied a few hours later that he had not seen him and then shared several screen shots with her. One of the screen shots was a number for "Tony," later identified as John Cole, and another was an address in Tucson. On September 19, 2022, at approximately 6:49 A.M., she text message the defendant about Mr. Smith's whereabouts. He called her and was angry and stated that he did not know where Mr. Smith was and that he had been crying when he got out of his vehicle. Ms. Miller had also contacted Mr. Smith's sister, [redacted] Berry, and she had also received similar text messages. Mr. Smith and his cousin live together with another roommate, [redacted] Hutson. She had also been informed that Mr. Owens owed something to somebody but does not know what it may have been. He was also supposed to be with Mr. Smith, and she fears Mr. Smith is dead because of what Mr. Owens may be involved in.

The police contacted [redacted] Berry, and she told them that she heard third hand that her brother, [redacted] Smith, might have been kidnapped by the defendant in retaliation for the defendant being robbed by [redacted] Owens.

The police also contacted [redacted] Smith's mother, [redacted] Smith. She told police that she had heard that [redacted] Owens was involved in some "bad stuff" with bad people. Mr. Owens had gone to Tucson a few days prior and came back to Phoenix on September 16, 2022, where he packed up all of his things and moved out. Later that day, the defendant went to the apartment and took Mr. Smith. She did not witness anything, and all the information was third hand.

The police contacted the roommate, [redacted] Hutson, and he told them that on September 16, 2022, he received a call from the defendant advising he had [redacted] Smith and was going to kill him if [redacted]wens did not pay him his money. He would later receive a text message from Mr. Smith that he had been kidnapped and w… dant and Mr. Smith were acquaintances, and he woul…

Page 1 / 3

Through further investigation, the screen shot address was the residence of the defendant in Tucson and that he was also known as Tony Cole. Cellphone records of the victim and the defendant showed they were together in Phoenix and then traveled to Tucson.

On September 20, 2022, the defendant was located driving his vehicle, and he was taken into custody. Inside his vehicle was his two-year-old daughter. His wife, [redacted] Bell, also showed up and took custody of their child. The vehicle she was driving was registered in the defendant's name. A search of this vehicle revealed a disassembled handgun, ammo, industrial rubber gloves, two rolls of clear packaging tape, and plastic face shield with plastic bag for head strap. A search of the defendant's vehicle revealed a large roll of plastic wrap, a box wrapped in plastic wrap that contained the victim's head, and the victim's two hands each wrapped in a plastic bag.

The police interviewed [redacted] Bell, and she told them she had no knowledge about someone being missing or injured.

The defendant's residence in Tucson was also searched, and various items of evidentiary value were found including the presence of blood.

On September 21, 2022, the defendant was placed in an interview room and was upset that a detective had not talked to him yet and that his handcuffs were tight. He also kicked the wall causing some damage. He refused to cooperate with obtaining his DNA or blood and that he would assault someone in jail if he did not get his way. He wanted to go to jail and threatened to assault one of the detectives. He also threatened to kill an officer at the jail. The defendant then stated he was "super sick in a different way," and he had been tortured and spent numerous years locked down at the Super Maximum Prison in Florence, Colorado. His wife was also a battered woman and a hostage. He did not "kidnap that kid." He has anger issues due to the time he spent incarcerated. He then told police if they returned his wife's vehicle to her, he would give them the victim's head and hands, which were in the trunk of his vehicle. He also told police the victim's body had been dumped somewhere in Tucson. He then told police he had contacted the victim in Phoenix, and they drove to Tucson together. The victim did not get out of his vehicle because he was using cocaine and cried because his friends weren't answering his phone calls. The defendant stated that the victim's friend had "threw him away." The victim also had access to his cellphone and was texting and making phone calls. He was trying to "hustle" his friends for money and had text them that he had been kidnapped. They were looking for someone, but he would not elaborate. He pulled off the freeway in order to use urinate. While urinating, the victim attacked him. He was able to place the victim in a submission hold and eventually strangled him to death. He also hit him in the head with rocks and whatever else was on the ground. The defendant indicated that there should be trauma to the victim's head. The defendant did not believe killing [redacted] Smith was "super serious," as he did not premeditate the murder, did not rob him, and did not kidnap him. Instead, he claimed he was the victim in this offense. He then stated, "for the record," the victim did not deserve to be killed, but he "earned what he got." The defendant told police that digging a grave is too hard, so he disposed of the body the best way he knew how. The head and hands were removed to make identification harder. After killing the victim, he transported the body to his residence in Tucson. Between September 16, 2022, and September 18, 2022, he purchased cleaning supplies, masking materials, and other supplies in order to dismember the victim by using a chain saw. Afterwards, he drove to a desert area and dumped the body. He placed the victim's head and hands in bags and into a Tupperware container and placed them in his trunk. He also told police that he considered himself to be dangerous.

The defendant agreed to take police to the body. First, they stopped in an area just off of the freeway. It was here that he got out of the vehicle to urinate by some trees. He then took the detectives to the location of the body, which was near a housing development. The torso of [redacted]

Smith was recovered, and his hands and head had been severed. His right leg had also been severed from his body beneath the knee. The severed leg was located in a black garbage bag. He did not have any clothing on. Prior to being transported back to Phoenix, he told one of the detectives that he has killed a lot of people.

The police would later interview [redacted] Owens while in jail. He told police he was unaware that anything was wrong, and he did not know that [redacted] Smith was missing until he was just told by police. He also denied owing anyone money or stole any money. He also denied knowing the defendant when shown a photo of him. Mr. Owens did not wish to answer any more questions. The police had also told him that they found a dismembered body in the desert believed to Mr. Smith. Mr. Owens did not believe this because he did not think Mr. Smith would let anyone take him out to the desert.

An autopsy of [redacted] Smith was conducted on September 23, 2022, but the manner of death would be pended.

EYMAN
4374 EAST BUTTE AVE
FLORENCE, AZ 85132

RELEASE SUMMARY form - completed by Helen Kline Assistant Facility Health Administrator (NAPHCARE) on 3/21/2025 8:11:31 AM



| | | | |
|---|---|---|---|
| Patient Name: COLE, JOHN ANTHONY | Patient Number: 371593 (371593) | [redacted] | Race: B |
| Location: A33-WG2E-009B EYMAN - BROWNING (WING 2) | Booking Date: 10/22/2024 7:41 AM USMST | Release Date: 11/08/2052 12:00 AM USMST | Sex: M |
| Status: ACTIVE | Language: English | SSN: N/A | MH Score: MH-3B |
| SMI Status | Medical Score: MED-1 | Primary Practitioner: Pamela Olmstead, Nurse Practitioner | Primary Therapist: Mercedes Shingler, Non NaphCare Psych Associate VHS |
| | Primary Care Team: None | Primary Therapist Team: None | |

## VITAL SIGNS

BP /
Temp
Pulse
Resp.
SAO2
BS
Pain
Height 5 Ft 10 In
Weight
BMI
MAP
Visual Acuity
Patient Refused Vitals
Patient Refused Visual Acuity

Add Vital Sign

| Type | Last Update Date Time | Blood Pressure Systolic | Blood Pressure Diastolic | Temperature | Pulse | Respirations | Height Feet | Height Inches | Weight | Weight Ounces | Oxygen Saturation | Pain | Body Mass Index | Mean Arterial Pressure | LastUpdateUserID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Vital Signs | 3/19/2025 7:21:21 AM | 160 | 88 | 97.7 | 65 | 16 | 5 | 10 | 182 | 0 | 100 | 0 | 26.1 | 112 | Jimenez, Irma Certified Nursing Assistant-WB |
| Vital Signs | 3/4/2025 7:14:41 PM | 132 | 77 | 98 | 88 | 16 | 5 | 10 | 180 | 0 | 98 | 0 | 25.8 | 95.33 | Garcia, Veronica Registered Nurse |
| Vital Signs | 3/1/2025 6:28:58 PM | 136 | 78 | 97.6 | 91 | 16 | 5 | 10 | NA | NA | 98 | 5 | NA | 97.33 | McHugh, Tyler Temporary RN |
| Vital Signs | 2/28/2025 10:08:12 AM | NA | NA | NA | NA | NA | 5 | 10 | NA | NA | NA | NA | NA | NA | Olmstead, Pamela Nurse Practitioner |
| Vital Signs | 2/28/2025 10:04:41 AM | 136 | 84 | 97.3 | 82 | 16 | 5 | 10 | 179 | 0 | 98 | 4 | 25.7 | 101.33 | Savage, Crystal Temporary RN |
| Vital Signs | 2/26/2025 12:43:59 PM | 139 | 86 | 98 | 87 | 16 | 5 | 10 | 179 | 0 | 99 | 0 | 25.7 | 103.67 | DePaz, Brianna Certified Medical Assistant |
| Vital Signs | 2/22/2025 12:17:33 PM | 160 | 96 | 98.2 | 59 | 17 | 5 | 10 | NA | NA | 100 | NA | NA | 117.33 | Mapefu, Sybella Non-Naphcare RN |
| Vital Signs | 2/22/2025 9:11:24 AM | 144 | 82 | 97.9 | 95 | 18 | 5 | 10 | NA | NA | 100 | 0 | NA | 102.67 | Fulks, Lauren Temporary RN |
| Vital Signs | 1/28/2025 8:54:58 PM | 204 | 79 | 97.8 | 78 | 16 | 5 | 10 | NA | NA | 96 | 0 | NA | 120.67 | Pate, Andrea Registered Nurse - WB |
| Vital Signs | 1/27/2025 9:32:18 PM | 140 | 90 | 99 | 96 | 16 | 5 | 10 | NA | NA | 97 | 0 | NA | 106.67 | McHugh, Tyler Temporary RN |

| Type | Last Update Date Time | Blood Pressure Systolic | Blood Pressure Diastolic | Temperature | Pulse | Respirations | Height Feet | Height Inches | Weight | Weight Ounces | Oxygen Saturation | Pain | Body Mass Index | Mean Arterial Pressure | LastUpdateUserID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Vital Signs | 1/24/2025 2:02:42 PM | 149 | 83 | 97.6 | 57 | 16 | 5 | 10 | 176 | 0 | 98 | NA | 25.3 | 105 | Rasmussen, Melissa Dental Hygienist |
| Vital Signs | 1/22/2025 9:51:41 AM | 130 | 89 | 98.2 | 68 | 16 | 5 | 10 | 175 | 7 | 97 | 0 | 25.2 | 102.67 | Jimenez, Irma Certified Nursing Assistant-WB |
| Vital Signs | 11/11/2024 4:37:08 PM | 131 | 94 | 98.2 | 62 | 16 | 5 | 10 | 184 | 0 | 98 | 0 | 26.4 | 106.33 | Hendrix, Tahlonienicole Temporary RN |
| Vital Signs | 10/25/2024 3:32:48 PM | 121 | 85 | 98.1 | 68 | 16 | 5 | 10 | 185 | 0 | 98 | 0 | 26.5 | 97 | Valdez, Bridget Registered Nurse |
| Vital Signs | 10/22/2024 12:32:53 PM | 135 | 78 | 98.2 | 76 | 16 | 5 | 10 | 183 | 0 | 99 | 0 | 26.3 | 97 | Oceguera, Jennifer Registered Nurse |
| Vital Signs | 10/22/2024 9:11:27 AM | NA | NA | NA | NA | NA | 5 | 10 | NA | NA | NA | NA | NA | NA | jmsController |

☑ Filter By Date Start: 10/22/202 Stop: 3/21/2025

☐ Create Patient Referral ☐ Edit Data Before Printing

Reason for Visit:

Transferring Facility:

Choose a facility...

Active Problem List

☐ Show Complete History

| Name | DateIdentified | DiagnosedOn |
|---|---|---|
| DGN10 F41.1 Generalized anxiety disorder | 2/13/2025 5:41:00 AM | |
| DGN10 L20.9 Atopic dermatitis unspecified | 1/22/2025 10:06:00 AM | |
| MH-3B | 1/13/2025 3:15:00 PM | |
| MED-1 | 10/22/2024 1:05:16 PM | 10/22/2024 1:05:16 PM |
| Glasses | 10/22/2024 12:38:00 PM | 10/22/2024 12:38:00 PM |
| Adjustment disorders | 10/22/2024 10:48:34 AM | |
| Adjustment disorder unspecified | 10/22/2024 10:28:23 AM | 10/22/2024 10:28:23 AM |

Active Allergies:

☐ Show Complete History

| Name | ReactionsVerbose |
|---|---|
| No Known Drug Allergy | |

Active Medications:

☐ Show Complete History

| Drug | Prescriber | CompleteSig | Sig | Stamp | Start | Stop |
|---|---|---|---|---|---|---|

| Drug | Prescriber | CompleteSig | Sig | Stamp | Start | Stop |
|---|---|---|---|---|---|---|
| Diclofenac Sodium External | Ortiz, Adolfo NP | Apply 1 % twice a day for 30 day(s). Dispense 60 gel. 0 Refill(s). *apply to areas of pain. PRN pain KOP Medical Medication | BID | 3/19/2025 8:12:47 AM | 3/19/2025 12:00:00 AM | 4/17/2025 11:59:00 PM |
| Diclofenac Sodium External | Ortiz, Adolfo NP | Apply 1 % twice a day for 30 day(s). Dispense 60 gel. 0 Refill(s) KOP Medical Medication | BID | 3/19/2025 7:40:10 AM | 3/19/2025 9:00:00 AM | 4/17/2025 11:59:00 PM |
| busPIRone HCl Oral | Marshall, Ava Psych Nurse Practitioner | Take 15 mg by mouth twice a day for 90 day(s). Dispense 180 tablet. 0 Refill(s). *Anxiety. DOT Psych Medication | BID | 2/14/2025 4:52:05 PM | 2/14/2025 9:00:00 AM | 5/14/2025 11:59:00 PM |
| Triamcinolone Acetonide External | Olmstead, Pamela Nurse Practitioner | Apply 0.1 % twice a day for 180 day(s). Dispense 360 ointment. 0 Refill(s) PRN eczema flare up KOP Medical Medication | BID | 1/22/2025 10:02:51 AM | 1/22/2025 12:00:00 AM | 7/20/2025 11:59:00 PM |

Most Current Medications and Treatments Administered:

Show Complete History

| Directions | Name | Type | Stamp | Status | ReasonNote |
|---|---|---|---|---|---|
| Take 15 mg by mouth twice a day for 90 day(s). | busPIRone HCl Oral | Drug Order | 3/20/2025 9:00:00 PM | Administered | |
| Apply 0.1 % twice a day for 180 day(s). | Triamcinolone Acetonide External | Drug Order | 2/5/2025 12:12:44 AM | Delivered KOP | |
| twice a day | VITAL SIGNS | Treatment | 1/28/2025 9:00:00 PM | Administered | |

Diagnostic Results and Scheduled Diagnostics:

Show Complete History

| SequenceID | ValueName | Value | Unit | Low | High | Flag | ObservationDate | Length |
|---|---|---|---|---|---|---|---|---|
| | HAND MINIMUM 3 VIEWS-LT, Duplicate order | PENDING | | | | | 3/4/2025 12:00:00 AM | 26 |
| | HAND MINIMUM 3 VIEWS-RT, C/O PAIN AFTER USE OF FORCE BY CUSTODY | PENDING | | | | | 3/1/2025 12:00:00 AM | 26 |
| | RIBS BI-LAT MIN 3V, c/o pain use of force by custody | PENDING | | | | | 3/1/2025 12:00:00 AM | 26 |
| | WRIST APandLAT-RT, c/o pain use of force by custody | PENDING | | | | | 3/1/2025 12:00:00 AM | 26 |
| | WRIST COMPLETE MIN 3V-LT, use of force by custody c/o pain | PENDING | | | | | 3/1/2025 12:00:00 AM | 26 |

Pending Referrals:

Show Complete History

| BillingServiceDates | Status | AppointmentDate | Specialty | Reason | DateOfBirth | PatientID | AdmissionDate | DaysInHospital |
|---|---|---|---|---|---|---|---|---|
| | Site Provider Pending | | Physical Therapy | Pain decreased ROM of left 5th finger Evaluation and treatment | [redacted] | 371593 | | |

Immunizations Given:

Show Complete History

| Vaccine | DateGiven | AdministerUnits | AdditionalInformation | ImmunizationRefused | Reason |
|---|---|---|---|---|---|

| Vaccine | DateGiven | AdministerUnits | AdditionalInformation | ImmunizationRefused | Reason |
|---|---|---|---|---|---|
| Influenza, split virus, trivalent, injectable, contains preservative | 12/4/2024 12:00:00 AM | 999 | | ☑ | Patient decision |

Care Plan:

Procedures:

| Name | IsChronic | Stamp | Start | Stop |
|---|---|---|---|---|

Future Appointments:

☐ Show Complete History

| ActualDate | Status | Type | Reason |
|---|---|---|---|
| 3/21/2025 | SCHEDULED | AA/Medical Records | Paper HNR: Pursuant to Department Order 1.104 (Inmate medical records) 2.0 Inmate request to review their medical record I request the health service department to allow access to review my medical records specifically areas concerning ICS review (*01/03/25; 02/22/25; 02;28/25)and all notes/reports from HNR and scheduled visits. |
| 4/9/2025 | SCHEDULED | Psychiatric Provider | Follow Up per Psychiatric Progress Note-refused last encounter |
| 3/29/2025 | SCHEDULED | Psych Associate | Per Mental Health Progress Note |
| 10/17/2025 | SCHEDULED | Treatment Plan Review | Next Review Scheduled Per Mental Health Treatment Plan |
| 10/17/2025 | SCHEDULED | Psych Associate | Per Mental Health Assessment Annual Mental Health Assessment Due |
| 3/26/2025 | SCHEDULED | Medical Provider | ***ON-SITE ONLY*** Persistent pain and decreased ROM of left 5th finger and bilateral chest wall after assault. |

Social History:

| Name | IsChronic | Stamp | Start | Stop |
|---|---|---|---|---|

Functional Assessment:

Follow-up Care Needed:

Dietary Restrictions:

Date of Last Physical:

10/25/2024

Date and Result Last PPD:

10/22/2024-NEGATIVE (0 MM) - TB confirm

**Date and Result Last Chest X-Ray:**

No Chest X-Ray

**Date of Last Dental:**

1/24/2025

**Notes:**

**Patient Education**

Abrasion
Acne
Asthma
Athletes Foot
Back Pain
Blisters
Boils
Burns

**Patient Education (Print)**

Close Form



DEPARTMENT OF CORRECTIONS, REHABILITATION & REENTRY

**Mary A. Palacios**
**Correctional Records Supervisor I**
**Arizona State Prison**
**Eyman Complex OIU**
**4374 E. Butte Avenue**
**Florence, AZ 85132**
**Phone: (520) 868-0201 ext. 82095**
**Fax: (520)868-5713**
Email: mespinoz@azadc.gov
Website: corrections.az.gov

This email contains information that is intended only for the person(s) to whom it is addressed. If you

received this communication in error, please do not retain it or distribute it and notify the sender immediately.

John Anthony Cole 2 pictures
#371593 AZ DOC
ASPC-Eyman/Browning Unit
0700 4-8-2025
4374 East Butte Ave
Florence 85132
Marty 82095 [redacted]
Sandy 82096
Margaret 82055

Green Tree in Florence 240 W. Hwy 287

Transport Car Helmet - Young
Security - SWAT 4 Bazur [redacted]

Comms Zone TC-channel 8 = 8TAC91D

Route - See Map

Leave @ 12:00 on the 7th

Drop PIN on the hour

Maricopa County

REDACTED COPY

FT. SMITH ... 2022 OCT -4 A 9:46 Stephanie Clark

# AFFIDAVIT FOR WARRANT OF ARREST

## IN THE CIRCUIT COURT OF SEBASTIAN COUNTY, ARKANSAS
## FORT SMITH DISTRICT
## CRIMINAL DIVISION

STATE OF ARKANSAS
Upper Township
Sebastian County

I, BRENT TOBIAS-ARRIOLA
FORT SMITH POLICE DEPARTMENT
100 SOUTH 10TH STREET
FORT SMITH, ARKANSAS 72901
(479) 709-5000

do solemnly swear that **JOHN ANTHONY COLE** (DOB: . SSN: B/M; Height: 5'10"; Weight: 170 lbs.; DLN: 901968297), did, in said County of Sebastian, on or about October 2, 2021, commit the offenses of **COUNT I: Murder in the First Degree - Purpose,** a Class "Y" Felony, in violation of A.C.A. §5-10-102(a)(2) in that he unlawfully and feloniously, with the purpose of causing the death of Jeremiah Hawthorne, he caused the death of Jeremiah Hawthorne, **COUNT II: Possession of Firearms By Certain Persons - New Crime,** a Class "B" Felony, in violation of A.C.A. §5-73-103(c )(1)(B) in that he unlawfully and feloniously possessed or owned any firearm after having been previously convicted of a felony, and the current possession of a firearm involves the commission of another crime, and **COUNT III: Habitual Offender,** in violation of A.C.A. §5-4-501(b)(1) in that he unlawfully, having previously been convicted of four (4) or more felonies or who has been found guilty of four (4) or more felonies, is subject to an extended term of imprisonment, committed as follows:

Additional Facts on Case:

On October 2, 2021, at approximately 10:26 a.m., the FSPD was called out regarding a deceased person sitting in a vehicle at 1313 Jackson Street in Fort Smith. When they arrived, officers found the body of [redacted] Hawthorne in the driver's seat of a gray colored Chevrolet pickup. He had been shot multiple times, and was deceased. On September 21, 2022, I received a telephone call from the Defendant's wife, and she advised me that the Defendant was being interviewed by police in Phoenix, Arizona, regarding the murder of [redacted] Smith. In the course of our subsequent investigation of the murder of [redacted] Hawthorne, I heard rumors on the street that John Anthony Cole had either committed the murder or had knowledge of the murder of [redacted] Hawthorne. My colleague and I traveled to Phoenix to interview the Defendant, and after being Mirandized, he admitted to having shot [redacted] Hawthorne multiple times as he sat in the Chevrolet pickup at the location where we found him. He advised that the reason he shot [redacted] Hawthorne was that he knew that Hawthorne had pending drug charges in Sebastian County, and he was afraid that Hawthorne might inform the police about his (Cole's) drug-dealing activities in order to try to get a lesser prison sentence on

his own charges. In addition, the FSPD had obtained video of the Hawthorne murder from a neighboring business. The Defendant described how the truck had been parked, and also described the exact route that he took while fleeing by foot after committing the murder. This route was exactly what the video showed, and the Defendant could not have known the exact route taken were he not the murderer. The Defendant has at least four prior felony convictions.

For the aforementioned reasons, Affiant prays for a warrant from a Judge of the Sebastian County Circuit Court to apprehend and bring the said person before the said Court to be dealt with according to law.

4830
Brent Tobias-Arriola, Affiant

Sworn and subscribed before me this 4th day of October, 2022.

Linda C. Ward, Chief Deputy Prosecuting Attorney

I have reviewed these facts and find that probable cause exists for the issuance of an arrest warrant.

Circuit Judge

Bond Recommendation: $500,000 CASH ONLY

CIRCUIT COURT SEBASTIAN COUNTY, AR

Warrant issued. IN SCADC

CRIMINAL INFORMATION
IN THE CIRCUIT COURT OF SEBASTIAN COUNTY, ARKANSAS
FORT SMITH DISTRICT, CRIMINAL DIVISION

FILED
FT. SMITH DIST.
2025 APR -8 AM 9:00
CIR. CLERK SEB. CO.

State of Arkansas

Case No.CR-2022- 1066

Vs

Filing Date: V

JOHN ANTHONY COLE

| Amended Information? If Yes: Adding Offense(s)? Dropping Offense(s)? Changing Offense(s)? D Charged As Habitual? Is victim under the age of 14? | No | Multiple D's Charged Together<br>Co-D's: | Multiple D's Charged Separately<br>Related Case #'s: |
|---|---|---|---|

| Defendant's Full Name | Date of Birth | Race | Sex | SID # | Arrest Date |
|---|---|---|---|---|---|
| JOHN ANTHONY COLE | [redacted] | White | Male | | 4/7/2025 |

| Address (Street, City, State, Zip) | SS# | Driver's License No. |
|---|---|---|
| 10 OLD GREENWOOD LANE | [redacted] | - |
| FORT SMITH | Arrest Tracking # | Booking # |
| AR 72903 | SEB003907465 | 2025-00002470 |

Alias:

I, Daniel Shue, Prosecuting/Deputy Prosecuting Attorney, 12th Judicial District, in the name of the State of Arkansas, Sebastian County, accuse the above named defendant of the following crime(s):

| Code # | Offense | Offense Date | Counts | F/M | Class |
|---|---|---|---|---|---|
| 5-10-102(a)(2) | Murder in the First Degree - Purpose | 10/02/2021 | 1 | F | Class Y |
| 5-73-103(c)(1)(B) | Possession of Firearms By Certain Persons - New Crime | 10/02/2021 | 1 | F | Class B |
| 5-4-501(b)(1) | Habitual Offender | 10/02/2021 | 1 | | |

Committed as follows: Count # 1 Offense Murder in the First Degree - Purpose

The defendant on or about the 2nd day of October, 2021 (date), in Sebastian County, Arkansas did unlawfully and feloniously

with purpose of causing the death of Jeremiah Hawthorne, he caused the death of Jeremiah Hawthorne

Against the peace and dignity of the State of Arkansas.

Committed as follows: Count # 2 Offense Possession of Firearms By Certain Persons - New Crime

The defendant on or about the 2nd day of October, 2021 (date), in Sebastian County, Arkansas did unlawfully and feloniously

possess or own any firearm after having been previously convicted of a felony, and the current possession of a firearm in volves the commission of another crime

Against the peace and dignity of the State of Arkansas.

Committed as follows: Count # 3 Offense Habitual Offender

The defendant on or about the 2nd day of October, 2021 (date), in Sebastian County, Arkansas did unlawfully

having previously been convicted of four (4) or more felonies or who has been found guilty of four (4) or more felonies, is subject to an extended term of imprisonment

Against the peace and dignity of the State of Arkansas.

Entered this 4th day of October, 2022

By Linda C Ward

Linda C. Ward , Deputy Prosecuting Attorney

**Josh Helmert**

**From:** Josh Helmert
**Sent:** Tuesday, April 29, 2025 12:39 PM
**To:** Aaron Beshears; Patrick Flake; Christina Scherrey; Scott Houston; Houston Garner; Susie Hassett; Raquel Smith
**Cc:** ADC Admin; ADC Deputy Supervisors; John D. Miller
**Subject:** John Cole Mail

Due to John Cole's mail being put in the wrong place, his incoming and outgoing mail will be picked up between 4:00 p.m. and 6:00 p.m. and delivered to Lieutenant Brandon McCaslin. Lieutenant McCaslin will deliver Cole his mail and take the outgoing to the Prosecutor's Office or the Circuit Clerk depending on where it needs to be sent. Letters for the Public Defender's Office will be kept in Lieutenant McCaslin's office and Mr. Beshears may pick it up there. Thank you.

**Captain Josh Helmert**
**Sebastian County Sheriff's Office**
**Adult Detention Center**
**801 South A Street**
**Fort Smith, AR 72901**
**(479) 783-4988 ext. 2764**

ELECTRONICALLY FILED
Sebastian County Circuit Court - Fort Smith District
Susie R. Hassett, Circuit Clerk
2025-May-09 10:14:13
66FCR-22-1066
C12D05 : 6 Pages

**IN THE CIRCUIT COURT OF SEBASTIAN COUNTY, ARKANSAS**
**FORT SMITH DISTRICT**
**CRIMINAL DIVISION**

**STATE OF ARKANSAS** **PLAINTIFF**

**VS.** **66FCR-22-1066**

**JOHN ANTHONY COLE** **DEFENDANT**

**ORDER**

The Court having conducting an Omnibus hearing on May 6th, 2025, concerning the Defendant's Motion to Dismiss, Defendant's Motion to be Moved to Another Facility, Defendant's Motion to Compel, Defendant's Motion to Remove the Sebastian County Public Defender as Advisory Counsel, Defendant's Motion for Additional Assistance Regarding Access to Legal Resources, and the Public Defender's Motion to be Removed as Advisory Counsel, and after considering the pleadings filed herein, hearing statements of counsel, including those of the pro se Defendant, and reviewing the evidence presented at the hearing, including witness testimony, the Court hereby makes the following findings:

1. The Defendant's Motion to Dismiss raises three points as his basis for arguing that the charges against him should be dismissed. First, he alleges the State's case against him should be dismissed because the State did not extradite him to Arkansas by November 19, 2024, according to the time limit set in the Governor's warrant. Second, he claims he has not been brought to trial in a timely manner pursuant to the Interstate Agreement on Detainers Act found at A.C.A. §16-94-101. Finally, he contends he should be set at liberty because the State has failed to meet the requirements of Rule 28.1 of the Arkansas Rules of Criminal Procedure regarding speedy trials. The Court finds that all of the grounds for dismissal raised by the Defendant are without merit.

The State correctly points out in its Response to the Defendant's Motion to Dismiss that Arizona law mirrors Arkansas law as it pertains to what happens in the event a State fails to extradite an accused by the expiration date specified in the warrant. Both states provide remedial measures such as releasing the accused on bond, recommitting the accused for a later date, or releasing the accused outright. However, there is no provision in Arizona or Arkansas law that provides that the accused is immune to prosecution if the extraditing state does not meet the deadline set in the Governor's warrant. There is simply no basis in the law that supports the Defendant's position on this point.

The Defendant's argument regarding the State's failure to comply with the Interstate Agreement on Detainers is equally unfounded. Article V (c) requires the dismissal of all outstanding charges pending against an accused if he or she has not been brought to trial within the time provided in Article III of the IAD. Article III provides that any detainee upon which an information or complaint has been lodged "shall be brought to trial within one hundred eighty (180) days after he or she shall have caused *to be delivered* to the prosecuting officer's jurisdiction written notice of the place of his or her imprisonment and his or her request for a final disposition". [emphasis added] The Arkansas Supreme Court has ruled in *State v. Higginbotham*, 2020 Ark. 415, that delivery occurs only when the prosecuting agency actually receives the accused's request. The Defendant argues the 180 days referenced in Article III of the IAD began to run on the date he entered his plea in Arizona. However, that is not the case. Instead, the 180 deadline began to run on February 10, 2025, which was the date the State received the Defendant's request for final disposition via a letter from the Arizona Governor's Office and Director of the Arizona Department of Corrections. That means the State has until August 9, 2025, to bring this matter to trial.

The Defendant's speedy trial argument misses the mark as well. Ark. R. Crim. P. 28.1 provides the State has twelve months to bring the accused to trial. The time begins to run once the accused has been arrested or served with a summons. See Ark. R. Crim. P. 28.2. In this case, the Defendant was arrested and booked into the Sebastian County Detention Center on April 7, 2025. Therefore, the deadline for a speedy trial is April 7, 2026. However, that deadline is superseded by the 180 day deadline set forth by the IAD. Nevertheless, there is no basis to dismiss this case based on Rule 28.1 of the Arkansas Rules of Criminal Procedure.

Therefore, the Defendant's Motion to Dismiss should be, and is hereby **DENIED.**

2. The Defendant's Motion to Remove the Public Defender as Advisory Counsel is based on his assertion that the Public Defender's office lacks the time and resources to adequately provide the counsel and services he needs to adequately defend himself against the charges he is facing. The Court finds his assertion lacks merit. First, Aaron Beshears, investigator for the Public Defender, testified he has met with the Defendant on multiple occasions and corresponded with him via email as well. Second, Lt. McCaslin testified that the Defendant now has unlimited use of FASTCASE, which is an internet law library, which gives the Defendant access to case law, statutes, and court rules from every jurisdiction in the country.

However, the Public Defender has filed its own motion raising ethical concerns about its ability to continue to advise the Defendant based on disclosures or statements made to the Public Defender, which are protected by attorney/client privilege. The Court took testimony from the Public Defender in camera to determine the general nature of the concerns being raised. Based on the Public Defender's assurance that the information divulged by the Defendant created an ethical dilemma for the office, the Court has determined that it should be relieved as advisory counsel in this matter.

Therefore, the motions of the Defendant and Public Defender for the appointment of new advisory counsel should be, and are hereby **GRANTED.**

By separate Order, the Court had directed the Public Defender Commission to appoint a conflicts attorney as new advisory counsel, as well as work with the Defendant in explaining how to request funding for any experts that may be necessary to prepare a defense. The Court on its own volition has sent a letter to the Defendant, which includes forms from the Public Defender Commission, which must be filled out and completed to request such funding.

3. The Defendant filed a letters dated April 11th and 29th, 2025 with the Sebastian County Circuit Clerk requesting access to various legal resources including: Arkansas Rules of Criminal Procedure; Arkansas Rules of Civil Procedure; Arkansas Rules of Appellate Procedure; Arkansas Rules of the Supreme Court (found in Arkansas Rules of Appellate Procedure); Arkansas Rules of Evidence; Local Court rules for Sebastian County; Arkansas Code; Arkansas Constitution; and Arkansas Statutes and Court Rules Index. The Court finds that the Defendant has unlimited access to a Law Library via the FASTCASE application, which is installed on a tablet provided to the Defendant by Sebastian County Detention Center. It appears from the exhibits introduced at the hearing that the Defendant has already availed himself of 17 hours of legal research. Because the evidence shows the Defendant has sufficient means to prepare for his defense no intervention is required by the Court.

4. The Defendant raises three issues in regard to his Motion to Compel. First, he wants the State to pare down its witness list from potential witnesses to actual witnesses; second, he wants to preclude the State from adding additional witnesses at a later time; and third, he would like a criminal background check on all lay witnesses. The Court explained in open court that the State is

allowed to call any individual that is listed as a potential witness on their Response to Discovery, but is not required to call all of them. In addition, it was explained that the State can add to their list of potential witnesses under its ongoing duty to respond to discovery, however, the Court may in its discretion exclude witnesses that are untimely.

In regard to the criminal history of potential lay witnesses, the State is directed to do an NCIC check on all its lay witnesses, and if it finds any felony convictions or impeachable misdemeanor offenses that exist for any lay witness it intends to call at the trial of this matter, the State shall notify the Defendant of the existence of such felony or misdemeanor conviction(s) as part of its ongoing duty under the rules of discovery.

5. The Court finds no basis for the Defendant to be moved to another facility. Therefore, the Defendant's request to be transferred to a different detention facility should be, and is hereby **DENIED**.

6. The Court hereby finds the Defendant in contempt of court due to making a threatening remark toward Lt. Brandon McCaslin, after he left the witness stand, and was passing by the Defendant, who was seated at counsel table. In sanction of such conduct, the Court hereby orders the Sebastian County Adult Detention Center to restrict the Defendant's tablet usage solely to the FASTCASE application, and email correspondence for a period of thirty (30) days from the date of this order. That means he shall not be allowed to use or access any "entertainment" applications during this time.

This matter remains scheduled for jury trial in first position on Monday, July 14, 2025. The plea deadline is June 25, 2025. Additionally, there will be a pretrial status hearing on Friday, July

11, 2025, at 9:00 a.m. The purpose of this hearing will be to deal with any pending motions or subjects that need to be addressed prior to the trial commencing on July 14, 2025. The Court may address any new matters brought before it prior to Friday, July 11, 2025, if necessary.

IT IS SO ORDERED this 9th day of May 2025.

HONORABLE R. GUNNER DELAY
CIRCUIT JUDGE DIVISION V

I Know Cole from outside Jail
he is a animal and all C.O.'s need
to be aware of his connections
to the outside world and he has
the power to have his people
Show up at any ones house at
any time or work place all
Should watch there 6

Letter
received
5/10/25
BB pod

# INPUT/OUTPUT RECORD

**NAME:** John Cole **ID#:** ________ **DATE:** 5-9-25 **FACILITY:** BBSeg

| DAY SHIFT | EVENING SHIFT | NIGHT SHIFT |
|---|---|---|
| ORAL INTAKE | ORAL INTAKE | ORAL INTAKE |
| **Fluid amount:** | **Fluid amount:** | **Fluid amount:** Refused dinner [signature] 2053 |
| **Total:** ______ | **Total:** ______ | **Total:** ______ |
| **IV input:** | **IV input:** | **IV input:** |
| **Food amounts:** | **Food amounts:** | **Food amounts:** |
| **Emesis/Vomiting:** | **Emesis/Vomiting:** | **Emesis/Vomiting:** |
| **Urine Output:** | **Urine Output:** | **Urine Output:** |
| **Total:** ______ | **Total:** ______ | **Total:** ______ |
| **Bowel Movements:** | **Bowel Movements:** | **Bowel Movements:** |
| **Staff Signature/Time:** | **Staff Signature/Time:** | **Staff Signature/Time:** |

# INPUT/OUTPUT RECORD

NAME: John Cole ID#:__________ DATE: 5-10-25 FACILITY: BBSeg

| DAY SHIFT | EVENING SHIFT | NIGHT SHIFT |
|---|---|---|
| ORAL INTAKE | ORAL INTAKE | ORAL INTAKE |
| **Fluid amount:** | **Fluid amount:** | **Fluid amount:** |
| **Total:** ______ | **Total:** ______ | **Total:** ______ |
| **IV input:** | **IV input:** | **IV input:** |
| **Food amounts:** Food Tray Given + 1 milk | **Food amounts:** | **Food amounts:** |
| **Emesis/Vomiting:** | **Emesis/Vomiting:** | **Emesis/Vomiting:** |
| **Urine Output:** | **Urine Output:** | **Urine Output:** |
| **Total:** ______ | **Total:** ______ | **Total:** ______ |
| **Bowel Movements:** | **Bowel Movements:** | **Bowel Movements:** |
| **Staff Signature/Time:** | **Staff Signature/Time:** | **Staff Signature/Time:** |

# Sebastian County Sheriff's Office

## Summary

**Print Date/Time:** 06/05/2025 15:51
**Login ID:** cmcconnell
**Case Number:** 2025-00008657

**ORI Number:** Sebastian County Sheriff's Office AR0660000

### Case

**Case Number:** 2025-00008657
**Location:** 801 S A ST
Fort Smith, AR 72901
**Reporting Officer ID:** 1033 - Curry

**Incident Type:** Battery ( Felony )
**Occurred From:** 05/09/2025 02:55
**Occurred Thru:** 05/09/2025 02:55
**Disposition:**
**Disposition Date:**
**Reported Date:** 05/09/2025 16:03 Friday

### Offenses

| No. | Group/ORI | Crime Code | Statute | Description | Counts |
|---|---|---|---|---|---|
| 1 | State | 13A | 5-13-201(a)(3) & (c)(3) | Battery in the First Degree - Serious Injury Officer* | 2 |

### Subjects

| Type | No. | Name | Address | Phone | Race | Sex | DOB/Age |
|---|---|---|---|---|---|---|---|
| Suspect | 1 | Cole, John Anthony | ARIZONA PRISON AZ | [redacted] | Black | Male | [redacted] |
| Victim | 1 | Mar, Jacob | 800 S A ST Fort Smith, AR | | White | Male | |
| Victim | 2 | McCaslin, Brandon | 800 SOUTH A STREET Fort Smith, AR 72901 | | White | Male | |

### Arrests

| Arrest No. | Name | Address | Date/Time | Type | Age |
|---|---|---|---|---|---|

### Property

| Date | Code | Type | Make | Model | Description | Tag No. | Item No. |
|---|---|---|---|---|---|---|---|
| 05/09/2025 | Evidence (Non-IBR) | Knife/Edged Weapon | | | E-1 Sharpened Metal Rod<br>E-2 Cloth with blood on it | 28829 | 1 |

**Chain of Custody**

| Date | Transaction | From | From Role | To | To Role |
|---|---|---|---|---|---|
| 05/12/2025 16:23 | **Type:** Intake | 1033-Todd Curry | Deputy | 913744912-Ashley Grizzle | Property Officer |
| | **Code:** Initial Intake | | | | |
| | **Tag Number:** | 28829 | | | |
| | **Remarks:** | | | | |

### Vehicles

| No. | Role | Vehicle Type | Year | Make | Model | Color | License Plate | State |
|---|---|---|---|---|---|---|---|---|

**Routing:**

## Supplement

On 5/30/25 Sgt. Woodrome and I served inmate John Anthony Cole with two active warrant's for attempted capital murder. I gave inmate Cole a copy of the warrants after explaining them.

## BB5 Entrance



**BB Seg Overall**



**BB Seg Shower**



**BB Seg Overall 2**



**Blood overall**



**Blood Close up**



**Blood Overall 2**



## Mop Bucket Metal Rods





Metal Rod Close up

**Rod Nut**



**Bucket with missing rod**



## Photos of Stab Wounds

**Lt. Brandon McCaslin/Deputy Jacob Mar Wounds**
**Sebastian County Detention Center**
**2025-8657**
**05/09/2025**
**Picture taken: Sergeant Bobby Woodrome**

/
**The weapon that was used in the stabbing of Lt. McCaslin and Deputy Mar.**
/
**Deputy Mar: This is an image of the stab wound to the left side of Deputy Mar's neck.**
/
**Deputy Mar: An image of three stab wounds to the left side of the back and shoulder of Deputy Mar.**
/
**Deputy Mar: Overall view of four stab wounds on the left shoulder, left side of the back, and left side of the neck of Deputy Mar.**
/
**Lt. McCaslin: Stab wound on the right shin of Lt. McCaslin.**
/
**Lt. McCaslin: Three stab wounds to the left upper arm of Lt. McCaslin.**
/
**Lt. McCaslin: Stab wound to the left side of the back of Lt. McCaslin.**

## Curry

**5-9-25 I Sgt. Curry was notified that two deputies were stabbed at the Sebastian County Detention Center. Upon arrival I was informed that the two deputies involved where Lieutenant Brandon McCaslin and Deputy Jacob Mar. Both were transported to Mercy Hospital for treatment. I walked into the room where the assault took place and observed an inmate identified as John Anthony Cole, laying handcuffed on the floor. I observed blood on the floor throughout the cell. There was a large sharpened object on the floor. The object was a straight piece of metal rod that had been sharpened to a point. It was wrapped with white cloth that appeared to be a make shift handle. There was also what appeared to be blood on it. There was a piece of orange cloth that was tied in a loop hanging from the rear of the handle. This object was collected for evidence and will be sent to Arkansas State Crime Lab for processing. Both deputies are unable to provided a statement at this time due to being admitted to the hospital for their injuries. I will obtain statements from Lieutenant McCaslin and Deputy Mar when they are in a condition to do so.**

**I was provided with a video recording of this incident. In the video you observe Deputy Mar standing near the open cell door of inmate John Anthony Cole. Inmate Cole exits his cell and attacks Deputy Mar with the sharpened object. At this time Lieutenant McCaslin runs around a table in the center of the room and attempts to assist Deputy Mar. Inmate Cole then turns and begins stabbing at Lieutenant McCaslin. Lieutenant McCaslin gains distance from inmate Cole by moving backwards, while trying to block multiple stabs. Deputy Mar re-enters the fight and it appears he is stabbed several times. Deputy Mar pushes inmate Cole back against the wall. Lieutenant McCaslin then assist Deputy Mar and attempts to gain control of Inmate Cole. Several more deputies enter the cell and Inmate Cole is subdued.**

**During this altercation Inmate John Anthony Cole is seen clearly stabbing Deputy Jacob Mar and Lieutenant Brandon McCaslin. He is the only inmate housed in this room. The other cell in the room was unoccupied at the time of this incident. Deputy Mar had several puncture wounds to his back and neck. Lieutenant McCaslin had several puncture wounds to his left arm, back and leg. Pictures of these injuries are attached to the report. This report will be taken to the prosecutors office on Monday 5-11-25. I will seek two 1st Degree Battery on Law Enforcement Officer with Serious Injury warrants for John Anthony Cole.**

**Evidence was packaged and placed into intake locker 7. Nothing further to report at this time.**

------------------------------------------------------------------------------------------------------------------------------------------------
--------

**On 5-12-25 A interview was conducted with Lieutenant McCaslin. Lieutenant McCaslin was spoken to regarding the the incident that took place at the Sebastian County Detention Center. Lieutenant McCaslin is currently assigned to the Detention Center as a administrator. Lieutenant McCaslin stated that he began his career in law enforcement as a deputy at the Detention Center in 1996.He**

**was asked what involvement he has had with inmate John Anthony Cole. He stated his interactions with Inmate Cole included, retrieving and transporting his legal mail to and from the courthouse. This procedure was established to accommodate inmate Cole due to him representing himself in court. Lieutenant McCaslin also stated that he was present at a recent court hearing for inmate Cole. During this hearing inmate Cole made the threat to Lieutenant McCaslin that he was going to "Burn Him". There were several witnesses to this threat and their statements are attached to this report. He stated inmate Cole had accused him of being part of a prison guard gang from California, and asked him if he had "we the people" tattooed on his arm. At this time Lieutenant McCaslin showed me several tattoos on his arms, none of which were "we the people." Lieutenant McCaslin was then asked about the incident involving inmate Cole on May 9th. Lieutenant McCaslin explained that he went to BB pod to assist Deputy Mar secure all the inmates in their cells. After ensuring all inmates were in their cells, Deputy Mar told Lieutenant McCaslin that he needed to scan the security tag in the segregation cell where inmate Cole is housed. Part of the safety procedures established for entering the cell of inmate Cole is there must be a minimum of two deputies present at all times. He stated that while waiting for Deputy Mar to complete his security check, he observed inmate Cole emerge from his cell with a large stabbing instrument. He stated that inmate Cole attacked Deputy Mar first. He said he could clearly see inmate Cole stabbing Deputy Mar with the the weapon. At this time inmate Cole turned his attention towards him and began advancing. Lieutenant McCaslin stated he attempted to maintain distance and to avoid being stabbed. He applied a kick to inmate Cole's mid section to slow his attack. He stated Deputy Mar re-engaged inmate Cole at this time. Deputy Mar pushed inmate Cole against the wall. Lieutenant McCaslin stated he observed inmate Cole bite down on Deputy Mars thumb. He stated at this time he applied multiple strikes to inmate Coles head with his hand held radio. This action appeared to end the attack by inmate Cole. During the attack Lieutenant McCaslin was stabbed a total of five times. Three to the left shoulder and two to the left upper back. He stated he recalled inmate Cole made the comment "I told you I was going to do this, I told you I was going to do this" during the altercation. The interview was concluded at this time.**

**--------------------------------------------------------------------------------------------------------------------------------------------------------**

**On 5-12-25 I spoke with Patrick Flake over the phone regarding the incident that took place on May 5th at the court hearing for John Anthony Cole. Mr. Flake state he heard John Cole make the statement "I'm going to burn you" to Lieutenant McCaslin. He also heard him say "I stay by what I just said". This is all Mr. Flake recalls being said at the hearing. I concluded the call at this time.**

**-------------------------------------------------------------------------------------------------------------------------------------------------------**

**On 5-12-25 I met with Deputy Mar at Mercy Hospital in Fort Smith. Deputy Mar was still admitted to the hospital at this time due to the injuries he received from the incident with inmate John Anthony Cole. Deputy Mar stated he is a Deputy at Sebastian County Detention Center. He said he has been employed with the Sheriff's Office since July of 2024. I asked him if he was familiar with the name John Anthony Cole. He stated he was and that he was a inmate incarcerated at the Detention Center. I asked him if he had any incidents or altercations with inmate Cole previously. He stated that inmate Cole had passed a note that made threats on the life of deputies and their family's when he originally came to the facility. I asked Deputy Mar to tell me about the day of the incident where Inmate Cole stabbed him. He said on the day of the incident he did his normal duties throughout the day. On this day, Inmate Cole was served with disciplinary action paperwork. In this paperwork Deputy Mar was listed as the victim due to threats made by inmate Cole. Deputy Mar said Inmate Cole made the comment "I'm going to get you", after hearing he was the one who filed the report. Later that day when Deputy Mar and Lieutenant McCaslin entered segregation room to due his security checks, Deputy Mar was working to reset his scanning tool. At this time inmate Cole emerged from his cell and attacked Deputy Mar. Deputy Mar stated he was stabbed in the neck with a unknown object. He said he retreated in attempts to gain distance between himself and the inmate. Inmate Cole then turned his attack to Lieutenant McCaslin. Deputy Mar took a moment to assess the situation. He realized what happened and made the decision to re enter the fight to assist Lieutenant McCaslin, who was still under attack. Deputy Mar was stabbed several more times through the incident. He stated at one point he could feel inmate Cole biting down on his thumb. He observed Lieutenant McCaslin land several strikes to Inmate Coles head causing inmate Cole to collapse to the floor. During this incident Deputy Mar recalls inmate Cole making the comment "I told you this would happen". Deputy Mar was stabbed a total of 7 times. The most severe being a stab through the neck and into to the upper left lung, collapsing the lung and puncturing his aorta. I concluded the interview at this time.**

**Weapon**



**Weapon with blood visible**



John Anthony Cole, SCADC #166473
Sebastian County Jail
POD: BB Cell: 06
Date: 04/28/25
Re: medical Billing

To: SCADC Medical Administrator:

I am an Interstate Agreement on Detainers (IAD) Prisoner from the Arizona Department of Corrections, I am sentenced to a term of 46 years as of 10/18/2024. I am currently in the SCADC as a PreTrial Detainee for a Seb. Co. case in the Circuit Court.

My Seb. Co. booking sheet specifically notes, the Inmate is to be returned to the AZ Dept. of Corrections. This means that Arizona retains 'Jurisdiction' over my sentence as I am Judicially obligated to complete my prison sentence. In other words, I am Arizona property, being loaned out to Arkansas for Court purposes only, A Sentenced Inmate. By the SCADC Policy, exempt from medical billing.

The SCADC - medical Department erroneously and deceptively charged my account $50.00 (on 04/24/2025 ) for a service (Tuberculosis X-Ray Screening) that I did not request or need. I had a TB vaccine on 10/22/2024 at the Arizona State Prison Complex - Phoenix, Alhambra Unit that was checked on 10/24/2024 by the Nursing staff. Prior to this vaccine, I had a TB-Chest X-Ray at the Maricopa County Sheriffs Office (MCSO) 4th Avenue Jail in September 2024.

This is truly a service that I did not need as I explained this to two different nurses at the SCADC. A nurse from the SCADC asked me if I would be willing to take an X-Ray for the TB chest scan. I told them that I would.

There was never a mention about a fee associated with this service that was not requested nor needed, nor wanted. There was no waiver, or authorization to sign as a patient Notice of Rights nor any mention that a service (hidden) fee was associated with the TB screen. (Note I have been to 44 Prisons, Jails, Juvenile Centers from Arkansas, California, Colorado, Arizona, Texas, Oklahoma, Louisiana, Georgia, Florida, Kentucky, Pennsylvania, & New York) and have never seen any jail, prison, correctional institution, or juvenile facility charge an →

inmate (PreTrial, Sentenced, Convicted or County Time) a fee for a TB vaccine or X Ray. But I promise you this, if you do not refund my money, Not only am I going to sue you, we will be on other terms.

Obviously since SCADC is doing TB screens, the proper accreditation would also require TB-Ultra Violet lights (designed to kill the virus) maybe even a Quarintine Unit as well according to the American Correctional Association - ACCREDIATION - CRITERION. - Play with somebody else.

It was the comment made on the Grievance that got me on you ass about "You will not be getting a Refund" "I checked your medical records." As a medical professional you are well aware of HIPPA laws. What you never mentioned was that you (or SCADC - medical services) never asked for a waiver or authrozation from me to Request my medical file & records from AZ Dept. of Corrections. Only Rx Meds were sent with me, not a medical file. So you lied, it is what it is. Stop playing with me, I possess more than a Hillbilly UAFS degree. Again since you "Reviewed my medical files" it would tell you that I'm scheduled for a CT scan on my broken ribs & thumb along with physical therapy. Lets stop the BS, your agency got caught. Refund my money, no harm no foul, we go our separate ways simple as that. My apologies & regret for not being nice & respectful and you continue your hustle. The alternative is I stand on what I said. I'm good ethier way but I prefer peace, understanding and humility.

[signature]

FACT CHECK my TB History.
SCADC - you have to be better than this don't 4Get
I'm from FORT SMITH so we can be better.

ARIZONA INFO.
John Anthony Cole, ADC # 371593
ASPC: Eyman, Browning SMU-2 (Special management Unit) - Super Max
P.O. BOX 3500
FLORENCE AZ 85132

Maricopa county sheriff's office (MCSO) 4th Avenue Jail
John Anthony Cole, MCSO # T-807069
201 S. 4th Avenue
PHX, AZ 85003

resources, programs or privileges, it would be considered vindictive retaliation and the firms that sued SCADC would obviously monitor this type of situation as a checks & balances observation wanting to exploit & extort again.

So you ask yourself this question everyday, "Do I leave the SCADC better than I received it." This is your livelihood and part of your identity is always in what you do, so your name is on this and attached to it, good, bad, ugly, or indifferent.

How does this information benefit you. First it shows that you have the foresight to do research that protects your company, livelihood, and fellow law-enforcement brother. This advanced insight shows the initiative of a leader, forward thinker, and some one who understands that there is room for improvement.

The Tablet issue is the vehicle that you use to put your foot in the door. You research another jail (Phoenix, Maricopa County Sheriff's Office, 4th Avenue Jail, the GTL-Global Tel Links Technician Brandon Gerth) see how the system works. Find out through the company how they bid on contracts, what they can offer and what their infastructure looks like from a business model

The future of all jails, prisons, and corrections is in the digital age format. The tablet will provide incarcerated people what AI will provide free people. Less staff/inmate interactions that waste time, money, man power, and resources in the area of fileding the same info that can be readily available on the tablet.

These basic services are **free** of charge on every tablet in America outside of Arkansas: (1) Law Library Access & Research (2) Education Edovo App / Khan Academy, (3) Religious Studies from all faiths, (4) Mental Health & Wellness, (5) Rehabilitation & ReEntry, (6) Drug, Alcohol, & Substance Abuse (7) EBooks / Library, (8) Facility forms / info - commissary, sick call health needs, grievances, inmate handbook, etc.

SCADC charges inmates a $0.05/min surcharge just to log on to the inmate tablet device without accessing any application or feature. This is abosolutely insane and illegal.

Tablets in jail/prison keep problems to a minimum b/c they have so many functions that they fill your time, curb boredom and provide learning skills. The distribution in all Jails/Prisons is an assigned tablet for each inmate. The distribution at SCADC causes problems, issues, and hostilities due to the limited number and limited time available. Prison tablets are operational 24/7/365 (except telephone, off at 10p.m.) County jail tablets 6:00a.m-10:00pm turn in to kiosk charger. Disciplinary penalties turn off all non educational, religious, institutional apps. People do not want to lose their tablets. SCADC does not hold that power over the inmate population to use as a deterrent b/c of #1 the expensive price #2 limited availability #3 limited access #4 very user unfriendly example: video visits are stealing money.

The other issue is that by choosing to represent ones self in court while housed in the SCADC, it has exposed an infrestructure issue that outdates the needs of this facility. That comes from a (1) lack of leadership, (2) improper systems in place, (3) ill-equipped functionality of a Pretrial Detention Center.

Sentenced inmates have no Re-entry programs, no drug/alcohol classes, no educational/vocational training and no job/career placement programs. This is what modern jail, corrections look like and until somebody steps up to the plate, SCADC will be in the dark, outdated, and always exposed for potential litigation action that they will not win. Good leadership is costeffectiveness making a safer environment and providing services to those returning citizens that could be your neighbor.

I am a resource of prison knowledge - California, Arizona, Colorado, TX, OK, AR, LA, KY, FLA, GA, PA, NY. — SCADC has no classification system (Felony & misdemeanor, PC) nothing that looks for Security Threat Groups (STGs) Gangs, Gang intervention for youth, A bad system that needs fixing. I would go to Juvy & speak to the youth, bring them over here. I'm a gang leader obviously, but a gang counselor as well. I'm all for reach 1, teach 1 deterrence for those worthy of reaching & saving and not too far past the point of no return.

from 12/28/2023 until present day with interest. Example if SCADC billed a total of $5 million during this time at $0.33/min, which is $0.17/over the rate cap, automatically the SCADC would owe about $2.65 million plus interest.. $3million + attorney fees, + court cost, + court fines, + defense attorney.

This money comes out of the county budget. As a political voted position, this is the type of negligence or inattention to detail that will call for a re-election or cause an elected official his next bid at office. b/c as Sheriff, the position is vicariously responsible for the Policy, Regulation, Training, Supervision, and Budget of the Department. Regardless of a surplus of $, law suits are not factored into a budget. Law suits (especially those that are preventable) are political suicide.

The 2nd reference goes to the arrogance of a jail with restrictive measures on mail and communications received. Denying legal publications, advertisements, brochures, and pamphlets sent by legal representatives. Jails that only believe in the bible etc... The Prison Legal News (PLN) through FOIA (Freedom of Information Act) public records request will get jail rosters and flood all of the inmates with thousands of dollars of their literature. The SCADC will reject the mail, the PLN will resend and enclose a notice of civil complaint which SCADC will brush off, lol and the Gotcha' moment just occurred and they are going to legally extort SCADC out of at least $1 million and make them change their policies. The PLN has done it over & over for 20 years as they have mastered the flaw in this litigation. There is nothing that the SCADC can do to win b/c they are not in compliance and this city does not produce the caliber of legal representation designed to defend firms that do this for revenue.

Whenever you make proposals to superiors and you support it with the facts to back it up, this gives you credibility to have a seat at the table. You become an asset that protects all of the company's resources. If SCADC had to pay $1 million for a preventable lawsuit, the first budget cut for SCADC would logically come from employee overtime. The next would come from employee equipment and then training because if anything came out of inmates funding, quality of living

Sgt. K. Warr

(1) References to research- Google The Martha-Wright-Reed ACT passed by the U.S. Senate (Bill S.B.
The FCC (Federal Communications Commission) placed a Per/Minute Rate Cap ($0.16 max) on all Incarcerated Peoples (a) Telephone Calls (b) Video Visitation, (c) Text Messages, (d) email for all Prisons, Correctional Institutions, County Jails in the USA. starting Dec 2022 and must be in compliance by Dec 28, 2023.

(2) Reference to Research: Google The Prison Legal News
this is a publication that uses litigation (high-caliber attorney's who charge over $500.00/hr and bill about 1000 hrs = $500,000.00 in legal fees.) to pick off noncompliant jails, usually small southern backwoods Bible thumping jails But, in 2024 they hit Maricopa County Sheriffs Office 4th Ave. Jail for $11 million in legal fees That is PHX. AZ with high price, high caliber attorneys not backwood, just Joe Arpiao stubborn on the No Mail Policy

The importance of this type of litigation is simple. The SCADC is not in compliance. Nothing can be done about the fines & reimbursment that is sure to come whenever a civil suit is brought forth. But, by being pro-active and doing what it takes to get into compliance it puts a bandage on a bleeding wound and prevents futher damage done out of ignorance.

How is SCADC in noncompliance? 1st The inmate telephone company contracted to the SCADC has a per minute rate of $0.35. This is more then double the $0.16/min Rate Cap established by the FCC. * What this means is that upon a civil suit filed by an injured party who has suffed the loss, a major law firm, the ACLU will attach an AMICUS CURIE (friend of the court) Brief as a party with a vested interest and they will join the suit, take over and place the SCADC into a no-win settlement that consist of (1) All Attorney Fees, (2) Court Cost (3) Court Fines (4) Reimbursment for the total Gross Dollars from all overages to incure

(1)

SEBASTIAN COUNTY DETENTION

INMATE GRIEVANCE FORM

NAME: Cole, John Anthony DATE: 04/08/2025 POD: BB

**STEP A:** An informal discussion of your grievance with a Floor Deputy to solve the matter is required before proceeding to Step B.

I have discussed this grievance with the above inmate on: Date 04/08/25 Time

Floor Deputy Signature [signature] Date 4-8-25 Time 8:06

************************************************************************

**STEP B:** If the grievance was not resolved at Step A, state clearly and legibly below and submit form to the Shift Sergeant.

Describe your complaint: Due Process violation of (U.S. Constitutional Amend. 14th) Pretrial Detainee being assigned to Administrative Segregation without proper notification, alleged acts of misconduct or rules violation, no arbitration hearing, no ability to state a defense, call witnesses, present evidence or appeal the Ruling (see attached for continuation)

Requested solution: Classification Reduction, Equal Privileges as non-segregated inmates (phone, recreation, dayroom, Electronic Tablet Device & Visitation allotment), moved to general population

Inmate signature: [signature] Date 04/08/25 Time

Shift Sergeant's decision Upon your arrival, You were placed in Administrative Segregation (Separation) due to current charges and past charges and → See back

Shift Sergeant's signature Sgt. [signature] D-4 Date 4-9-2025 Time 10:30 am

************************************************************************

**STEP C:** If the grievance was not resolved at Step B, fill out this section and submit form to the jail administrator.

Inmate Signature [signature] Date 04/10/25 Time

Jail Administrator's Decision See Attached document on Pages 3 and 4 for response.

4/10/25 - Appeal Cont. - (4)

A written Report was filed and Admin. Seg was Approved by Captain Helmert for reasons listed in Sgt. McGrew's Response in section B of this grievance.

Received 04/11/25 Lt. K. Taulbee / Lt. K. Taulbee 4/10/25 5:21p

04/12/25 This timely appeal is in response to Step C of the Inmate Grievance process appeal to the SCADC Jail Administrator. The response by Lt. K. Taulbee actually makes my case in the sense of a Due Process Violation has occurred. As the subject of Punishment (Admin. Segregation; Admin separation; SMU-Special Management Unit; SHU - Special Housing Unit; ADX-Admin. Max; Detention; The Hole), whatever name it is chosen to be delegated to, upon placement by any jail or prison, officials must notify in writing within 24 hours of placement and designation to one of these Restrictive housing units. This is basic prison/jail 101; the SCADC Administration is not above the standards set by the ACA (American Correctional Association), the Supreme Court or the U.S. Constitution. Step 1 for Admin Segregation - Notice of Placement; Step 2 Hearing. Step 3 Arbitration Ruling. Step 4 Appeal Process. Step 5 Determination of sentence, sanction, punishment, and consequence. The Step 1 Notice of Placement must have reasons stated supported by documents & statements of fact. These facts must be produced by credible sources, withstand scrutiny under penalty of perjury in the court of law as factual documents that have been proven by a court, disciplinary hearing, or admission of guilt. In step 2, the accused has the RIGHT to dispute allegations, present evidence, & call witnesses. Step 4 Allows for an appeal to the ruling by either party. Step 5 provides a form of relief that is set by participating in levels, phases, allotted amount of time duration and there is a period imposed under an operating guideline that has checks & balances as safeguards to prevent abuse of discretion where there is no remedy or relief from conditions of confinement. There is no longer a sanctio[n] or placement of Indeterminate SHU, Solitary Confinement, or Admin. Seg in the USA. People, please do your homework b/c I've done mine extensively and it says that the SCADC has violated my 14th Amendment to the U.S. Constitution - Due Process as a Pretrial Detainee.

To nitpick Lt. Taulber's Detention Policy 3.02. A) Poor Adjustment to General population. * Based on wha[t] criterion (I have not been housed in SCADC since 2003 ... 22 years ago; B) Inmates safety... These issues are new to me as I didn't know any existed; C) Threat to harm himse[lf] others or property... where does this justification arise from. (Since my placement in SCADC I have been nice, courteous, respectful, humble, compliant and flexible to fluctuating rules; D) changes in inmates status... I'm confused. Incom- plete thought in writing response; E) Mental Health problems; Substance Abuse Problems; Drunkness. - I have a report from a world renowned Neurobehavioral Psychiatrist - Dr. Manuel St. Martin, M.D, J.D that SCADC can read at my cell. I've never had mental health problems or issues., March 05, 2024 - Never had Substance Abuse or Alcohol problems, usage or history (lol ☺ everybody knows I'm clean, sober & healthy, totally against chemicals. do your homework)

John Cole

BB POD

In conclusion, SCADC has no justification for my continued placement in isolation and [to] continue to violate my Due Process Right. If this situation is not immediately rectified, legal recourse will be an option that includes Civil Suits vs. the County, the Sheriff, the Sheri[ff's] office, and all participants in their official capacity and individual capacity, not limited to [but] including the U.C.C. (Uniform of Commercial Code) where I will personally place leins upon property, mortgages, loans, income, and check garnishments for future earnings subjected to legal liabity for 1st Amend (Retaliation; Liable) 14th Amend (Due Process) 8th (Cruel & Unusual) 4th (Due Process)

I have all day & the rest of my life to collaterally attack ... [illegible]

John Anthony Cole #66473
PCD: BB Cell C8
Date: 04/08/2025
Re: Legal Property Storage

I respectfully need the remaining items in my legal property before I am scheduled for court tomorrow (04/09/25)

- The Ark. Rule of Criminal Procedure

* I will be self represented * along with Ark. Rules of Court & Rules of Evidence

— All legal material is needed for accounted for open cases

1) United States District Court for Arizona
case # 2:23-cv-01427-PHX-ROS-ASB (03/18/...

2) United States District Court for Illinois
3:22-CR-30055-DWD

3) Superior Court for State of Arizona
case #: CV2025-004469 (02/05/25

4) Superior Court for State of Arizona
case # CR2022-136118-001 (04/01/25)

5

Sgt. Boyd
Delivered See Narrative

# Incident Report

Incident: 2025-00000802

**Print Date/Time:** 04/29/2025 12:34
**Login ID:** vsanchez

Sebastian County Sheriff's Office
**ORI Number:** AR0660000

## Details

**Incident Type:** Information Only
**Incident Date/Time:** 04/08/2025 08:35 PM
**Incident Location:**
**Description:** I/M Cole, Johnathan
Booking
Reviewing inmate paperwork prior to giving to I/M Cole

**Reporting Officer:** 2052 - Boyd
**Reported Date/Time:** 04/09/2025 12:23 AM

## Associated Incidents

## Subjects

| Name | Subject Type | Booking Number | Charges |
|---|---|---|---|
| Cole, John Anthony | Suspect | 2025-00002470 | N |

## Subject Charges

## Activity

**Activity Type:** Information Only **Activity Date/Time:** 04/08/2025 08:35 PM **Activity Subject:** Cole, John Anthony
**Officer:** 2052 - Boyd **Comments:**

## Violations

## Violation Notification

## Violation Investigation

## Violation Hearing

## Violation Discipline

## Violation Appeals

## Narrative

On 04/08/2025 at approximately 08:35 pm, I Sgt. Boyd, began to look through Inmate (I/M) Cole, Jonathan's legal paperwork for any potential contraband. I started and stopped on three separate times. At approximately 12:16 am, myself, Cpl. Willard, Lance Cpl. Bias and DFC Vass delivered the box of legal paperwork to I/M Cole in cell BB06 without incident.

The times that I was actively reviewing the property was:

04/08/2025 - 08:35 pm - 09:16 pm
04/08/2025 - 09:21 pm - 09:48 pm
04/08/2025 - 10:14 pm - 11:31 pm
04/09/2025 - 12:16 am - Box delivered

NOTHING FURTHER TO REPORT

---

On 04-09-25, I Cpl. Willard, at approximately 00:16 with Sgt. Boyd, LCpl. Bias & Deputy Vass walked Inmate John Cole's legal files down to BB Seg and handed him his box of files without incident.

Willard 2498

Nothing further to report at this time

## Review History

# Incident Report

Incident: 2025-00000802

Print Date/Time: 04/29/2025 12:34
Login ID: vsanchez

Sebastian County Sheriff's Office
ORI Number: AR0660000

| Date/Time: | Level: | Type: | Reviewer's ID: | Comments: |
|---|---|---|---|---|

Signature: ______________________ Date: ______________________

Reviewed: ______________________ Date: ______________________

Medical Notified: ________ YES ________ NO Date: ______________________

To: SCADC Jail Administrator Captain Helmert
From: COLE, John Anthony, Booking # 25-247
POD: BB Cell: 08
Date: 04/09/2025
Re: Legal Access

Captain Helmert:

Due to the unique security measures taken by the Administration of the SCADC it is imperative that an open dialogue of communication take precedents so that there is a level of understanding and expectations that are mutually agreed upon while maintaining the safety and security of the facility and the public without violating my Civil & Constitutional Rights that are protected under the 14th Amendment as a Pretrial Detainee.

This facility is not equipped to provide the resources needed for self-represented inmates preparing for jury trial. There is no adequate law library nor any available digital access by way of the Inmate Electronic Device (Tablet) that allows for case research, court rules, and criminal procedure.

There are subscription services that are available to be downloaded as an application (app) to the tablet device from Lexis/Nexus Westlaw. For this facility to not have adequate access to a digital law library at any give time, it is beyond inexcusable and borders on deliberate negligence.

Being a self-represented pretrial detainee, I have the right to reasonable access to the courts and to legal represenatives (attorneys, paralegals, investigators, expert witnesses, and witnesses.). This is done by means of private & priviledged telephone communications and digital e-messaging.

The unnessary, unjustified, and non-dueprocessed placement into a 23 hour lockdown segregation unit denys me the opportunity to perform functions and task that will properly aid and assist in my pretrial & trial preparations.

Because of the designed systemic disregard for Prisoner's Rights in the SCADC I am being retaliated against, systemically targeted, and denied the opportunity and ability to put forth an adequate defense that preserves my Constitutional Rights and preserves the integrity of the judicial process. This level of excessive scrutiny has reached the publics attention thus potentially prejudicing a jury pool before the commencement of a trial date.

It is beyond obvious that this level of security and scrutiny will not be lifted during my incarceration at the SCADC. For the record, I pose no threat to the public, the SCADC staff, inmates, or the orderly operation of this institution. These conditions of confinement are illegal, unconstitutional, unjust, and unnecessary and if they do not cease, I will have no other

alternative than to seek legal recourse in the form of a civil suit that I am more than capable of the likelihood of success on merit alone as I have mastered the illegal administrative segregation litigation.

Before we get to this point of legal remedy, I would hope that there is an alternative resolution to transpire where the safety of the institution is not compromised and my Pretrial Detainee Rights have not been infringed upon. I have been in accordance & compliance with the rules governing this facility and I have been more than humble, respectful, and courteous to all that I have encountered because I choose to do so regardless of the energy that is projected from others.

In closing, I need the ability to live in a sanatary environment (in accordance with SCADC handbook rules) as this cell and housing area is disrespectfully unsanitary. I need to be able to order commissary & hygiene items from the store and I need the ability to communicate with my legal team as well as family & friends via telephone & email messaging.

Thank you for your time, consideration, and assistance in this matter. I hope that we can reach an understanding and keep an open dialogue line of communication through out my incarceration at the SCADC.

Respectfully Submitted on this 9th day of April 2025
John Anthony Cole
[signature]

# SEBASTIAN COUNTY SHERIFF'S OFFICE

SINCE 1851

## Sheriff Hobe Runion

To: Cole, John Anthony
From: SCADC Jail Administrator Helmert

Date: 4/10/2025

Regarding your concern of a sanitary environment, cleaning supplies will be given to you so that you may clean. The cleaning supplies will be given back within a reasonable amount of time the same day they are given.

Addressing the concern, you have about being in administrative segregation, every Tuesday a review board will look over your classification. Every inmate that comes in on your current charge begins in administrative segregation and reviewed weekly. Depending on your classification, you will then be housed accordingly.

A solution for tablet access is being worked on by our Director of Inmate Management Smith, and your patience would be appreciated. We are waiting on the tablet company's response to grant you more time on the handheld. The tablet grants you the ability to communicate with family, the inmate handbook, The Law Library, and many more features. You will be given access to a kiosk.

TO: SCADC Jail Administrator
Captain Helmert.

John Anthony Cole, SCADC #C6473
POD: BB Cell: BB08
04/10/2025

Re: Reply to Response

CPT. Helmert,

First of all I would like to commend you on addressing the issues of my current security concerns and conditions of confinement. The courtesy extended is respected and appreciated. Although you did not ask for a unique situation, you inherited it and nobody understands more that I do as I have lived this for decades; Therefore it is imperative that we get an understanding, agreement, and come to terms with what is expected from all parties because I will be in Seb Co. Circuit Court for at least one year.

By no means will I try to tell you how to operate your facility where I am concerned. I am not oblivious to my situation or circumstances, but I do have a résume, history, and experience in many institutional facilities that would qualify me to offer up suggestions & solution possibilities that will provide the SCADC with it's security objectives for my confinement conditions without violating my rights to the following: Humane Treatment, Access to the Courts, Access to legal research, Access to legal resources/supplies - pens, paper, folders, envelopes, etc., and assigned legal personnel by way of tele/digital communications; the ability to have in person/video visitation.

(1) Solutions for the Inmate Electronic Tablet Device is as simple as this: Assign a Tablet to me that I will be responsible for. All major county jails in the USA (LA, PHX, HOU, Dallas, Tucson) and prisons have individually assigned devices. The device has the Law Library Application (I'm assuming) I am Self-Represented as a Pro.per/Pro.se Defendant. There will be a conflict of interest by not providing adequate access to a law library since SCADC does not have a law library while acting as a Pretrial Detention facility, honestly it's almost inexcusable but only by situational circumstance has SCADC not housed inmates proficient in legalese or those whom represent themselves in complex criminal cases. One hour per day of usage is not sufficient nor realistic for a modern Pretrial Detention facility that houses hundreds of inmates.

(2) Legal Communication Solution. Once I am provided with a legal team (Advisory Counsel, Paralegal, Investigator, Mitigation Specialist, Expert Witnesses, and an Office of Public Defense Services) I will have to be able to have reasonable access to these resources during business hours and without time constraints in order to prepare an adequate defense for Jury Trial because there will be no acceptance of a plea.

The simple solution that the SCADC administration could justify is that I am "safe" inside of the BB-5 segregation area with access to the Telephone with the same hours of operation as the General population unit/pod inmates.

Again, I can't reiterate it enough, I pose no threat to the order, safety, or security of this facility, not the staff nor the inmates. Am I a certified Supermax inmate, Yes. Do I initiate problems

NO. I am not a bully, troublemaker, trash talker, cell-warrior, or reputation chaser.

My word allows me access to walk on any prison yard in the USA at the highest levels and most dangerous places. When I give my word that's just what it is and what it's always been. Am I dangerous? The record speaks for itself, but I'm fair, principled, disciplined, and beyond belief humble & respectful. I will always be in opposition of oppression, abuse, and unethical activity.

My priority at the SCADC is to provide an adequate defense for my criminal case. During this period I will be in contact w/ family & friends. There is no hidden agenda, ulterior motive, or secret vendetta. I'm more than content with isolation to focus on my priorities as long as my rights are not violated and a clear understanding is established for what to expect.

I don't want to go the Civil Law Suit matter because my plate is full and I feel like a resolution is the best alternative (although I could make time ☺) example: the Excessive Phone Call per minute rate exceeds the instate/interstate $0.16/per minute established by Congress through the FCC (Federal Communications Commission) with a U.S. Senate Bill (the Martha Reed-Wright Act) passed in Dec. 2022, mandated to be effective Dec. 23, 2023. The SCADC is out of compliance. Useless knowledge that I posses that could become useful.

Let me do my time, make the proposed solutions the best compromise and we move forward in peace, respect, humility, civilization, and have all penological interest served in coexistance.

Thank you for your time, consideration, understanding & assistance in this matter. Respectfully [signature]

Case: 2:23-cv-01427-ROS-ASB

To: SCADC Shift Supervisor
Re: Operational Questions
Date: 04/10/2025

John Anthony Cole ~~T807069~~
PHOENIX-AZ-MCSO-INMATE LEGAL SERVICES
MARICOPA COUNTY SHERIFFS OFFICE
INMATE LEGAL SERVICES
3250 W LOWER BUCKEYE
PHOENIX, AZ 85009

Could you please proved the following information at your earliest conveinence. Thank you in advance.

1.) Criminal Court Docket with: a) Pending Court Dates, b) Judicial Assignment of Judge and State's Prosecution.

2) During Physical "In-Court" Appearences, am I required to be handcuffed & martin chained?

3) Does this facility provide any Inmate Legal Services such as:
 a) Copies of legal material for Self-Represented Defendants
 b) legal forms & packets (ex "42 U.S.C.S 1983 Civil Suit Packet, Court motion templates)
 c) the ability to make legal copies from the Inmate Electronic Tablet Device's Law Library?

4) Are personal books, subscriptions, and literature allowed into the facility? If so, what is the protocol & method required?

5) Does the Administratie Separation pod have access to the News media.... Television, Newspaper, Radio

6) Is there a Program Statement, Department Order, or Policy Hand-book governing the SCADC operations that has Codes, & sections, and A.C.A. (Arkansas Code Annotated) statutes to support the SCADC functioning & operational guideline -- Not the basic handbook.

SEBASTIAN COUNTY DETENTION

INMATE GRIEVANCE FORM

NAME: [illegible] DATE: [illegible] POD: BB seg

**STEP A:** An informal discussion of your grievance with a Floor Deputy to solve the matter is required before proceeding to Step B.

I have discussed this grievance with the above inmate on: Date________ Time______

Floor Deputy Signature Sanchez Date 4/15/25 Time 0700

given by Dep. Bias (T2)

*****************************************************************************

**STEP B:** If the grievance was not resolved at Step A, state clearly and legibly below and submit form to the Shift Sergeant.

Describe your complaint: I have $55.00 missing from my inmate phone account that I have not used from (04/11/25-04/14/2025). My Phone PIN Number Has been compromised by the SCADC Detention officers (inadvertantly) in an attempt to utilize the Inmate Tablet kiosk. (Bedwell / Betts) The officers had me write down my PIN Number (which I did not know that there were (I think) 3 seperate PIN numbers for KIOSK, Tablet, PHONE since there has been no instructions to the Devices and I had no access to the kiosk until 04/11/2025. In order to get a tablet in Seg, the Detention officer had to use my

Requested solution: Refund Money from calls not made by me (\$55.00); Reset Phone PIN Number Provide Detailed Phone Records Log from 04/10/25 - 04/14/2025

continued on seperate page

Inmate signature: [signature] Date 04/14/25 Time______

Shift Sergeant's decision Sgt. McGrew - See Memo Form:

Shift Sergeant's signature Sgt. McGrew Date 4.15.25 Time 10:17am

*****************************************************************************

**STEP C:** If the grievance was not resolved at Step B, fill out this section and submit form to the jail administrator.

Inmate Signature________________ Date________ Time______

Jail Administrator's Decision______________________

Sebastian County Detention Inmate Grievance Form

John Anthony Cole. 04/14/25 BB Pod.

Continued

PIN number and booking number to receive a tablet. I wrote the only PIN number that I had access to ... my inmate telephone PIN which I asked Bedwell (I think) 3 times if he's sure that I give my PIN number to which was confirmed. The officer returned and said that it was the last 4 of my social security number that was needed.

Upon checking my phone account after saturday 04/12/25, I noticed a $5.00 discrepancy that my account was on $0.00. I placed $10.00 from the kiosk transaction and $50.00 was added by Amid Brock on 04/13/25. I did not use the phone on 04/13/25. I checked my account on 04/14/25 and my account was at $0.00. I am on 23/hr lock down. Please provide a detailed call log of the calls made to my account. I will find the number, I will forward to my people and we will find who stole my money.

Numbers that I call (530)-788-6974; (479)-719-8107; (479)-719-6357 (479)-459-5655; (479)561-3787; The only numbers that I've made contact with. Review your camera, match the calls with my time out of cell. Refund my money. If I find who stole my $, I'm going to get them mashed, bashed, smashed & thrashed in BB Pod. If I catch them in prison, the penalty for jail theft is death.

The detention officer made an error due to the restrictions of my housing status and lack of access to the kiosk, Tablets and the ability to visit. The officer allowed another inmate access to my PIN number because Captain Helmert is on [redacted] nonsense.

Relief sought: Reset my phone PIN number. Refund my money $55.00. Send the list of phone numbers that have been charged to my account in a detailed statement.

[signature]

SEBASTIAN COUNTY SHERIFF'S OFFICE

SINCE 1851

Sheriff Hobe Runion

April 15, 2025

The phone pin and tablet pin has been reset in the system. It may take some time but the $55.00 will be added to your books by the end of today to account for the money stolen from you. As a precautionary measure to ensure this does not happen again please do not give any of your information out to other inmates, A supervisor will be the only ones to check a tablet out for you or a supervisor will ensure the pod is locked down so you can check the tablet out yourself, this will be whichever is feasible at that time.

In your grievance you listed five numbers stating they are the only numbers you call so all calls that were not one of the five listed numbers has been blocked from the facility. This will prevent any inmate from calling those numbers due to the theft.

Detailed records of phone numbers placed will not be given due to the situation being addressed and the money being deposited into your account later today. The safety of other incarcerated individuals must be protected, and your grievance suggests harm against any that were involved in this incident. This request will be denied for safety reasons.

Sgt. [signature]

800 South A Street
Fort Smith, AR 72901
(479) 783-1051
Fax: (479) 784-1595

*Honor and Integrity*

P.O. Box 337
Greenwood, AR 72936
(479) 996-2145
Fax: (479) 996-7771

SEBASTIAN COUNTY DETENTION

INMATE GRIEVANCE FORM

NAME: John Anthony Cole #66473 DATE: 04/19/2025 POD: BB

**STEP A:** An informal discussion of your grievance with a Floor Deputy to solve the matter is required before proceeding to Step B.

I have discussed this grievance with the above inmate on: Date________ Time______

Floor Deputy Signature [signature] D35 Date 04/19/25 Time 20:00

**************************************************************************

**STEP B:** If the grievance was not resolved at Step A, state clearly and legibly below and submit form to the Shift Sergeant. I am being denied access to the Law Library.

Describe your complaint: As a Pre Trial Delainee incarcerated in a County Jail, I have the right to have access to the Legal law Library with reasonable time allotment without having to ~~[illegible]~~ provide a surcharge for a service of case law research, statute interpret[ation] court rulings and State & Constitutional law. The inmate tablet device offers a law

Requested solution: Place a moratorium on the surcharge of the law library. Allow me access to an inmate tablet device with enough time to use the law library. Reimbursment of time spen[t] [on] Law libr[ary]

Inmate signature: [signature] Date 04/19/25 Time______

Shift Sergeant's decision You have access to the law library for No charge as long as you do not go ~~the~~ to the gold pass firs[t]

Shift Sergeant's signature [signature] Date 4/28/25 Time 1251

**************************************************************************

**STEP C:** If the grievance was not resolved at Step B, fill out this section and submit form to the jail administrator.

Inmate Signature________________ Date________ Time______

Jail Administrator's Decision________________________

Signat...

SEBASTIAN COUNTY DETENTION

INMATE GRIEVANCE FORM

NAME: John Anthony Cole DATE: 04/20/2025 POD: BB

**STEP A:** An informal discussion of your grievance with a Floor Deputy to solve the matter is required before proceeding to Step B.

I have discussed this grievance with the above inmate on: Date________ Time______

Floor Deputy Signature [signature] Date 4-20-2025 Time 18:08

************************************************************************

**STEP B:** If the grievance was not resolved at Step A, state clearly and legibly below and submit form to the Shift Sergeant. I am unable to utilize the Inmate Electronic Tablet

Describe your complaint: Device Video Visit Feature. I have had two separate video visits (04/20/2025 & 04/17/2025) with Wanda Brewer-Jones that were inoperable due to connectivity issues of either limited WiFi or the inability to have a face in the Box. I need a Refund. No exceptions, No excuses. (30 minutes x 35¢/minute $10.05 & we quit)

Requested solution: Refund the stolen Money. My mother is not your HOE, she doesn't want to get hustled by Hillbilly theives.

Inmate signature: [signature] Date 04/20/25 Time______

Shift Sergeant's decision The person will need to contact the tablet company and ask them for a refund

Shift Sergeant's signature Sgt E [signature] Date 4/28/25 Time 1249

************************************************************************

**STEP C:** If the grievance was not resolved at Step B, fill out this section and submit form to the jail administrator.

Inmate Signature________________ Date________ Time______

Jail Administrator's Decision________________________

FROM: John Anthony Cole, SCADC# 66473
POD: BB Cell: 06
DATE: 04/23/25

TO: Captain Helmert
SCADC-Jail Admin.
Re: Status Update

Cpt. Helmert,

With all due respect that isn't deserved nor has it been earned at the SCADC to you or your administration and policies implemented concerning my restrictive security measures, what are your goals, objectives, and agenda?

At best, this facility is so out of compliance with backwards, hillbilly policies and infrastructure that is not in compliance with the early stages of modern-day, 21st century corrections, pretrial detention, community punishment, penal reform, or jail practices starting with the implementation of the PLRA (prison litigation reform act) of 1994/1995.

Please know that if you and your administration continue to take inconsistent, unstructured, chaotic-makeup policies as you go along type of measures, I will be forced to take legal action.

ISSUES - (you have 24 hours to address these issues before I put them in front of the Honorable Judge Gunner Delay and then a notice of claim to the U.S. District Court for the Western District of Arkansas before a U.S. Magistrate Judge)

1) Grievance Policy - I turned in a grievance on 04/09/25 with a Due Process Complaint. Sgt. McGrew responded 04/09/25. I appealed on 04/10/25. Response from Lt. Taul (can't read the writing). I submitted a timely response 04/13/25. - There has been no reply.

This county jail does not have a Grievance Coordinator, Legal Liaison, Paralegal, On-Site Staff Attorney, In-House Inmate Legal Services nor a system of tracking submitted Informal Complaints or Institutional Grievances as there is no tracking number associated with the filings (example #2025-000123-A, damn, LoL) — I need a

Response or the SCADC has essentially denied me of DUE PROCESS again by preventing access to the ADMINISTRATIVE REMEDY Process. Essentially this is an admittance of FAULT that allows me the ability to move to the next step of Civil Litigation because SCADC has provided no relief, resolution, or response as required by PLRA that all AVAILABLE REMEDIES ARE EXHAUSTED.

2) Scheduling - Out-of-cell time for my situation is defined as what? What are the measures of security taken (restraints searches, stripout, hands-on policy, SCADC deputies in BB-Seg Day Room, Outside Rec)? There is no consistency which creates confusion, chaos, and frustration because there is no system in place. This is what a U.S. Constitutional 1st Amendment Civil Rights violation of RETALIATION looks like. Unjustified punishment or measures taken without rhyme, reason, structure or department program policy statement and orders served as a guideline.

A.) Daily Newspaper B) Ability to Shave/Groom (weekly) C) Cell Lighting/Security Light at Night D) Free Law Library access F) Assigned Inmate Electronic Tablet Device. G) Access to cleaning supplies - disinfectant chemicals, cleaning rag/towel, green scratch pad/toilet brush, mop & broom - BASICS FOR INCARCERATION.

3) Inmate CLASSIFICATION - Policy/System

- I'm requesting a copy of an updated/current SCADC Program Policy Statement or Department Order for Inmate Classification Assignment. This policy should have custody levels (low, minimum, medium, maximum, super maximum, close custody, restrictive) - you know real classifications. This policy should include

Gang Validation, Disruptive Groups, Security Threat Groups (STG), Special Needs Inmates (PC, protective custody, SMI - serious mental illness) and the appropriate housing assignments
Ad Seg (Administrative Segregation), Ad Sep (Admin. Separation), GP (General population) RH (restrictive Housing), RTH (Refuse to House), DS (Disciplinary Segregation), SHU (Special Housing Unit), SMU (Special Management Unit)

Where do I fit in categorically? How did the SCADC make this determination? Is this Indeterminate Lockdown (SHU)? - That's been outlawed There has to be a level, phase, or program step taken for advancement besides duration of time elapsing.
I can go on and on, if you want to play prison, I have over 25 years of a solid, stomp down resume that is confirmed, validate, respected, and knowledgeable - SCADC is violating my rights.

- 4) Reform - ACLU, Government Watchdogs like the Marshall Project can be notified about the non-compliance of FCC (Federal Communications Commission) Inmate Communications for Fair & Just Pricing. (MARTHA WRIGHT-REED act signed into law 2023) or PLN (Prison Legal News) for your restrictive mail policy. Google the lawsuits vs. small county jails.
Say this out loud, SCADC is charging PreTrial Detainee Inmates $ U.S Dollars to Access 1) Legal Law Library Research 2) Religious Studies 3) Alcohol, Drug/Substance Awareness Courses 4) Education Services - b/c SCADC does not have a GED program or education Dept. 5) Rehabilitation & Re Entry Programs - for sentenced inmates or soon to be released inmates 6) Mental Health & Wellness Literature/courses THIS IS ILLEGAL

↓
over

No Grievance Tracking Identification # or Log ________

SEBASTIAN COUNTY DETENTION

INMATE GRIEVANCE FORM

NAME: John Anthony Cole DATE: 04/24/25 POD: BB-06

**STEP A:** An informal discussion of your grievance with a Floor Deputy to solve the matter is required before proceeding to Step B.

I have discussed this grievance with the above inmate on: Date 04/23/25/04/24/25 Time ______

Floor Deputy Signature Adkins Date 4/24/25 Time 0935

*************************************************************************

**STEP B:** If the grievance was not resolved at Step A, state clearly and legibly below and submit form to the Shift Sergeant.

Describe your complaint: I am being Refused RAZORS to shave with on Sunday Nights per Sgt. Vonn. I have not Received a memorandum that states that I am on Razor Restriction. What criteria was used for said determination, how long in duration for this sanction, and justifiable penalogical interest does this serve outside of Retaliation (U.S. Const. 1st Amend. Viol

Requested solution: To be allowed access to a Razor for hygiene & Grooming purposes upon approval, please send a memo for the Cell Door to avoid confusion & misunderstanding

Inmate signature: [signature] Date 04/24/25 Time ______

Shift Sergeant's decision on Sunday evening you will be allowed a razor To shave.

Shift Sergeant's signature Sgt. McGee Date 4.25.25 Time 0940

*************************************************************************

**STEP C:** If the grievance was not resolved at Step B, fill out this section and submit form to the jail administrator.

Inmate Signature ______________________ Date ________ Time ______

Jail Administrator's Decision ______________________

No Tracking Identification Number or Log: ________

ATTACHMENT FROM CAPTAIN HELMERT MEMO 04/10/25

# SEBASTIAN COUNTY DETENTION

## INMATE GRIEVANCE FORM

NAME: John Anthony Cole DATE: 04/24/2025 POD: BB-06

**STEP A:** An informal discussion of your grievance with a Floor Deputy to solve the matter is required before proceeding to Step B.

I have discussed this grievance with the above inmate on: Date 04/23/25 & 04/24/25 Time______

Floor Deputy Signature________________ Date________ Time______

*****************************************************************************

**STEP B:** If the grievance was not resolved at Step A, state clearly and legibly below and submit form to the Shift Sergeant. The SCADC has not provided adequate cleaning supplies.

Describe your complaint: (disinfectant chemicals, AJAX/COMET TOILET CLEANER & BRUSH, Cleaning Towels, Rags) or utensils (mop/broom/dust pan/toilet brush/green scratch pads) to the segregation Pod in BB Pod on any basis, much less a consistent basis. Cleaning supplies have only been passed out on 04/09/25, thus violating the SCADC Inmate HandBook Policy on POD Cleaning

Requested solution: To have the following materials, utensils, and supplies made Readily available on a daily basis (chemical solution/disinfectant; cleaning rags/towels, mop, broom, dust pan, trash disposal

Inmate signature: [signature] Date 04/24/25 Time______

Shift Sergeant's decision You can be supplied with Cleaning Supplies on a daily basis, ask the deputy to allow you to clean with supplies that are provided daily to each pod.

Shift Sergeant's signature Sgt. [signature] Date 4-25-25 Time 0900

*****************************************************************************

**STEP C:** If the grievance was not resolved at Step B, fill out this section and submit form to the jail administrator.

Inmate Signature________________ Date________ Time______

Jail Administrator's Decision________________

No tracking identification number or log: ____________

Attachment Included

SEBASTIAN COUNTY DETENTION

INMATE GRIEVANCE FORM

NAME: John Anthony Cole DATE: 04/24/25 POD: BB-06

**STEP A:** An informal discussion of your grievance with a Floor Deputy to solve the matter is required before proceeding to Step B.

I have discussed this grievance with the above inmate on: Date ____________ Time ______

Floor Deputy Signature ____________ Date ____________ Time ______

**********************************************************************

**STEP B:** If the grievance was not resolved at Step A, state clearly and legibly below and submit form to the Shift Sergeant. The SCADC is illegally enforcing a paid surcharge to

Describe your complaint: the inmate population for access to Necessitated information, services, programs, and resources vicariously through the Inmate Electronic Tablet Device (TABLET) and it's contracted company: TechFriends D/B/A JailATM.COM of Jonesboro, Arkansas. The (OS) operating system of this TABLETS' functioning

Requested solution: (1) Immediately find a new system (Global Tel Links - GTL or SECURUS) to provide services; (2) Cease All Tablet Charges not designated as Premium Services, (3) Refund/Reimburse all ill-begotten

* ATTACHMENT INCLUDED *

Inmate signature: JA Cole Date 04/24/25 Time ______

Shift Sergeant's decision ① we will continue with this company. ② no. ③ no.

______________________________________________

Shift Sergeant's signature Sgt. [signature] Date 4.25.25 Time 0900

**********************************************************************

**STEP C:** If the grievance was not resolved at Step B, fill out this section and submit form to the jail administrator.

Inmate Signature ____________ Date ____________ Time ______

Jail Administrator's Decision ______________________________

# Sebastian County Detention

## INMATE GRIEVANCE FORM

continued

John Anthony Cole, SCADC #66473 04/24/2025 POD: BB-06

is designed to create a continuous debit charge of $0.05/minute against an inmates "Gold Pass" access account to log-in to the TABLET for non-premium applications that are otherwise intentionally unavailable by the systemic design of the SCADC.

The Non-Premium Applications or Access to Information, Services, Programs, and Resources denied by the SCADC are as follows and not limited to: (1) Free LAW LIBRARY; (2) Free Religious Services/Program Material, (3) SCADC Inmate Handbook & Policies, (4) Inmate Mail Free reading of incoming mail / free texting of outgoing mail - before the cost of sending the email, (5) Free Educational Services/Studies, (6) Free Mental Health & Wellness literature & course material, (7) FREE Access to Alcohol, Drug, & Substance Abuse Literature & Course Material, (8) Free Rehabilitation & ReEntry Services, (9) Free Leisure Library, E-BOOKS since SCADC has no library available.

All of the listed items are MANDATORY SERVICES (not privileges) that ALL Jails, Prisons, Correctional Facilities, Juvenile Detentions, Adult Detentions, and Reformatories, ~~that~~ must provide and make readily accessible to an incarcerated PreTrial Detainee or ~~[illegible]~~ Convicted offender FREE of CHARGE. This is PLRA (Prison Litigation Reform Act) and basic common sense. The SCADC has essentially placed MONETARY PROFITING INTEREST above the CIVIL and CONSTITUTIONAL RIGHTS of an incarcerated individuals basic necessities.

end - JAC [signature]

John Anthony Cole, SCADC# 66473
Sebastian County Adult Detention Center POD: BB Cell: BB6
801 South A street
FORT SMITH, AR 72901

04/25/25

Re: No Legal Visitors

SCADC Supervisor(s):

Until Further Notice, I, John Anthony Cole will not be accepting "IN PERSON" legal Visits from the OFFICE OF THE FORT SMITH PUBLIC DEFENDER

1) Ms. Christina Scherry
2) Mr. Patrick Flake
3) Mr. Aaron Beshears
4) Any represenative from the Public Defenders Office

Respectfully Requested on this 25th day of April 2025
Submitted

[signature]
John Anthony Cole

John Anthony Cole, SCADC# 66473
Sebastian County Adult Detention Center POD: BB Cell: BB6
801 South A street
FORT SMITH, AR 72901

04/25/25

Re: No Legal Visitors

SCADC Supervisor(s):

Until Further Notice, I, John Anthony Cole will not be accepting "IN PERSON" Legal Visits From the OFFICE OF THE FORT SMITH PUBLIC DEFENDER

1) Ms. Christina Scherry
2) Mr. Patrick Flake
3) Mr. Aaron Beshears
4) Any represenative from the Public Defenders Office

Respectfully Requested on this 25th day of April 2025
Submitted

[signature]
John Anthony Cole

From: John Anthony Cole, SCADC # 66473
POD: BB Cell: 06
Date: 04/20/25

To:

# Sebastian County Adult Detention Center

Y N

1 Does SCADC have an Inmate Legal Services I.L.S ?
2. Does SCADC have a Staff Attorney on Site (Policy/Procedure Grievance answer)?
3 Does SCADC have an On Site Paralegal (Scan legal Doc's for filing, Notary)?
4 Does SCADC have an On-Site Legal Liaison ?
5 Does SCADC have an On-Site Legal Department ?
6 Does SCADC have an On-Site Legal Resource Library ?
7 Does SCADC have an Active Law Library Subscription ?
8. Does SCADC have an On-Site Law Library ?
9 Does SCADC provide inmates with access to legal forms, packets, or motion templates ?
10 Does SCADC provide inmates with legal copies of court paperwork ?
11 Are SCADC inmates allowed to purchase legal copies ?
12 Are SCADC inmates allowed access to an electronic law Library via the Inmate Electronic Tablet Device ?
13 Is there a surcharge and fee associated with the usage of the Electronic Tablet Device Law Library Application ?
14 Does the SCADC provide legal supplies to indigent inmates ?
15 Does the SCADC provide legal supplies to Self-Represented Pro.per Inmates ?
16 Does the SCADC allow Pro.per inmates the ability to order legal supplies from 3rd party vendors not associated with the SCADC commissary system ?
17 Does the SCADC provide a Pro.per package (Court Rules, Ark statutes, Constitution, Ark Rules of Evidence, Criminal Procedure, Code Annotated) to Self-Represented Inmates ?

Y N

18 Is the SCADC equipped to accomodate a Pro. per PreTrial Detainee?

19 Is the SCADC in compliance with the Local Rules of Practice of the Circuit Court in the establishment of a law library?

20 Does the SCADC emplore a systemic practice of willful negligence in order to discourage Self-Representation by PreTrial Detainees

John Anthony Cole, SCADC #66473
Pod: BB Cell: 06
Date: 04/21/2025
Re: Inmate Electronic Tablet Device
Law Library

TO: Sgt. Eddie Smith, Inmate Management Supervisor
Cpt. John Miller, Chief Deputy SCADC

Greetings Gentlemen:

Let me give you some insight about the operational functions of the Inmate Electronic Tablet Device (Tablet). Any time an inmate uses their log-in ID (Booking #) and 4 digit pin code to access the Tablet, the Sur-charge pay meter is accuring debit deductions from any inmate that has a Balance on the Gold Pass feature. This sur-charge is applied just to log-in to the tablet without accessing any application.

Indigent inmates with a $0.00 balance of credit on the Gold pass ($3.00/hr; $0.05/min) will be allotted 15 minutes of "Free" tablet usage time before even logging into an application. After the 15 minutes of "Free Time" has expired, there is a 180 minute lock-out time before the indigent inmate has the ability to Return to the log-in screen for an additional 15 minutes to Repeat the cycle.

As per our cell conversation today (04/21/2025) in BB Pod. I appreciate the due diligence of ensuring that I have the ability to utilize the Inmate Law Library for Trial Preparation, I will transcribe what I explained about the tablet device.

Everytime an inmate logs-in to the tablet device and they own/possess a Gold Pass token, the sur-charge meter is incurring a debit balance applied to the purchased Gold Card. What this equates to is simple

1) Double Taxation to send & Receive Emails. – Depending upon the length/duration of typing the email, it could cost the $0.50 send Fee, plus how ever long it takes to compose or draft the message.

2) Having to pay to type legal mail/messages

* Note * There is no ability to Save a Draft a document. If time expires, the inmate user forfeits the time and/or Gold Pass Token without sending the message or Refunding the charge. * The same theory/principle applies to the disconnection due to

the weakened strength of the Wifi. - observation. If this Tech Friends company were providing a service to the public (w/o the local Government being the Contractor), this practice borders along the lines of exploitation & scam.

As I previously mentioned, there are better Tablet companies (Securus; GTL-Global Tel Link) that have functionalities that operate in compliance with the FCC (Federal Communications Commission) and the Senate Bill (S.B ) that places rate caps on Incarcerated Individuals usage of Telephone Services, Tablet Devices, Video Visitation and Legal Visits. (Dec 2022 in effect - compliance by 12/28/2023) Martha Wright-Reed Act.

There is no county jail outside of Arkansas (or prison) that charges a fee to any inmate or incarcerated individual to use 1) Law Library 2) Religious Services/Studies, 3) Education - Edovo App, Khan Acedemy 4) Substance Abuse/Alcohol Treatment, 5) Mental Health Services 6) Rehabilitation & Re Entry Services to a population of over 2million individuals whom 90% will be Returning Citizens. THESE SERVICES ARE FREE ON ALL TABLETS.

In the Maricopa County Jail (PHOENIX, AZ 8,000 inmates), the GTL (Global Tel Link) tablets operate the Telephone via inmate tablet and cell units. The GTL system also provides a Video kiosk for Legal Visits where no legal personnel has to physically visit a client/inmate at the facility. This is very conveinent and efficient, especially for self-represented defendants.

These tablets have premium features like News, Games, Music, TV, Movies, etc for $0.05/minute. There is video visits ($0.25/min), text messages ($.25/1500 characters) - that does not require a paid surcharge to type the message.

The "securus" tablet works the same way. The facilities have in-facility personnel (Maricopa County Sheriff's Office - MCSO - Phoenix, AZ, 5million people, 8,000 in jails in 8 PHX Jails, 4th Avenue Jail - Max Security Jail, GTL (Global Tel Link) office Brandon Gerth & Dewayne Leonard, call and ask about the

system used. GTL provides all materials & maintenance but a better product.

Tech Friends is going to get SCADC into civil litigation that is going to cost millions in legal fees before any settlement. I'm telling you that 100% SCADC is not in Compliance with the Martha Wright-Reed ACT (Google it) passed as a U.S. Senate Bill that places FCC (Federal Communications Comission) Rate Caps on ALL INCARCERATED PEOPLES Telephone per minute Rate (max $0.16/min), Inmate Tablet Devices, Video Visits, and EMail messages.

As soon as a Civil Suit is filed to get compensation for overages on charges (price gouging), high power caliber attorneys will file Amicus Curie (friend of the court) Briefs joining the litigation as a vested party interest. These attorneys will charge $500.00+/per hour, pour in 1000 hours of litigation, win an easy suit and bill the county attorney fees for $500,000.00 and a settlement. If you go to trial, you - SCADC would lose.

A trial loss would mean from 12/28/2023 - present, a class action payment of at least $0.17/min ($0.33 - $0.35/per min charge by SCADC - minus the $0.16/min max charge is a difference of $0.17/min) for ever Gross Dollar made between that Period would have to be Reimburst, plus court cost, a fine, and SCADC attorneys fees. A few million out of the County budget for not doing your homework.

That is where it starts b/c the attorneys who practice this type of litigation go even futher. They go the Route of using The Prison Legal News (publication) to get FOIA (freedom of Information Act) Jail Rosters of all inmates and then they flood them with legal mail that the jail will Reject, lol. That's the GOTCHA moment because SCADC like so many small backwoods County jails will Reject all mail, publications, subscriptions, or books that are not the HOLY BIBLE. Look at the $11 million verdict

in legal fees against Maricopa County Sheriffs Office Jail in 2024 and the MCSO, city of PHOENIX has top notch attorneys. No attorney can save you whenever your facility is not in compliance and you have no legs to stand on.

Tech Friends is a small start up company that got lucky with a SCADC contract b/c nobody did analytical research. This is a pilot program service not infrastructurely established enough to operate a major county jail in this state - hence 1 wifi Router/per POD (LOL- insane) creates slow broad band spotty signal and not enough mega Hertz frequency to sustain the amount of devices used at one time on an OS (operating system). Prison Unit 50 ppl - 8 Wifi Router Boxes Super Max Security Prison 20 ppl/tier 4 Wifi Router Boxes; SMU- PHX jail 56 ppl/tier 10 Wifi Router Boxes. B/C attorneys use the video system & court on video kiosk that is portable. No wifi issues.

The key issues are simple. SCADC is charging inmates $0.05/minute

1) Law Library Access - it is ILLEGAL
2) Religious Services/Studies it is Immoral
3) Education Access - it is Unethical - SCADC has No School, GED or Education Services
4) Drug, Alcohol, Substance Abuse Services/Studies - Unconscienable
5) Mental Health & Wellness Study Material - Irresponsible
6) Rehabilitation & ReEntry - Program Material - Unbelievable
7) Electronic Library - E Books - -Outdatedly Oppressive
8) Facility Forms, Info, Commissary Health Services, Grievances, Policy Inmate Handbook } No Situational Awareness

Fixable Solutions for people not afraid to admit that: 1. unaware of 21st century corrections/jail/incarceration trends; 2) SCADC is negligently lacking in modern corrections; 3) SCADC has an obligation to the public (safety & tax payers) the inmate population, and the integrity of the services provided.

Printed: 4/29/2025 12:41:54PM

# Request Report - CLOSED

Request Number: 629035
Inmate Number: 66473
Inmate Secondary Number: 202500002470
Inmate Name: COLE, JOHN ANTHONY
Initial Location: SCADC BB BB06 .1

Submitted: 4/27/25 2:06 pm
Type: MEDICAL GRIEVANCI
Sub Type: BILLING
Current Location: SCADC BB BB06 .1

Stamp Action Detail User

4/27/2025 2:06:07PM
ORIGINAL REQUEST:
I WAS CHARGED 50.00 FOR AN XRAY FOR A TEBURCULOUS SCREEN. LOOK, I CAN UNDERSTAND AN OVERSIGHT, I NEED MY MONEY ASAP, NO EXCEPTIONS, NO EXCUSES. I AM A SENTENCED INMATE FROM THE ARIZONA DEPARTMENT OF CORRECTIONS. I AM IN SCADC ON INTERSTATE AGREEMENT ON DETAINERS FOR COURT. I EXPLAINED THAT I HAD A TB SCREENING IN OCTOBER 2024, MY RELIGIOUS BELIEFS AND NATIVE AMERICAN HERITAGE DO NOT ALLOW ME TO TAKE THE EUPOREANS POISON.,BESIDES SOMEONE SHOULD HAVE SAID THAT THIS WAS A PAID SERVICE. I WILL ONLY ASK ONCE PEACEFULLY AND RESPECTFULLY BC THIS FEELS SHADY. I NEED MY MONEY

4/28/2025 12:36:30PM LMORRIS
CLOSED:
Mr. Cole, I looked at your medical records from Arizona and didnt see a TB screen on them. I did see an influenza vaccination given on December 4th. With that information and your refusal for a TB skin test, protocol stated to rule out TB via chest x-ray. You are responsible for the cost of the x-ray and your money will not be refunded sir.

Printed: 4/29/2025 12:40:21PM

# Request Report - CLOSED

Request Number: 629124
Inmate Number: 66473
Inmate Secondary Number: 202500002470
Inmate Name: COLE, JOHN ANTHONY
Initial Location: SCADC BB BB06 .1

Submitted: 4/28/25 4:13 pm
Type: MEDICAL GRIEVANCI
Sub Type: BILLING
Current Location: SCADC BB BB06 .1

Stamp Action Detail User

4/28/2025 4:13:00PM
ORIGINAL REQUEST:
CHECK THIS OUT, FUCK WHAT YOU THINK YOU READ, BITCH YOU BETTER FIND MY MONEY SINCE WE ARE RESEARCHING INFO. TB SCREENING VACCINE 10/23/2024 ARIZONA STATE PRISON COMPLEC PHOENIX, ALHAMBRA UNIT. THE SCADC NURSING STAFF DID NOT INFORM ME OF A CHARGE TO MY ACCOUNT AS NO MF PRISON OR JAIL IN AMERICA CHARGES FOR A TB SCREENING. IF KNOWN THAT THERE WAS A COST ASSOCIATED WITH A SCREENING WHY THE FUCK WOULD I TAKE A TEST THAT I DONT AGREE WITH, AGAIN, BITCH YOU BETTER FIND MY MONEY OR I WILL TAKE IT AS SOMEBODY STOLE IT AND THEY WANT ME TO GET IT IN BOOD. TAKE IT HOW YOULIKE IT

4/29/2025 8:58:06AM ESMITH
CLOSED:
You were charged for the x-ray due to you refusing the skin test.

**SEBASTIAN COUNTY SHERIFF'S OFFICE**

SINCE 1851

Sheriff Hobe Runion

04/29/2025

To Whom It May Concern,

John Anthony Cole refused a TB skin test on arrival to Sebastian County Detention Center on the grounds of religious preference and a refusal to "put white man poison" into his system. He was then offered a chest x-ray for which he consented. TB skin tests are provided free of charge to inmates, but chest x-rays have a $50 charge as set forth by county jail policy. This cost is posted in all pods next to the kiosks and in medical, so all inmates are notified in advance about the cost of medications and treatment plans of services offered and rendered.

L Morris RN/HSA

Thank you, LaVersa Morris

800 South A Street
Fort Smith, AR 72901
(479) 783-1051
Fax: (479) 784-1595

*Honor and Integrity*

P.O. Box 337
Greenwood, AR 72936
(479) 996-2145
Fax: (479) 996-7771

04/30/2025

Threat letter incident report.

On or about the date of 04/30/2025 at approx 1100 hours I Deputy J. Mar was working in BB Pod conducting my routine unit checks when inmate John Cole handed me a sealed envelope containing a letter addressed to Captain J. Helmert. The letter indicated threats of violence towards jail staff, Jail administration, and their families. I immediately turned the letter over to Captain J. Helmert. Shift supervisor notified. End of report.

J. M D-31

To: Helmert,
SCADC Jail Admin.

From: John Anthony Cole
POD: BB Cell: 06

Checc this out. I don't know who or what you think that I am or what type of games that you think that I play but you, Helmert better do some real research bc I'm not the 1 period point blank If the SCADC does not have the following, I suggest that you stop disturbing my peace or get equipped.

1) Detention officers willing to kill or die for your bs, leave me in peace
2) An SRT (Special Response Team) - to Daily Run their team with 60 cal. handball grenades, tatical blast grenades, OC pepperball launchers foam baton rounds & tear gas - Daily, cuz when I go, I go on my time
3) 4-Point Restraint Table
4) Ambulatory Restraint Chair.
5) Employees with the Heart, Intestinal Fortitude, the Right amount of evil in their intentions, the mental stamina to stay alert, the discipline to stay out of Ft Smith Social Circles & Social Media that makes close loved one available while away on a 12-hrs shif - the please leave me be.

If your intel told you that I was old, lost a step, not in shape, erroded skill set or no heart, those are fair assessments until ppl realize that they're the ones in the situation -
I tell you this b/c I dont want to embaress my kid any futher. But, I'm getting tired of the Peace Disruption - stole my $ (for now) 50.00 (I will make you kill me in prison for less than that), Lt. McCasklin (twice - Tue/wed) mouth (sounds good), no Law Library, your staff refuses to answer my grievances or request, fine by me, but don't act like you're enforcing rules on me & not following them yourself Mr. Law enforcement. - Again every POD Deputy, phenominal Rapport (12 Hrs a day) but people like you or McCasklin hide when you throw rocks or start fires that others have to stomp out.
I've been here 23 days with humility, compliance, respectfulness, composure if you want me to show you the polar opposite it's E-Z to go from 0-100 and Nobody here wants that. No O/b

Respect I've seen your staff. Not cut like that on any level/ and I am.
You do not have a punishment at SCADC for me period. I AM IN PRISON
FOR THE REST OF MY LIFE. I WILL BE ON DEATH ROW IN A FEW YEARS
pick your battles better you can't beat me and I'm not trying to win
Situational Awareness will tell you that the streets love me. I'm the Big Homie of
this city Period Point Blank so fucc over me, see where that goes. I ask 4
respectful peace. Stop showing up in my space. Leave my $ alone (Refund it)
turn the law library on. Come read my real resume and I'm not operating
off of decades old work. I'M ACTIVE NOW, Ask Arizona

ADX Supermax / Lewisburg SMU 12yrs no mattress 10yrs no privileges 8yrs no clothes, TV, Radio
5yrs Nutraloaf Meal : Didn't call home for 16 yrs. Didn't talk to family for 22yrs
4 point restraint 6 times 120hrs, 96hrs x2, 72hrs x 2, 48hrs, 24hrs no
food/water/restroom - in other peoples waste - UTI, Bladder infection for refusing to
excrete/urinate - ice chips for food/liquid - this is mental fortitude
Hard Restraints belly chain shackles naked - 27 times 180days straight, 14days x 7
10days x 10, 8days, 7days x 3, 4days x 3, 2days x 2. I wear
Thompson Tattoos (Google it)
ADC - 5yrs - 4 lock down as a kid. Never called home.
Unbreakable on any level. Isolation single cell
17yrs - free $
If you or your people want to play, I never Duck Rec
pull another disrespectful stunt and there will be no more
talk, nor humility -
Again I respectfully, humbly ask for Peace, not for SCADC, but
for my child who lives in this community
OGTCOLE

# Incident Report

Incident: 2025-00000993

Sebastian County Sheriff's Office
**ORI Number:** AR0660000

**Print Date/Time:** 04/30/2025 14:48
**Login ID:** vsanchez

## Details

**Incident Type:** Information Only
**Incident Date/Time:** 04/30/2025 11:00 AM
**Incident Location:** BB Pod
**Description:** Threat letter.

**Reporting Officer:** 2364 - Mar
**Reported Date/Time:** 04/30/2025 11:41 AM

## Associated Incidents

## Subjects

| Name | Subject Type | Booking Number | Charges |
|---|---|---|---|
| Cole, John Anthony | Location | 2025-00002470 | N |

## Subject Charges

## Activity

**Activity Type:** Information Only **Activity Date/Time:** 04/30/2025 11:49 AM **Activity Subject:** Cole, John Anthony
**Officer:** 2364 - Mar **Comments:** Threat letter from John Cole to jail staff and administration.

## Violations

## Violation Notification

## Violation Investigation

## Violation Hearing

## Violation Discipline

## Violation Appeals

## Narrative

On or about the date of 04/30/2025 at approx 1100 hours I Deputy J. Mar was working in BB Pod conducting my routine unit checks when inmate John Cole handed me a sealed envelope containing a letter addressed to Captain J. Helmert. The letter indicated threats of violence towards jail staff, Jail administration, and their families. I immediately turned the letter over to Captain J. Helmert. Shift supervisor notified. End of report.

## Review History

| Date/Time: | Level: | Type: | Reviewer's ID: | Comments: |
|---|---|---|---|---|

**Signature:** ______________________ **Date:** ______________________

**Reviewed:** ______________________ **Date:** ______________________

**Medical Notified:** ________ YES ________ NO **Date:** ______________________

# Request Report



| | | | |
|---|---|---|---|
| Request Type: | MEDICAL GRIEVANCES | Request Subtype: | BILLING |
| Assigned Group: | MEDICAL GRIEVANCES | Assigned User: | |
| Request Number: | 627648 Status: CLOSED | Inmate Name: | COLE, JOHN ANTHONY |
| Initial Location: | SCADC BB BB06 .1 | Current Location: | SCADC BB BB08 .1 |
| Inmate Number: | 66473 | Inmate Secondary Number: | 202500002470 |

Stamp Action Detail — User

04/13/2025 01:48 pm

ORIGINAL REQUEST:

ON 04/09/25 I WAS CHARGED 7.00 FOR MEDS THAT I BROUGHT FROM ARIZONA DEPARTMENT OF CORRECTIONS THERE WAS 30 DAY SUPPLY. IS THE SCADC CHARGING FOR DELIVERY SERVICE? I NEED A REFUND. ALSO, IS THE ARIZONA DEPT. OF CORRECTIONS RESPONSIBLE FOR MY MEDICAL CHARGES SUCH AS SICK CALL OR DOCTOR VISITS

04/16/2025 09:29 am — MCLARK

CLOSED:

This has been voided

| | | | |
|---|---|---|---|
| Request Type: | MEDICAL GRIEVANCES | Request Subtype: | MEDICAL GRIEVANCE |
| Assigned Group: | SUPERVIVORS | Assigned User: | ESMITH |
| Request Number: | 628735 Status: CLOSED | Inmate Name: | COLE, JOHN ANTHONY |
| Initial Location: | SCADC BB BB06 .1 | Current Location: | SCADC BB BB08 .1 |
| Inmate Number: | 66473 | Inmate Secondary Number: | 202500002470 |

Stamp Action Detail — User

04/24/2025 12:34 pm

ORIGINAL REQUEST:

I NEED TO KNOW IF THE ARIZONA DEPARTMENT OF CORRECTIONS IS RESPONSIBLE FOR MY MEDICAL BILLS SUCH AS SICK CALLS AND DOCTOR VISITS. IM A SENTENCED INMATE ON AN INTERSTATE DETAINER FOR COURT.

04/24/2025 03:31 pm — MEDICAL

GROUP ASSIGNED CHANGED

TO MEDICAL GRIEVANCES

04/28/2025 12:30 pm — LMORRIS

USER ASSIGNED CHANGED

FROM <UNASSIGNED> TO [ESMITH] Smith, Eddie

04/28/2025 12:30 pm — LMORRIS

GROUP ASSIGNED CHANGED

TO CARE AND CUSTODY

04/28/2025 10:58 pm — TVAUGHN

GROUP ASSIGNED CHANGED

TO SUPERVIVORS

04/29/2025 10:00 am — ESMITH

CLOSED:

They are not responsible for your medical care while you are here.

Request Type: MEDICAL GRIEVANCES | Request Subtype: BILLING

Assigned Group: MEDICAL GRIEVANCES | Assigned User:

Request Number: 629035 | Status: CLOSED | Inmate Name: COLE, JOHN ANTHONY

Initial Location: SCADC BB BB06 .1 | Current Location: SCADC BB BB08 .1

Inmate Number: 66473 | Inmate Secondary Number: 202500002470

Stamp | Action | Detail | User

04/27/2025 02:06 pm

ORIGINAL REQUEST:

I WAS CHARGED 50.00 FOR AN XRAY FOR A TEBURCULOUS SCREEN. LOOK, I CAN UNDERSTAND AN OVERSIGHT, I NEED MY MONEY ASAP, NO EXCEPTIONS, NO EXCUSES. I AM A SENTENCED INMATE FROM THE ARIZONA DEPARTMENT OF CORRECTIONS. I AM IN SCADC ON INTERSTATE AGREEMENT ON DETAINERS FOR COURT. I EXPLAINED THAT I HAD A TB SCREENING IN OCTOBER 2024, MY RELIGIOUS BELIEFS AND NATIVE AMERICAN HERITAGE DO NOT ALLOW ME TO TAKE THE EUPOREANS POISON.,BESIDES SOMEONE SHOULD HAVE SAID THAT THIS WAS A PAID SERVICE. I WILL ONLY ASK ONCE PEACEFULLY AND RESPECTFULLY BC THIS FEELS SHADY. I NEED MY MONEY

04/28/2025 12:36 pm | LMORRIS

CLOSED:

Mr. Cole, I looked at your medical records from Arizona and didnt see a TB screen on them. I did see an influenza vaccination given on December 4th. With that information and your refusal for a TB skin test, protocol stated to rule out TB via chest x-ray. You are responsible for the cost of the x-ray and your money will not be refunded sir.

---

Request Type: MEDICAL GRIEVANCES | Request Subtype: BILLING

Assigned Group: MEDICAL GRIEVANCES | Assigned User:

Request Number: 629124 | Status: CLOSED | Inmate Name: COLE, JOHN ANTHONY

Initial Location: SCADC BB BB06 .1 | Current Location: SCADC BB BB08 .1

Inmate Number: 66473 | Inmate Secondary Number: 202500002470

Stamp | Action | Detail | User

04/28/2025 04:13 pm

ORIGINAL REQUEST:

CHECK THIS OUT, FUCK WHAT YOU THINK YOU READ, BITCH YOU BETTER FIND MY MONEY SINCE WE ARE RESEARCHING INFO. TB SCREENING VACCINE 10/23/2024 ARIZONA STATE PRISON COMPLEC PHOENIX, ALHAMBRA UNIT. THE SCADC NURSING STAFF DID NOT INFORM ME OF A CHARGE TO MY ACCOUNT AS NO MF PRISON OR JAIL IN AMERICA CHARGES FOR A TB SCREENING. IF KNOWN THAT THERE WAS A COST ASSOCIATED WITH A SCREENING WHY THE FUCK WOULD I TAKE A TEST THAT I DONT AGREE WITH, AGAIN, BITCH YOU BETTER FIND MY MONEY OR I WILL TAKE IT AS SOMEBODY STOLE IT AND THEY WANT ME TO GET IT IN BOOD. TAKE IT HOW YOULIKE IT

04/29/2025 08:58 am | ESMITH

CLOSED:

You were charged for the x-ray due to you refusing the skin test.

**Total Requests:** **4**

①

SEBASTIAN COUNTY DETENTION

INMATE GRIEVANCE FORM

NAME: Cole, John Anthony DATE: 04/08/2025 POD: BB

**STEP A:** An informal discussion of your grievance with a Floor Deputy to solve the matter is required before proceeding to Step B.

I have discussed this grievance with the above inmate on: Date 04/08/25 Time ____

Floor Deputy Signature [signature] Date 4-8-25 Time 8:06

******************************************************************************

**STEP B:** If the grievance was not resolved at Step A, state clearly and legibly below and submit form to the Shift Sergeant.

Describe your complaint: Due Process violation of (U.S. Constitutional Amend. 14th) pretrial Detainee being assigned to Administrative segregation without proper notification, alleged acts of misconduct or rules violation, no arbitration hearing, no ability to state a defense, call witnesses, present evidence or appeal the Ruling (see attached for continuation)

Requested solution: Classification Reduction, Equal Privileges as non-segregated Inmates (Phone, recreation dayroom, Electronic Tablet Device & Visitation allotment) moved to general population

Inmate signature: [signature] Date 04/08/25 Time ____

Shift Sergeant's decision Upon your arrival, You were placed in Administrative Segregation (Separation) due to current charges and past charges and → See back

Shift Sergeant's signature Sgt. [signature] D-4 Date 4-9-2025 Time 10:30am

******************************************************************************

**STEP C:** If the grievance was not resolved at Step B, fill out this section and submit form to the jail administrator.

Inmate Signature [signature] Date 04/10/25 Time ____

Jail Administrator's Decision See attached document on pages 3 and 4 for response

4/10/25 - Appeal Cont. (4)

A written Report was filed and Admin. seg was Approved by Captain Helmert for reasons listed in Sgt. McGrew's Response in section B of this grievance.

Received 04/11/25 Lt K Taulbee / Lt. K. Taulbee 4/10/25 5:21p

04/12/25 This timely appeal is in response to Step C of the Inmate Grievance Process appeal to the SCADC Jail Administrator. The response by Lt.K. Taulbee actually makes my case in the sense of a Due Process Violation has occurred. As the subject of Punishment (Admin.Segregation; Admin Separation; SMU-Special Management Unit; SHU - Special Housing Unit; ADX-Admin. Max; Detention; The Hole), whatever name it is chosen to be delegated to, upon placement by any jail or prison, officials must notify in writing within 24 hours of placement and designation to one of these Restrictive housing units. This is basic prison/jail 101; the SCADC Administration is not above the standards set by the ACA (American Correctional Association), the Supreme Court or the U.S. Constitution. Step 1 for Admin Segregation - Notice of Placement; Step 2 Hearing. Step 3 Arbitration Ruling. Step 4 Appeal Process. Step 5 Determination of Sentence, Sanction, Punishment, and Consequence. The Step 1 Notice of Placement must have Reasons stated supported by documents & statements of fact. These facts must be produced by credible sources, withstand scrutiny under penalty of perjury in the court of law as factual documents that have been proven by a court, disciplinary hearing, or admission of guilt. In step 2, the accused has the RIGHT to dispute allegations, present evidence, & call witnesses. Step 4 Allows for an appeal to the ruling by either party. Step 5 provides a form of Relief that is set by participating in levels, phases, allotted amount of time duration and there is a period imposed under an operating Guideline that has checks & balances as safeguards to prevent abuse of discretion where there is no Remedy or Relief from conditions of confinement. There is no longer a sanction or placement of Indeterminate SHU, Solitary Confinement, or Admin. Seg in the USA. People, please do your homework b/c I've done mine extensively and it says that the SCADC has violated my 14th Amendment to the U.S. Constitution - Due Process as a Pretrial Detainee.

To nitpick Lt. Taulbee's Detention Policy 3.02. A) Poor Adjustment to General population. * Based on what criterion (I have not been housed in SCADC since 2003 - 22years ago; B) Inmates safety... These issues are new to me as I didn't know any existed; C) Threat to harm himself others or property... where does this justification arise from. (Since my placement in SCADC I have been nice, courteous, respectful, humble, compliant and flexible to fluctuating Rules; D) changes in inmates status... I'm confused. Incomplete thought in writing response; E) Mental Health problems, Substance Abuse Problems, Drunkness. - I have a report from a world Renowned Neurobehavioral Psychiatrist - Dr. Manuel St. Martin, M.D, J.D that SCADC can read at my cell. I've never had mental health problems or issues., MARCH 05, 2024 - Never had Substance Abuse or Alcohol problems, usage or history (lol ☺ everybody knows I'm clean, sober & healthy, totally against chemicals. do your homework)

John Cole
BB POD

In conclusion, SCADC has no justification for my continued placement in isolation and to continue to violate my Due Process Right. If this situation is not immediately rectified, legal Recourse will be an option that includes Civil suits vs. the County, the Sheriff, the Sheriff office, and all participants in their official capacity and individual capacity, not limited to but including the U.C.C. (Uniform of Commercial Code) where I will personally place leins upon property, mortgages, loans, income, and check Garnishments for future earnings subjected to legal liabity for 1st Amend (Retaliation; Liable) 14th Amend (Due Process) 8th (Cruel & Unusual) 4th (Due Process)

I have all day & the rest of my life [illegible]

(2)

past Convictions. Your History of violence and Length of Incarceration, Also reports recieved From Arizona Dept. of Corrections and During your transport to our facility. You were placed in max Security and will have a weekly review of Administrative separation.

Since you are not on disciplinary Separation you will still have access to phones, tablets, Kiosk and visitation.

Sgt. McGrew D-4
4-9-25

04/10/25

Grievance Response Appeal
To: SCADC Detention Assistant Administrator

- Pursuant to the SCADC Inmate Handbook, the Grievance Appeal Process is available within 3 days of a response. This timely appeal is in response to the Reply from Sgt. McGrew, D-4 on 04/09/25.
- Although a logical explanation has been provided, it does not absolve the SCADC from violating the U.S. Constitution's 14th Amendment - Due Process Clause governing Pretrial Detainee. This clause clearly states that Equal Protection under the law is a Constitutional Right. Once infringed upon, the plaintiff of a 42 U.S.C.S. §1983 claim (Civil Suit) prevails when he shows that (1) acts by the defendant (2) under color of state law (3) deprived the plaintiff of Federal Rights, privileges or immunities and caused the plaintiff damages (See Thornton v. City of St. Helens, 425 F.3d 1158, 1163-64 (9th Cir 2005)
- In Bell v. Wolfish, 441 U.S. 520 (1979) and Graham v. Connor, 490 U.S. 312 (1986) the Supreme Court Answers the appropriate 14th Amendment Due Process Clause Question.
- The reply by Sgt. McGrew does not mention what process the SCADC used to make the Administrative Separation determination. There has been no 24 hour notice filed or served that has relevant factual basis to support the claims made (documentation, reports). There has been no hearing to present evidence, dispute claims, or seek appellate review - the basis of Due Process.
- Facts - The Arizona Department of Corrections, Phoenix Police Department, and Maricopa County Sheriffs office are all operating under the Jurisdiction of the U.S. Dept of Justice, Office of the Inspector General - Consent Decree. (Jensen v. Thornell CV 12-601-PHX-ROS) (06/14/2024) U.S. Attorney General Garland; 2012 U.S. Dept of Justice v. Arpaio; Gov Katie Hobbs 2024 "The AZ DOC lies about everything" and this is your [illegible] [illegible] U.S. Constitutional Rights [illegible] of Due Process

③

John Anthony Cole #664173
POD: BB Cell 08
Date: 04/08/25
Inmate Grievance Continuation

Step B: Complaint.

thus in violation of the SCADC inmate handbook (updated October 2024) Bell v. Wolfish (U.S. Supreme Court) and Wolff v. McDonnell, 418 U.S. 539, 418 U.S. 556 applying principles institutional needs and objectives to pretrial detainees.

There is no Sebastian County Adult Detention Center Department Order, Program Statement, or Policy that is readily made available with concerns to inmate Custody Classification (such as levels, rank, phases, status, Security Threat Group STG - Special Needs) for separation of inmates by charges, convictions, or allegations without the use of the Inmate Disciplinary Process.

For inmates assigned as administrative segregation without due process or the benefit of a Classification Committee that provides a system of notification, allegations, hearing, appeal or relief from sanctions and conditions it is a clear violation of U.S. Constitutional Rights (1st, 4th, 5th, 14th) for retaliation, illegal detention, and due process infringements.

Step C

4/10/25 - Sebastian County Adult Detention Policy 3.02 says an inmate may be placed on Administrative Segregation with Shift Supervisor Approval for the following reasons: 1. A. Poor Adjustment to general population;
B. Indications that an inmate may need to be separ from other inmates in order to ensure their safety;
C. Determination that an inmate poses a threat of da or harm to (a) him/herself; (b) others; or (c) property;
D. Changes in an inmate's status that may require more supervision; or,
E. Mental health problems and substance abuse problem [illegible]

Sgt Boyd
Delivered See Narrative

John Anthony Cole # 66473
PCD 5B Cell C8
Date 01/08/2025
Re: Legal Property Storage

I respectfully need the remaining items in my legal property before I am scheduled for court tomorrow (04/...

- The Ark. Rule of Criminal Procedure

* I will be self represented - along with Ark. Rules of Court & Rules of Evid...

— All legal material is needed to... accounted for open cases

United States District Court for Arizona
1) case # 2:23-cv 01427-PHX-ROS-ASB (...

United States District Court for Illinois
2) 3:22-CR-30055-DWD

3) Superior Court for State of Arizona
Case #: CV2025-004464 (02/05/...

4) Superior Court for State of Arizona
Case # CR2022-136118-001 (04/01/25)

5

# Incident Report

Incident: 2025-00000802

**Print Date/Time:** 04/29/2025 12:34
**Login ID:** vsanchez

Sebastian County Sheriff's Office
**ORI Number:** AR0660000

## Details

| | | | |
|---|---|---|---|
| **Incident Type:** | Information Only | **Reporting Officer:** | 2052 - Boyd |
| **Incident Date/Time:** | 04/08/2025 08:35 PM | **Reported Date/Time:** | 04/09/2025 12:23 AM |
| **Incident Location:** | | | |
| **Description:** | I/M Cole, Johnathan<br>Booking<br>Reviewing inmate paperwork prior to giving to I/M Cole | | |

## Associated Incidents

## Subjects

| Name | Subject Type | Booking Number | Charges |
|---|---|---|---|
| Cole, John Anthony | Suspect | 2025-00002470 | N |

## Subject Charges

## Activity

**Activity Type:** Information Only **Activity Date/Time:** 04/08/2025 08:35 PM **Activity Subject:** Cole, John Anthony

**Officer:** 2052 - Boyd **Comments:**

## Violations

## Violation Notification

## Violation Investigation

## Violation Hearing

## Violation Discipline

## Violation Appeals

## Narrative

On 04/08/2025 at approximately 08:35 pm, I Sgt. Boyd, began to look through Inmate (I/M) Cole, Jonathan's legal paperwork for any potential contraband. I started and stopped on three separate times. At approximately 12:16 am, myself, Cpl. Willard, Lance Cpl. Bias and DFC Vass delivered the box of legal paperwork to I/M Cole in cell BB06 without incident.

The times that I was actively reviewing the property was:

04/08/2025 - 08:35 pm - 09:16 pm
04/08/2025 - 09:21 pm - 09:48 pm
04/08/2025 - 10:14 pm - 11:31 pm
04/09/2025 - 12:16 am - Box delivered

NOTHING FURTHER TO REPORT

---

On 04-09-25, I Cpl. Willard, at approximately 00:16 with Sgt. Boyd, LCpl. Bias & Deputy Vass walked Inmate John Cole's legal files down to BB Seg and handed him his box of files without incident.

Willard 2498

Nothing further to report at this time

## Review History

# Incident Report

Incident: 2025-00000802

**Print Date/Time:** 04/29/2025 12:34
**Login ID:** vsanchez

Sebastian County Sheriff's Office
**ORI Number:** AR0660000

| Date/Time: | Level: | Type: | Reviewer's ID: | Comments: |
|---|---|---|---|---|

**Signature:** ______________________ **Date:** ______________________

**Reviewed:** ______________________ **Date:** ______________________

**Medical Notified:** ________ **YES** ________ **NO** **Date:** ______________________

TO: SCADC Jail Administrator Captain Helmert

FROM. COLE, John Anthony, Booking # 25-247

POD: BB Cell: 08

Date: 04/09/2025

Re: Legal Access

Captain Helmert:

Due to the unique security measures taken by the Administration of the SCADC it is imperative that an open dialogue of communication take precedents so that there is a level of understanding and expectations that are mutually agreed upon while maintaining the safety and security of the facility and the public without violating my Civil & Constitutional Rights that are protected under the 14th Amendment as a Pretrial Detainee.

This facility is not equipped to provide the resources needed for self-represented inmates preparing for jury trial. There is no adequate law library nor any available digital access by way of the Inmate Electronic Device (Tablet) that allows for case research, court Rules, and criminal procedure.

There are subscription services that are available to be downloaded as an application (app) to the tablet device from Lexis/Nexus Westlaw. For this facility to not have adequate access to a digital law library at any give time, it is beyond inexcusable and borders on deliberate negligence.

Being a self-represented pretrial detainee, I have the right to reasonable access to the courts and to legal represenatives (attorneys, paralegals, investigators, expert witnesses, and witnesses). This is done by means of private & priviledged telephone communications and digital e-messaging.

The unnessary, unjustified, and non-dueprocessed placement into a 23 hour lockdown segregation unit denys me the opportunity to perform functions and task that will properly aid and assist in my pretrial & trial preparations.

Because of the designed systemic disregard for Prisoner's Rights in the SCADC I am being retaliated against, systemically targeted, and denied the opportunity and ability to put forth an adequate defense that preserves my Constitutional Rights and preserves the integrity of the judicial process. This level of excessive scrutiny has reached the publics attention thus potentially prejudicing a jury pool before the commencement of a trial date.

It is beyond obvious that this level of security and scrutiny will not be lifted during my incarceration at the SCADC. For the Record, I pose no threat to the public, the SCADC staff, inmates, or the orderly operation of this institution. These conditions of confinement are illegal, unconstitutional, unjust, and unnecessary and if they do not cease, I will have no other

alternative than to seek legal recourse in the form of a civil suit that I am more than capable of the likelihood of success on merit alone as I have mastered the illegal administrative segregation litigation.

Before we get to this point of legal remedy, I would hope that there is an alternative resolution to transpire where the safety of the institution is not compromised and my Pretrial Detainee Rights have not been infringed upon. I have been in accordance & compliance with the rules governing this facility and I have been more than humble, respectful, and courteous to all that I have encountered because I choose to do so regardless of the energy that is projected from others.

In closing, I need the ability to live in a sanatary environment (in accordance with SCADC handbook rules) as this cell and housing area is disrespectfully unsanitary. I need to be able to order commissary & hygiene items from the store and I need the ability to communicate with my legal team as well as family & friends via telephone & email messaging.

Thank you for your time, consideration, and assistance in this matter. I hope that we can reach an understanding and keep an open dialogue line of communication through out my incarceration at the SCADC.

Respectfully Submitted on this 9th day of April 2025
John Anthony Cole
[signature]

# SEBASTIAN COUNTY SHERIFF'S OFFICE

SINCE 1851

## Sheriff Hobe Runion

To: Cole, John Anthony
From: SCADC Jail Administrator Helmert

Date: 4/10/2025

Regarding your concern of a sanitary environment, cleaning supplies will be given to you so that you may clean. The cleaning supplies will be given back within a reasonable amount of time the same day they are given.

Addressing the concern, you have about being in administrative segregation, every Tuesday a review board will look over your classification. Every inmate that comes in on your current charge begins in administrative segregation and reviewed weekly. Depending on your classification, you will then be housed accordingly.

A solution for tablet access is being worked on by our Director of Inmate Management Smith, and your patience would be appreciated. We are waiting on the tablet company's response to grant you more time on the handheld. The tablet grants you the ability to communicate with family, the inmate handbook, The Law Library, and many more features. You will be given access to a kiosk.

800 South A Street
Fort Smith, AR 72901
(479) 783-1051
Fax: (479) 784-1595

*Honor and Integrity*

P.O. Box 337
Greenwood, AR 72936
(479) 996-2145
Fax: (479) 996-7771

To: SCADC Jail-Administrator
Captain Helmert.

John Anthony Cole, SCADC #66473
POD: BB Cell: BB08
04/10/2025

Re: Reply to Response:

CPT. Helmert,

First of all I would like to commend you on addressing the issues of my current security concerns and conditions of confinement. The courtesy extended is respected and appreciated. Although you did not ask for a unique situation, you inherited it and nobody understands more that I do as I have lived this for decades; Therefore it is imperative that we get an understanding, agreement, and come to terms with what is expected from all parties because I will be in Seb. Co. Circuit Court for at least one year.

By no means will I try to tell you how to operate your facility where I am concerned. I am not oblivious to my situation or circumstances, but I do have a résumé, history, and experience in many institutional facilities that would qualify me to offer up suggestions & solution possibilities that will provide the SCADC with it's security objectives for my confinement conditions without violating my rights to the following: Humane Treatment, Access to the Courts, Access to legal research, Access to legal resources/supplies - pens, paper, folders, envelopes, etc., and assigned legal personnel by way of tele/digital communications; the ability to have in person/video visitation.

(1) Solutions for the Inmate Electronic Tablet Device is as simple as this: Assign a Tablet to me that I will be responsible for. All major county jails in the USA (LA, PHX, HOU, Dallas, Tucson) and prisons have individually assigned devices. The device has the Law Library Application (I'm assuming) I am Self-Represented as a Pro.per/Pro.se Defendant. There will be a conflict of interest by not providing adequate access to a law library since SCADC does not have a law library while acting as a Pretrial Detention facility, honestly it's almost inexcusable but only by situational circumstance has SCADC not housed inmates proficient in legalese or those whom represent themselves in complex criminal cases. One hour per day of usage is not sufficient nor realistic for a modern Pretrial Detention facility that houses hundreds of inmates.

(2) Legal Communication Solution - Once I am provided with a legal team (Advisory Counsel, Paralegal, Investigator, Mitigation Specialist, Expert Witnesses, and an Office of Public Defense Services) I will have to be able to have reasonable access to these resources during business hours and without time constraints in order to prepare an adequate defense for Jury Trial because there will be no acceptance of a plea.

The simple solution that the SCADC administration could justify is that I am "safe" inside of the BB-5 segregation area with access to the Telephone with the same hours of operation as the General population unit/pod inmates.

Again, I can't reiterate it enough, I pose no threat to the order, safety, or security of this facility, not the staff nor the inmates. Am I a certified Supermax inmate, Yes. Do I initiate problems

NO. I am not a bully, troublemaker, trash talker, cell-warrior, or reputation chaser.

My word allows me access to walk on any prison yard in the USA at the highest levels and most dangerous places. When I give my word that's just what it is and what it's always been. Am I dangerous? The record speaks for itself, but I'm fair, principled, disciplined, and beyond belief humble & respectful. I will always be in opposition of oppression, abuse, and unethical activity.

My priority at the SC ADC is to provide an adequate defense for my criminal case. During this period I will be in contact w/ family & friends. There is no hidden agenda, ulterior motive, or secret vendetta. I'm more than content with isolation to focus on my priorities as long as my rights are not violated and a clear understanding is established for what to expect.

I don't want to go the Civil Law Suit matter because my plate is full and I feel like a resolution is the best alternative (although I could make time ⌣) example: the Excessive Phone Call per minute rate exceeds the instate/interstate $0.16/per minute established by Congress through the F.C.C (federal communications commission) with a U.S. Senate Bill (the Martha Reed-Wright Act) passed in Dec. 2022, mandated to be effective Dec 28, 2023. The SCADC is out of compliance - Useless knowledge that I posses that could become useful.

Let me do my time, make the proposed solutions the best compromise and we move forward in peace, respect, humility, civilization, and have all penological interest served in coexistance.

Thank you for your time, consideration, understanding & assistance in this matter. Respectfully [signature]

To: SCADC Shift Supervisor
Re: Operational Questions
Date: 04/10/2025

John Anthony Cole ~~T807069~~
PHOENIX-AZ-MCSO-INMATE LEGAL SERVICES
MARICOPA COUNTY SHERIFFS OFFICE
INMATE LEGAL SERVICES
3250 W LOWER BUCKEYE
PHOENIX, AZ 85009

Could you please proved the following information at your earliest conveinence. Thank you in advance.

1) Criminal Court Docket with: a) Pending Court Dates, b) Judicial Assignment of Judge and State's Prosecution.

2) During Physical "In-Court" Appearences, am I required to be handcuffed & martin chained?

3) Does this facility provide any Inmate Legal Services such as:
   a) Copies of legal material for Self-Represented Defendants
   b) legal forms & packets (ex "42 U.S.C.S §1983 Civil Suit Packet, Court motion templates)
   c) the ability to make legal copies from the Inmate Electronic Tablet Device's Law Library?

4) Are personal books, subscriptions, and literature allowed into the facility? If so, what is the protocol & method required?

5) Does the Administrative Separation ^POD^ have access to the News media.... Television, Newspaper, Radio

6) Is there a Program Statement, Department Order, or Policy Handbook governing the SCADC operations that has Codes, § sections, and A.C.A. (Arkansas Code Annotated) statutes to support the SCADC functioning & Operational guideline --- Not the basic handbook.

SEBASTIAN COUNTY DETENTION

INMATE GRIEVANCE FORM

NAME: [illegible] DATE: [illegible] POD: BB SEG

**STEP A:** An informal discussion of your grievance with a Floor Deputy to solve the matter is required before proceeding to Step B.

I have discussed this grievance with the above inmate on: Date ________ Time ____

Floor Deputy Signature Sanchez Date 4/15/25 Time 0700

Given by Dep. Biggs (T2)

*******************************************************************************

**STEP B:** If the grievance was not resolved at Step A, state clearly and legibly below and submit form to the Shift Sergeant.

Describe your complaint: I have $55.00 missing from my inmate phone account that I have NOT used from (04/11/25-04/14/2025). My Phone PIN Number Has been compromised by the SCADC Detention officers (inadvertantly) in an attempt to utilize the Inmate Tablet Kiosk. (Bedwell / Betts) The officers had me write down my PIN Number (which I did not know (I think) that there were 3 separate PIN numbers for KIOSK, Tablet, PHONE since there has been no instructions to the Devices and I had no access to the kiosk until 04/11/2025. In order to get a tablet in Seg, the Detention officer had to use my

Requested solution: Refund Money from calls not made by me. ($55.00); Reset Phone PIN Number Provide Detailed Phone Records Log from 04/10/25 - 04/14/2025

continued on separate page

Inmate signature: [signature] Date 04/14/25 Time ____

Shift Sergeant's decision Sgt. McGrew - See Memo form.

Shift Sergeant's signature Sgt. McGrew Date 4.15.25 Time 10:17am

*******************************************************************************

**STEP C:** If the grievance was not resolved at Step B, fill out this section and submit form to the jail administrator.

Inmate Signature ________ Date ________ Time ____

Jail Administrator's Decision ________

Sebastian County Detention Inmate GRIEVANCE FORM

John Anthony Cole. 04/14/25 BB Pod.

CONTINUED

PIN number and booking number to receive a tablet. I wrote the only PIN number that I had access to .. my inmate telephone PIN which I asked Bedwell 3 times if he's sure that I think I give my PIN number to which was confirmed. The officer returned and said that it was the last 4 of my social security number that was needed.

Upon checking my phone account after Saturday 04/12/25, I noticed a $5.00 discrepancy that my account was on $0.00. I placed $10.00 from the Kiosk transaction and $50.00 was added by Amid Brock on 04/13/25. I did not use the phone on 04/13/25. I checked my account on 04/14/25 and my account was at $0.00. I am on 23/hr lock down. Please provide a detailed call log of the calls made to my account. I will find the number, I will forward to my people and we will find who stole my money.

Numbers that I call (530)-788-6974; (479)-719-8107; (479)-719-6357 (479)-459-5655; (479)561-3787, The only numbers that I've made contact with. Review your camera, match the calls with my time out of cell. Refund my money. If I find who stole my $, I'm going to get them mashed, bashed, smashed & thrashed in BB Pod. If I catch them in prison, the penalty for jail theft is death.

The detention officer made an error due to the restrictions of my housing status and lack of access to the kiosk, Tablets and the ability to visit. The officer allowed another inmate access to my PIN number because Captain Helmert is on NONSENSE.

Relief sought: Reset my phone PIN number. Refund my money $55.00. Send the list of phone numbers that have been charged to my account in a detailed statement.

[signature]

SEBASTIAN COUNTY SHERIFF'S OFFICE

SINCE 1851

Sheriff Hobe Runion

April 15, 2025

The phone pin and tablet pin has been reset in the system. It may take some time but the $55.00 will be added to your books by the end of today to account for the money stolen from you. As a precautionary measure to ensure this does not happen again please do not give any of your information out to other inmates, A supervisor will be the only ones to check a tablet out for you or a supervisor will ensure the pod is locked down so you can check the tablet out yourself, this will be whichever is feasible at that time.

In your grievance you listed five numbers stating they are the only numbers you call so all calls that were not one of the five listed numbers has been blocked from the facility. This will prevent any inmate from calling those numbers due to the theft.

Detailed records of phone numbers placed will not be given due to the situation being addressed and the money being deposited into your account later today. The safety of other incarcerated individuals must be protected, and your grievance suggests harm against any that were involved in this incident. This request will be denied for safety reasons.

Sgt. [signature]

SEBASTIAN COUNTY DETENTION

INMATE GRIEVANCE FORM

NAME: John Anthony Cole #66473 DATE: 04/19/2025 POD: BB

**STEP A:** An informal discussion of your grievance with a Floor Deputy to solve the matter is required before proceeding to Step B.

I have discussed this grievance with the above inmate on: Date ______ Time ______

Floor Deputy Signature [signature] D35 Date 04/19/25 Time 2000

**************************************************************************

**STEP B:** If the grievance was not resolved at Step A, state clearly and legibly below and submit form to the Shift Sergeant. I am being denied access to the Law Library.

Describe your complaint: As a PreTrial Delainee incarcerated in a County Jail I have the right to have access to the Legal law Library with Reasonable time allotment without having to provide a surcharge for a service of case law Research, statute interpretation court rulings and State & Constitutional law. The inmate tablet device offers a law

Requested solution: Place a moratorium on the surcharge of the law library. Allow me access to an inmate tablet device with enough time to use the law library. Reimbursment of time spent on Law library

Inmate signature: [signature] Date 04/19/25 Time ______

Shift Sergeant's decision You have access to the law library for No chargeas long as you do not go the to the gold pass first

Shift Sergeant's signature Sgt E. [signature] Date 4/28/25 Time 1251

**************************************************************************

**STEP C:** If the grievance was not resolved at Step B, fill out this section and submit form to the jail administrator.

Inmate Signature ______ Date ______ Time ______

Jail Administrator's Decision ______

Signatu...

SEBASTIAN COUNTY DETENTION

INMATE GRIEVANCE FORM

NAME: John Anthony Cole DATE: 04/20/2025 POD: BB

**STEP A:** An informal discussion of your grievance with a Floor Deputy to solve the matter is required before proceeding to Step B.

I have discussed this grievance with the above inmate on: Date ________ Time ______

Floor Deputy Signature [signature] Date 4-20-2025 Time 1808

*****************************************************************************

**STEP B:** If the grievance was not resolved at Step A, state clearly and legibly below and submit form to the Shift Sergeant. I am unable to utilize the Inmate Electronic Tablet

Describe your complaint: Device Video Visit Feature. I have had two separate video visits (04/20/2025 & 04/17/2025) with Wanda Brewer-Jones that were inoperable due to connectivity issues of either limited WiFi or the inability to have a face in the Box. I need a Refund. No exceptions, No excuses. (30 minutes x 35¢/minute $10.05 & we quit)

Requested solution: Refund the stolen Money. My mother is not your HOE, she doesn't work to get hustled by Hillbilly theives.

Inmate signature: [signature] Date 04/20/25 Time ______

Shift Sergeant's decision The person will need to contact the tablet company and ask them for a refund

Shift Sergeant's signature [signature] Date 4/28/25 Time 1249

*****************************************************************************

**STEP C:** If the grievance was not resolved at Step B, fill out this section and submit form to the jail administrator.

Inmate Signature ______________________ Date __________ Time ______

Jail Administrator's Decision ______________________

Si...

POD: BB Cell: 06
DATE: 04/23/25

TO: Captain Helmert
SCADC-Jail Admin
Re: Status Update

Cpt. Helmert,

With all due respect that isn't deserved nor has it been earned at the SCADC to you or your administration and policies implemented concerning my restrictive security measures, what are your goals, objectives, and agenda?

At best, this facility is so out of compliance with backwards, hillbilly policies and infrastructure that is not in compliance with the early stages of modern-day, 21st century corrections, pretrial detention, community punishment, penal reform, or jail practices starting with the implementation of the PLRA (prison litigation reform act) of 1994/1995.

Please know that if you and your administration continue to take inconsistent, unstructured, chaotic-makeup policies as you go along type of measures, I will be forced to take legal action.

ISSUES - (you have 24 hours to address these issues before I put them in front of the Honorable Judge Gunner Delay and then a notice of claim to the U.S. District Court for the Western District of Arkansas before a U.S. Magistrate Judge)

1) Grievance Policy - I turned in a grievance on 04/09/25 with a Due Process Complaint. Sgt. McGrew responded 04/09/25. I appealed on 04/10/25. Response from Lt. Taul (can't read the writing). I submitted a timely response 04/13/25. - There has been no reply.

This county jail does not have a Grievance Coordinator, Legal Liaison, Paralegal, On-Site Staff Attorney, In-House Inmate Legal Services nor a system of tracking submitted Informal Complaints or Institutional Grievances as there is no tracking number associated with the filings (example #2025-000123-A, damn, lol) — I need a

Response or the SCADC has essentially denied me of DUE PROCESS again by preventing access to the ADMINISTRATIVE REMEDY PROCESS. Essentially this is an admittance of FAULT that allows me the ability to move to the next step of Civil Litigation because SCADC has provided no relief, resolution, or response as required by PLRA that all AVAILABLE REMEDIES ARE EXHAUSTED.

2) Scheduling- Out-of-cell time for my situation is defined as what? What are the measures of security taken (restraints searches, stripout, hands-on policy, SCADC deputies in BB-Seg Day Room, Outside Rec)? There is no consistency which creates confusion, chaos, and frustration because there is no system in place. This is what a U.S. Constitutional 1st Amendment Civil Rights violation of RETALIATION looks like. Unjustified punishment or measures taken without rhyme, reason, structure or department program policy statement and orders served as a guideline.

A.) Daily Newspaper B) Ability to Shave/Groom (weekly) C) Cell Lighting / Security Light at Night D) Free Law Library access F) Assigned Inmate Electronic Tablet Device. G) Access to cleaning supplies - disinfectant chemicals, cleaning rag/towel, green scratch pad/toilet brush, mop & broom - BASICS FOR INCARCERATION.

3) INMATE CLASSIFICATION -Policy/System

- I'm requesting a copy of an updated/current SCADC Program Policy Statement or Department Order for Inmate Classification Assignment. *This policy should have custody levels (low, minimum, medium, maximum, super maximum, close custody, restrictive) - you know real classifications. This policy should include*

Gang Validation, Disruptive Groups, Security Threat Groups (STG), Special Needs Inmates (PC, protective custody, SMI - serious mental illness) and the appropriate housing assignments
Ad Seg (Administrative Segregation), Ad Sep (Admin. Separation), GP (General population) RH (restrictive Housing), RTH (Refuse to House), DS (Disciplinary Segregation), SHU (Special Housing Unit), SMU (Special Management Unit)

Where do I fit in categorically? How did the SCADC make this determination? Is this Indeterminate Lockdown (SHU)? - That's been outlawed There has to be a level, phase, or program step taken for advancement besides duration of time elapsing.
I can go on and on, if you want to play prison, I have over 25 years of a solid, stomp down Resume that is confirmed, validate, respected, and knowledgeable - SCADC is violating my Rights.

- 4) Reform - ACLU, Government Watchdogs like the Marshall Project can be notified about the non-compliance of FCC (Federal Communications Commission) Inmate Communications for Fair & Just Pricing (MARTHA WRIGHT-REED act signed into law 2023) or PLN (Prison Legal News) for your restrictive mailpolicy. Google the lawsuits vs. small county jails.
Say this out loud, SCADC is charging PreTrial Detainee Inmates $ U.S Dollars to Access 1) Legal law Library Research 2) Religious Studies 3) Alcohol, Drug/Substance Awareness Courses 4) Education Services - b/c SCADC does not have a GED program or education Dept. 5) Rehabilitation & Re Entry Programs - for sentenced inmates or soon to be released inmates 6) Mental Health & Wellness Literature/courses THIS IS ILLEGAL

↓
over

Cpt. Helmeet, I won't assume what you know, but I surely know what you don't know b/c if you did know these minute areas of issues that I pin-pointed out you would either rectify them immediately or you would be held accountable (Vicarious Liability - Respondeat Superior. Failure to Train, Failure to Supervise) bc they serve no LEGITIMATE PENOLOGICAL INTEREST.

Having a position is great, but I think that SCADC is ill-equipped and unprepared for an Inmate of my Caliber, mindset, mentality, and skill set I come to SCADC - Peaceful, Compliant, Humble, Respectful, non-combatitive and nonaggressive, yet YOU & YOUR ADMINISTRATION imposed punitive measures, oppressive sanctions, hostile environments, and hyper aggressive intimidation tactics (which I find cute) designed to do what.... you tell me.

I take daily notes, I keep immaculate logs, I look for weakness & flaws in a system to exploit and profiteer upon once I endure the injurious suffering & deprivation imposed upon me by some know-it-all uneducated wiseass who falls for the bait every time. #ASK ARIZONA!

THX 4 THE # FREE$ Here is my Strategic Playbook. Now it's a Game. Good Luck

LAW # 19 Know who you're dealing with, do not offend the wrong person.
9 Win through your actions, never through an argument
31 Control the options, Get others to play
44 Disarm & Infuriate with the mirror Effect
39 Stir up the weather to catch a fish
21 Play a sucker to catch a sucker, seem dumber than your mark
33 Discover each mans thumbscrews.
8 make other people come to you, use bait if necessary
28 Enter actions with boldness
35 master the art of timing
15 Crush your enemies totally, completely

NO GRIEVANCE TRACKING
Identification # OR LOG ________

SEBASTIAN COUNTY DETENTION

INMATE GRIEVANCE FORM

NAME: John Anthony Cole DATE: 04/24/25 POD: BB-06

**STEP A:** An informal discussion of your grievance with a Floor Deputy to solve the matter is required before proceeding to Step B.

I have discussed this grievance with the above inmate on: Date 04/23/25 / 04/24/25 Time ____

Floor Deputy Signature Adkins Date 4/24/25 Time 0935

**************************************************************************

**STEP B:** If the grievance was not resolved at Step A, state clearly and legibly below and submit form to the Shift Sergeant.

Describe your complaint: I am being refused RAZORS to shave with on Sunday Nights per Sgt. Vonn. I have not received a memorandum that states that I am on Razor Restriction. What criteria was used for said determination, how long in duration for this sanction, and justifiable penalogical interest does this serve outside of retaliation (U.S. Const. 1st Amend. Violation

Requested solution: To be allowed access to a razor for hygiene & grooming purposes. Upon approval, please send a memo for the cell door to avoid confusion & misunderstanding

Inmate signature: J. Cole Date 04/24/25 Time ____

Shift Sergeant's decision on Sunday evening you will be allowed a razor To shave.

Shift Sergeant's signature Sgt. McClure Date 4.25.25 Time 0940

**************************************************************************

**STEP C:** If the grievance was not resolved at Step B, fill out this section and submit form to the jail administrator.

Inmate Signature ________ Date ________ Time ____

Jail Administrator's Decision ________

No Tracking Identification Number or LOG: ____________

ATTACHMENT FROM CAPTAIN HELMERT MEMO 04/10/25

SEBASTIAN COUNTY DETENTION

INMATE GRIEVANCE FORM

NAME: John Anthony Cole DATE: 04/24/2025 POD: BB-06

**STEP A:** An informal discussion of your grievance with a Floor Deputy to solve the matter is required before proceeding to Step B.

I have discussed this grievance with the above inmate on: Date 04/23/25 & 04/24/25 Time ______

Floor Deputy Signature ____________ Date ____________ Time ______

**************************************************************************************

**STEP B:** If the grievance was not resolved at Step A, state clearly and legibly below and submit form to the Shift Sergeant. The SCADC has not provided adequate cleaning supplies

Describe your complaint: (disinfectant chemicals, AJAX/COMET TOILET CLEANER & BRUSH, Cleaning Towels/Rags) or utensils (mop/broom/dust pan/toilet brush/green scratch pads) to the segregation Pod in BB Pod on any basis, much less a consistent basis. Cleaning supplies have only been passed out on 04/09/25, thus violating the SCADC Inmate HandBook Policy on POD Cleaning

Requested solution: To have the following materials, utensils, and supplies made Readily available on a daily basis (chemical/solution/disinfectant; cleaning rags/towels, mop, broom, dust pan, trash disposal

Inmate signature: [signature] Date 04/24/25 Time ______

Shift Sergeant's decision You can be supplied with Cleaning Supplies on a daily basis, ask the deputy to allow you to clean with supplies that are provided daily TO each pod.

Shift Sergeant's signature Sgt. [signature] Date 4.25.25 Time 0900

**************************************************************************************

**STEP C:** If the grievance was not resolved at Step B, fill out this section and submit form to the jail administrator.

Inmate Signature ____________ Date ____________ Time ______

Jail Administrator's Decision ____________

No tracking identification number or log: ____________

Attachment Included

SEBASTIAN COUNTY DETENTION

INMATE GRIEVANCE FORM

NAME: John Anthony Cole DATE: 04/24/25 POD: BB-06

**STEP A:** An informal discussion of your grievance with a Floor Deputy to solve the matter is required before proceeding to Step B.

I have discussed this grievance with the above inmate on: Date ____________ Time ______

Floor Deputy Signature ______________________ Date ____________ Time ______

**************************************************************************

**STEP B:** If the grievance was not resolved at Step A, state clearly and legibly below and submit form to the Shift Sergeant. The SCADC is illegally enforcing a paid surcharge to

Describe your complaint: the inmate population for access to necessitated information, services, programs, and resources vicariously through the Inmate Electronic Tablet Device (TABLET) and it's contracted company: TechFriends D/B/A JailATM.COM of Jonesboro, Arkansas. The (OS) operating system of this TABLETS' functioning

Requested solution: (1) Immediately find a new system (Global Tel Links - GTL or SECURUS) to provide services; (2) Cease All Tablet Charges not designated as Premium Services, (3) Refund/Reimburse all ill begotten means

* ATTACHMENT INCLUDED *

Inmate signature: [signature] Date 04/24/25 Time ______

Shift Sergeant's decision (1) we will continue with this company. (2) no. (3) no.

Shift Sergeant's signature [signature] Date 4.25.25 Time 0900

**************************************************************************

**STEP C:** If the grievance was not resolved at Step B, fill out this section and submit form to the jail administrator.

Inmate Signature ______________________ Date ____________ Time ______

Jail Administrator's Decision ______________________

continued

Sebastian County Detention

INMATE GRIEVANCE FORM

John Anthony Cole, SCADC #66473 04/24/2025 POD: BB-06

is designed to create a continuous debit charge of $0.05/minute against an inmates "Gold Pass" access account to log-in to the TABLET for non-premium applications that are otherwise intentionally unavailable by the systemic design of the SCADC. The Non-Premium Applications or Access to Information, Services, Programs, and Resources denied by the SCADC are as follows and not limited to: (1) Free LAWLIBRARY, (2) Free Religious Services/Program Material, (3) SCADC Inmate Handbook & Policies, (4) Inmate Mail free reading of incoming mail / free texting of outgoing mail - before the cost of sending the email, (5) Free Educational Services/Studies, (6) Free Mental Health & Wellness literature & course material, (7) FREE Access to Alcohol, Drug, & Substance Abuse literature & Course Material, (8) Free Rehabilitation & ReEntry Services, (9) Free Leisure Library, E-Books since SCADC has no library available.

All of the listed items are MANDATORY SERVICES (not privileges) that ALL Jails, Prisions, Correctional Facilities, Juvenile Detentions, Adult Detentions, and Reformatories, ~~that~~ must provide and make readily accessible to an incarcerated PreTrial Detainee or ~~[illegible]~~ Convicted offender FREE of CHARGE. This is PLRA (Prison Litigation Reform Act) and basic common sense. The SCADC has essentially placed MONETARY PROFITING INTEREST above the CIVIL and CONSTITUTIONAL RIGHTS of an incarcerated individuals basic necessities.

end - JAC [signature]

# Sebastian County Detention

Continued

## INMATE GRIEVANCE FORM

John Anthony Cole, SCADC #66473 04/24/2025 POD: BB-06

is designed to create a continuous debit charge of $0.05/minute against an inmates "Gold Pass" access account to log-in to the TABLET for non-premium applications that are otherwise intentionally unavailable by the systemic design of the SCADC. The Non-Premium Applications or Access to Information, Services, Programs, and Resources denied by the SCADC are as follows and not limited to: (1) Free LAWLIBRARY; (2) Free Religious Services/Program Material, (3) SCADC Inmate Handbook & Policies, (4) Inmate Mail free reading of incoming mail/free texting of outgoing mail - before the cost of sending the email, (5) Free Educational Services/Studies, (6) Free Mental Health & Wellness literature & course material, (7) FREE Access to Alcohol, Drug, & Substance Abuse Literature & Course Material, (8) Free Rehabilitation & ReEntry Services, (9) Free Leisure Library, E-Books since SCADC has no library available.

All of the listed items are MANDATORY SERVICES (not privileges) that ALL Jails, Prisons, Correctional Facilities, Juvenile Detentions, Adult Detentions, and Reformatories, must provide and make readily accessible to an incarcerated PreTrial Detainee or Convicted offender FREE of CHARGE. This is PLRA (Prison Litigation Reform Act) and basic common sense. The SCADC has essentially placed MONETARY PROFITING INTEREST above the CIVIL and CONSTITUTIONAL RIGHTS of an incarcerated individuals basic necessities.

end - [signature]

John Anthony Cole, SCADC#66473
Sebastian County Adult Detention Center POD: BB Cell: BB6
801 South A street
FORT SMITH, AR 72901

04/25/25

Re: No Legal Visitors

SCADC Supervisor(s):

Until Further Notice, I, John Anthony Cole will not be accepting "IN PERSON" legal Visits from the OFFICE OF THE FORT SMITH PUBLIC DEFENDER

1) Ms. Christina Scherry
2) Mr. Patrick Flake
3) Mr. Aaron Beshears
4) Any represenative from the Public Defenders Office

Respectfully Requested on this 25th day of April 2025
Submitted

[signature]
John Anthony Cole

John Anthony Cole, SCADC#66473
Sebastian County Adult Detention Center POD: BB Cell: BB6
801 South A street
FORT SMITH, AR 72901

04/25/25

Re: No Legal Visitors

SCADC Supervisor(s):

Until Further Notice, I, John Anthony Cole will not be accepting "IN PERSON" legal visits from the OFFICE OF THE FORT SMITH PUBLIC DEFENDER

1) Ms. Christina Scherry
2) Mr. Patrick Flake
3) Mr. Aaron Beshears
4) Any representative from the Public Defenders Office

Respectfully Requested on this 25th day of April 2025
Submitted

John Anthony Cole

# Request Report - CLOSED

Printed: 4/29/2025 12:41:54PM

Request Number: 629035 Submitted: 4/27/25 2:06 pm

Inmate Number: 66473 Type: MEDICAL GRIEVANCI

Inmate Secondary Number: 202500002470 Sub Type: BILLING

Inmate Name: COLE, JOHN ANTHONY

Initial Location: SCADC BB BB06 .1 Current Location: SCADC BB BB06 .1

Stamp Action Detail User

4/27/2025 2:06:07PM

ORIGINAL REQUEST:

I WAS CHARGED 50.00 FOR AN XRAY FOR A TEBURCULOUS SCREEN. LOOK, I CAN UNDERSTAND AN OVERSIGHT, I NEED MY MONEY ASAP, NO EXCEPTIONS, NO EXCUSES. I AM A SENTENCED INMATE FROM THE ARIZONA DEPARTMENT OF CORRECTIONS. I AM IN SCADC ON INTERSTATE AGREEMENT ON DETAINERS FOR COURT. I EXPLAINED THAT I HAD A TB SCREENING IN OCTOBER 2024, MY RELIGIOUS BELIEFS AND NATIVE AMERICAN HERITAGE DO NOT ALLOW ME TO TAKE THE EUPOREANS POISON.,BESIDES SOMEONE SHOULD HAVE SAID THAT THIS WAS A PAID SERVICE. I WILL ONLY ASK ONCE PEACEFULLY AND RESPECTFULLY BC THIS FEELS SHADY. I NEED MY MONEY

4/28/2025 12:36:30PM LMORRIS

CLOSED:

Mr. Cole, I looked at your medical records from Arizona and didnt see a TB screen on them. I did see an influenza vaccination given on December 4th. With that information and your refusal for a TB skin test, protocol stated to rule out TB via chest x-ray. You are responsible for the cost of the x-ray and your money will not be refunded sir.

# Request Report - CLOSED

Printed: 4/29/2025 12:40:21PM

Request Number: 629124

Submitted: 4/28/25 4:13 pm

Inmate Number: 66473

Type: MEDICAL GRIEVANCI

Inmate Secondary Number: 202500002470

Sub Type: BILLING

Inmate Name: COLE, JOHN ANTHONY

Initial Location: SCADC BB BB06 .1

Current Location: SCADC BB BB06 .1

Stamp Action Detail User

4/28/2025 4:13:00PM

ORIGINAL REQUEST:

CHECK THIS OUT, FUCK WHAT YOU THINK YOU READ, BITCH YOU BETTER FIND MY MONEY SINCE WE ARE RESEARCHING INFO. TB SCREENING VACCINE 10/23/2024 ARIZONA STATE PRISON COMPLEC PHOENIX, ALHAMBRA UNIT. THE SCADC NURSING STAFF DID NOT INFORM ME OF A CHARGE TO MY ACCOUNT AS NO MF PRISON OR JAIL IN AMERICA CHARGES FOR A TB SCREENING. IF KNOWN THAT THERE WAS A COST ASSOCIATED WITH A SCREENING WHY THE FUCK WOULD I TAKE A TEST THAT I DONT AGREE WITH, AGAIN, BITCH YOU BETTER FIND MY MONEY OR I WILL TAKE IT AS SOMEBODY STOLE IT AND THEY WANT ME TO GET IT IN BOOD. TAKE IT HOW YOULIKE IT

4/29/2025 8:58:06AM ESMITH

CLOSED:

You were charged for the x-ray due to you refusing the skin test.

# SEBASTIAN COUNTY SHERIFF'S OFFICE

SINCE 1851

## Sheriff Hobe Runion

04/29/2025

To Whom It May Concern,

John Anthony Cole refused a TB skin test on arrival to Sebastian County Detention Center on the grounds of religious preference and a refusal to "put white man poison" into his system. He was then offered a chest x-ray for which he consented. TB skin tests are provided free of charge to inmates, but chest x-rays have a $50 charge as set forth by county jail policy. This cost is posted in all pods next to the kiosks and in medical, so all inmates are notified in advance about the cost of medications and treatment plans of services offered and rendered.

LM Morris RN/HSA

Thank you, LaVersa Morris

04/30/2025

Threat letter incident report.

On or about the date of 04/30/2025 at approx 1100 hours I Deputy J. Mar was working in BB Pod conducting my routine unit checks when inmate John Cole handed me a sealed envelope containing a letter addressed to Captain J. Helmert. The letter indicated threats of violence towards jail staff, Jail administration, and their families. I immediately turned the letter over to Captain J. Helmert. Shift supervisor notified. End of report.

J. M D-31

# Incident Report

Incident: 2025-00000993

**Print Date/Time:** 04/30/2025 14:48
**Login ID:** vsanchez

Sebastian County Sheriff's Office
**ORI Number:** AR0660000

## Details

| | | | |
|---|---|---|---|
| **Incident Type:** | Information Only | **Reporting Officer:** | 2364 - Mar |
| **Incident Date/Time:** | 04/30/2025 11:00 AM | **Reported Date/Time:** | 04/30/2025 11:41 AM |
| **Incident Location:** | BB Pod | | |
| **Description:** | Threat letter. | | |

## Associated Incidents

## Subjects

| Name | Subject Type | Booking Number | Charges |
|---|---|---|---|
| Cole, John Anthony | Location | 2025-00002470 | N |

## Subject Charges

## Activity

**Activity Type:** Information Only **Activity Date/Time:** 04/30/2025 11:49 AM **Activity Subject:** Cole, John Anthony

**Officer:** 2364 - Mar **Comments:** Threat letter from John Cole to jail staff and administration.

## Violations

## Violation Notification

## Violation Investigation

## Violation Hearing

## Violation Discipline

## Violation Appeals

## Narrative

On or about the date of 04/30/2025 at approx 1100 hours I Deputy J. Mar was working in BB Pod conducting my routine unit checks when inmate John Cole handed me a sealed envelope containing a letter addressed to Captain J. Helmert. The letter indicated threats of violence towards jail staff, Jail administration, and their families. I immediately turned the letter over to Captain J. Helmert. Shift supervisor notified. End of report.

## Review History

| Date/Time: | Level: | Type: | Reviewer's ID: | Comments: |
|---|---|---|---|---|

**Signature:** ____________________ **Date:** ____________________

**Reviewed:** ____________________ **Date:** ____________________

**Medical Notified:** __________ **YES** __________ **NO** **Date:** ____________________

To: Helmert,
SCADC Jail Admin.

From: John Anthony Cole
POD: BB Cell: 06

Checc this out. I don't know who or what you think that I am or what type of games that you think that I play but you, Helmert better do some real research bc I'm not the 1 period point blank. If the SCADC does not have the following, I suggest that you stop disturbing my peace or get equipped.

1) Detention officers willing to kill or die for your bs, leave me in peace.
2) An SRT (Special Response Team) - to daily run their team with 60 cal handball grenades, tatical blast grenades, OC pepperball launchers foam baton rounds & tear gas - daily, cuz when I go, I go on my tim
3) 4-Point Restraint Table
4) Ambulatory Restraint Chair.
5) Employees with the heart, intestinal fortitude, the right amount of evil in their intentions, the mental stamina to stay alert, the discipline to stay out of Ft Smith social circles & social media that makes close loved one available while away on a 12-hrs shif - the please leave me be.

If your intel told you that I was old, lost a step, not in shape, erroded skill-set or no heart, those are fair assessments until ppl realize that they're the ones in the situation -
I tell you this b/c I don't want to embarass my kid any futher. But, I'm getting tired of the peace disruption - stole my $ (for now) 50⁰⁰ (I will make you kill me in prison for less than that), Lt. McCasklin (twice - Tue/Wed) mouth (sounds good), no law library, your staff refuses to answer my grievances or request, fine by me, but don't act like you're enforcing rules on me & not following them yourself Mr. Law enforcement. - Again every POD Deputy, phenomina rapport (12 Hrs a day) but people like you or McCasklin hide when you throw roccs or start fires that others have to stomp out.
I've been here 23 days with humility, compliance, respectfulness, composure if you want me to show you the polar opposite it's EZ to go from 0-100 and nobody here wants that. No o/s

Respect I've seen your staff. Not cut like that on any level and I am. You do not have a punishment at SCADC for me Period. I AM IN PRISON FOR THE REST OF MY LIFE. I WILL BE ON DEATH ROW IN A FEW YEARS pick your battles better you can't beat me and I'm not trying to win. Situational Awareness will tell you that the streets love me. I'm the Big Homie of this city Period Point Blank so fucc over me, see where that goes. I ask 4 Respectful peace Stop showing up in my space. Leave my $ alone (Refund it) turn the law library on. Come Read my Real Resume and I'm not operating off of decades old work I'M ACTIVE NOW, Ask ARIZONA

ADX Supermax / Lewisburg SMU 12yrs no mattress 10yrs no privileges 8yrs no clothes, TV, Radio, 5yrs Nurto loaf Meal : Didn't call home for 16 yrs. Didn't talk to family for 22yrs 4point Restraint 6 times 120hrs, 96hrs×2, 72hrs × 2, 48hrs, 24hrs no food/water/restroom - in other peoples waste - UTI, Bladder infection for Refusing to excrete/urinate - ice chips for food/liquid - This is mental fortitude Hard Restraints belly chain shackles Naked - 27 times 180days straight, 14days × 7 10days × 10, 8days, 7days × 3, 4days × 3, 2days × 2. I wear Thompson Tattoos (Google it)

ADC - 5yrs - 4 lock down as a kid. Never called home

Unbreakable on any level. Isolation single cell

17yrs - free $

If you or your people want to play, I never Duck Rec pull another disrespectful stunt and there will be no more talk, nor humility -

Again I Respectfully, humbly ask for Peace, Not for SCADC, but

(i)

SEBASTIAN COUNTY DETENTION

INMATE GRIEVANCE FORM

NAME: Cole, John Anthony DATE: 04/08/2025 POD: B6

**STEP A:** An informal discussion of your grievance with a Floor Deputy to solve the matter is required before proceeding to Step B.

I have discussed this grievance with the above inmate on: Date 04/08/25 Time ____

Floor Deputy Signature [signature] Date 4-8-25 Time 8:06

**************************************************************************

**STEP B:** If the grievance was not resolved at Step A, state clearly and legibly below and submit form to the Shift Sergeant.

Describe your complaint: Due Process violation of (U.S. Constitutional Amend. 14th) Pretrial Detainee being assigned to Administrative segregation without proper notification, alleged acts of misconduct or rules violation, no arbitration hearing, no ability to state a defense, call witnesses, present evidence or appeal the ruling (see attached for continuation)

Requested solution: Classification Reduction, Equal Privileges as Non-Segregated Inmates (Phone, Recreation, dayroom, Electronic Tablet Device & Visitation allotment) moved to general population

Inmate signature: [signature] Date 04/08/25 Time ____

Shift Sergeant's decision Upon your arrival, You were placed in Administrative Segregation (Separation) due to Current charges and past charges and —> See back

Shift Sergeant's signature Sgt. [signature] D-4 Date 4-9-2025 Time 10:30 am

**************************************************************************

**STEP C:** If the grievance was not resolved at Step B, fill out this section and submit form to the jail administrator.

Inmate Signature [signature] Date 04/10/25 Time ____

Jail Administrator's Decision See Attached document on Pages 3 and 4 for response.

Signature [cut off] 4/10/25 [cut off] 5:21 AM.

(2)

past Convictions. Your History of violence and Length of Incarceration, Also reports recieved From Arizona Dept. of Corrections and During your transport to our facility. You were placed in max Security and will have a weekly review of Administrative separation.

Since you are not on disciplinary separation you will still have access to phones, tablets, Kiosk and visitation.

Sgt. McGrew D-4
4-9-25

04/10/25

Grievance Response Appeal
To. SCADC Detention Assistant Administrator

- Pursuant to the SCADC Inmate Handbook, the Grievance Appeal Process is available within 3 days of a response. This timely appeal is in response to the Reply from Sgt. McGrew, D-4 on 04/09/25.
- Although a logical explanation has been provided, it does not absolve the SCADC from violating the U.S. Constitution's 14th Amendment - Due Process Clause governing Pretrial Detainee. This clause clearly states that *Equal Protection under the law is a Constitutional Right*. Once infringed upon, the Plaintiff of a *42 U.S.C.S. §1983 claim (Civil Suit)* prevails when he shows that (1) acts by the defendant (2) *under color of state law* (3) deprived the plaintiff of federal rights, privileges or *immunities and caused the* plaintiff damages (see *Thorton v. City of St. Helens, 425 F.3d 1158, 1163-64 (9th Cir 2005)*
- In Bell v Wolfish, *441 U.S. 520 (1979) and Graham v. Connor, 490 U.S. 312 (1986)* the Supreme Court answers the *appropriate 14th Amendment Due Process Clause* question.
- The reply by Sgt. McGrew does not mention what process the SCADC used to make the Administrative Separation determination. There has been no 24 hour notice filed or served that has relevent factual basis to support the claims made *(documentation, reports). There has* been no hearing to present evidence, dispute claims, or *seek appellate review - the basis* of Due Process.
- (Jensen v. Thornell CV-12-601-PHX-ROS) (06/14/2024) U.S. Attorney General Garland 2012 U.S. Dept of Justice v. Arpaio
  Facts - The Arizona Department of Corrections, Phoenix Police Department, and *Maricopa County Sheriffs* office are all operating under the Jurisdiction of the *U.S. Dept. of Justice, Office of the Inspector* General - Consent Decree, Gov. Katie Hobbs 2024 "*The AZ DOC lies about everything*" and *this is your* source to justify a *U.S. Constitutional Rights violation of Due Process.*

③

John Anthony Cole #66173
POD: BB Cell 08
Date: 04/08/25
Inmate Grievance Continuation

Step B: Complaint.

thus in violation of the SCADC inmate handbook (updated October 2024) Bell v. Wolfish (U.S. Supreme Court) and Wolff v. McDonnell, 418 U.S. 539, 418 U.S. 556 applying principles institutional needs and objectives to pretrial detainees.

There is no Sebastian County Adult Detention Center Department Order, Program Statement, or Policy that is readily made available with concerns to inmate Custody Classification (such as levels, rank, phases, status, Security Threat Group -STG- Special Needs) for separation of inmates by charges, convictions, or allegations without the use of the Inmate Disciplinary Process.

For inmates assigned as administrative segregation without due process or the benefit of a Classification Committee that provides a system of notification, allegations, hearing, appeal or relief from sanctions and conditions it is a clear violation of U.S. Constitutional Rights (1st, 4th, 5th, 14th) for retaliation, illegal detention, and due process infringements.

Step C
4/10/25 – Sebastian County Adult Detention Policy 3.02 says an inmate may be placed on Administrative Segregation with Shift Supervisor Approval for the following reasons: 1. A. Poor Adjustment to general population;
B. Indications that an inmate may need to be separat from other inmates in order to ensore their safety;
C. Determination that an inmate poses a threat of dan or harm to (a) him/herself; (b) others; or (c) property;
D. Changes in an inmate's status that may require increa supervision; or,
E. Mental health problems and substance abuse problems include drunkenness)

cont. →

4/10/25 Appeal Cont. (4)

A written Report was filed and Admin. seg was Approved by Captain Helmert for reasons listed in Sgt. McGrew's Response in section B of this grievance.

Lt K. Taulbee / Lt. K. Taulbee 4/10/25 5:21p

***Policy #:*** ***5.10***

***Policy Title:*** ***Inmate Grievance System***

***Date:*** ***Jan. 2021*** ***Back to Table of Contents***

***Related Arkansas Jail Standards:*** ***5 – 1008 / 6 - 1003***

**Policy Statement:** Inmates confined to the Sebastian County Detention Facility will be permitted to file grievances and will be assured of written responses from jail deputies in a timely and orderly manner without fear of reprisal or prejudice.

**Specific Procedures:**

1. **Definition:** For purposes of this policy, a "grievance" will be defined as a written complaint made to the Jail Administrator by an inmate concerning policy, procedure, conditions or actions by staff that may directly affect the inmate personally.

2. **Notification of Inmate Grievance System to Inmates:** A summary of the inmate grievance system will be included in the Inmate Handbook and posted in each housing unit in the facility. Inmates who are illiterate, non-English speaking or disabled will be afforded the opportunity to listen to versions of the Inmate Handbook as outlined in Sebastian County Detention Facility Policy 5.01, "Inmate Rules Manual."

3. **Reprisals:**

   A. Detention deputies will assist and encourage inmates to resolve disputes or complaints informally prior to filing a written grievance on the matter. However, if the deputy cannot resolve it the deputy will contact the supervisor on duty. If it cannot be resolved, then grievance can be filed through the Kiosk. However, under no circumstances will detention deputies attempt to discourage or threaten any inmate desiring to file a written grievance.

**Exhibit 2**

B. Should an allegation be made by an inmate(s) or other employee(s) that a deputy has threatened or has retaliated against an inmate for filing a grievance, the Jail Administrator will investigate the matter and appropriate disciplinary action up to and including termination from employment could result.

**4. Grievable and Non-Grievable Items:**

A. **Grievable Items:** Inmates may file formal grievances on the following matters:

1.) Jail policy, procedures or conditions that affect an inmate personally.
2.) Actions taken by staff or other inmates that have the effect of depriving the inmate of a guaranteed right, service or privilege.
3.) Inmate personal property complaints; and,
4.) Allegations of abuse, neglect or mistreatment by staff or other inmates.

B. **Non-Grievable Items:** The following matters are considered non-grievable and will be addressed through other means:

1.) Disciplinary actions (refer to Policy 5.10, Inmate Disciplinary Procedures).
2.) State and Federal Court decisions.
3.) State and Federal laws and regulations; and,
4.) Other matters beyond the control of jail personnel.

**5. Filing an Inmate Grievance:**

**A.) Inmates will have the ability to file a Grievance during regular time out of their cell. This can be done using the Pod Kiosk system. Grievances must be filed within TEN days of the incident. Written grievances will not be accepted.**

**B.) The information to be contained is as follows:**

1.) Inmate Name, housing location and current date.

2.) Whether the form is being filed as a "grievance" or an "appeal;"
3.) Date and time of the alleged incident or action that caused grievance to be filed.
4.) A specific description or summary of the incident.
5.) Jail officer(s), inmate(s) or other person(s) involved in the incident; and,

**6. Responses to Inmate Grievances:**

A. The Director of Inmate Management will be Jail Administrator's designee and will be responsible for answering grievances and maintaining a log which is done through the pod kiosk system. At a minimum, the log should contain the following information:

1.) Name of the inmate filing the grievance.
2.) Date the grievance was filed by the inmate.
3.) Date the grievance was received by the Director of Inmate Management; and,
4.) Date the grievance was responded to.

B. The Director of Inmate Management will investigate all inmate grievances and provide a written response to the inmate within five (5) working days of the date he/she received the complaint.

C. Upon investigation of the complaint, the Director of Inmate Management or designee will prepare a written response to the inmate. The response will include the following information:
1.) Whether he/she agrees or disagrees with the inmates compliant.
2.) An explanation or reason for how this conclusion was reached; and
3.) Any action may have been or will be taken to correct the problem or situation, if applicable.

D. The Director of Inmate Management will ensure that the written response is forwarded to the inmate within the scheduled time frame, and shall record the date that the grievance was responded to and forwarded to the inmate in the Kiosk

**7. Appeal Procedures:**

A. If, upon receipt of the Director of Inmate Management’s response to grievance, the inmate is not satisfied, the inmate may file an appeal on the Kiosk to the Assistant Jail Administrator. Inmate appeals must be filed within 24 hours of the receipt of the Director of Inmate Management’s response by the inmate.

B. If, upon receipt of the Assistant Jail Administrator’s response to a grievance, the inmate is not satisfied, the inmate may file an appeal on the Kiosk to the Jail Administrator. Inmate appeals must be filed within 24 hours of the receipt of the Assistant Jail Administrator’s response by the inmate.

C. If, upon receipt of the Jail Administrator’s response to grievance, the inmate is not satisfied, the inmate may file an appeal in writing to the Sheriff. Inmate appeals must be filed within 24 hours of receipt of the Jail Administrator’s response by the inmate.

D. All responses made by the Sheriff in regard to an appeal will be considered final.

E. Inmates may utilize Kiosk for filing appeals and are responsible for completing the form in the same manner as described in #5 (d), above.

E. The Sheriff will be responsible for reviewing all appeals and for deciding to either agree or disagree with the Jail Administrator's response. The Sheriff's response to the appeal shall follow the same guidelines as noted in #6 (d), above.

F. The Sheriff will be afforded ten (10) working days from the date of his/her receipt of the appeal to investigate and respond to the appeal.

G. The Sheriff shall advise the Jail Administrator when appeals to grievances are made so that the Jail Administrator can record all information on the log. Copies of all appeals and their accompanying responses shall be maintained in a separate file by the Jail Administrator.

# SEBASTIAN COUNTY ADULT DETENTION CENTER (SCADC) INMATE HANDBOOK

Updated July 2024

## MISSION STATEMENT

The Sebastian County Adult Detention Center's mission is to protect and serve the citizens of Sebastian County by providing cost effective care, custody and control of legally incarcerated inmates in a safe, secure, humane and professional environment.

## ATTENTION

A grievance procedure is available at all time for inmates to identify problems, resolve complaints and provide information to staff. If you are having an emergency, or anything is threatening your safety, an emergency system is in place to provide you safety. Notify any staff when you have an emergency. During your initiation, you will see medical staff within 24 hours. However, if at any time you feel that you need immediate medical care, alert staff and you will be provided for.

## SEXUAL MISCONDUCT - PREA

SCADC has a zero-tolerance policy for any and all sexual conduct, sexual misconduct, sexual abuse, consensual sexual contact, rape or any other form of sexual contact toward any inmate. The Sheriff's Office will aggressively pursue any complaints, suspicions, or acts of sexual misconduct up to and including criminal prosecution under Arkansas Code. Inmates may confidentially disclose incidents of sexual misconduct to SCADC staff, either verbally or in writing. Inmates may also disclose these incidents to any Sheriff's staff,

civilian staff, medical staff or mental health staff verbally or in writing. Inmates are encouraged to report any type of sexual abuse or threat of abuse.

## RIGHTS

All inmates have the right to have access to the court(s) without fear of punishment or penalties, they may do this individually or through their counsel, whether appointed or retained.

All inmates have the right to have access to their attorney, in private, during reasonable hours.

Inmates shall not be segregated solely because of race, creed, or color.

All inmates have the right to religious freedom.

All inmates have the right to humane treatment, which includes nourishing food, medical and dental services, clean living quarters and a safe environment.

## INMATE IDENTIFICATION

You will be issued an armband before you are sent to a pod. It contains your name and other information. You will be required to keep your armband on your arm for all events while in the detention center. Maintain your armband and keep it in good condition. You will not be allowed visitation, commissary, nail or hairclippers until such time positive identification can be made. Do not alter your armband in any way. You will be required to have your armband scanned at headcounts, meals and any time you exit the pod

## HEADCOUNTS

The detention deputies will conduct headcounts at certain intervals throughout their watch. You must be in your assigned cell and cooperate when they call your name or scan your armband.

## DAILY POD

**ROUTINE Upon waking in the morning, you must make sure that you:**

A. **Are properly dressed in your uniform, which will be worn in the designated manner, nothing will be worn on your head except for approved religion items. You are not allowed to wear shorts in the Day Area only in cells and the Rec Yard. Uniforms pants and shirts must be worn to and from the Rec. Yard.**
B. **Properly store your belongings in your cell in a neat manner.**
C. **Make your bed and clean your cell including uncovering vents and lights.**

D. **perform basic hygiene tasks, shower, brush teeth, etc.**
E. **NO hanging out on the top tier, You MUST be in your cells or downstairs.**

## CONTRABAND

Any property other than the property issued to you by the Sebastian County Detention Center and what is offered to you through the commissary, is considered contraband and will be seized. Any item not used for it's intended purpose or altered, will also be considered contraband. Additionally, if you are in possession of contraband, you may be subject to prosecution under ACA 5-54-119, and/or a loss of privileges. Having more than one bowl, one cup, and one spork in your possession will be considered contraband. A maximum of (2) two books will be in your possession; extras will be put in your property if they belong to the Inmate or turned back to the library.

## PERSONAL PROPERTY

Inmates being transferred to another facility must make arrangements to have any property picked up prior to your transfer. Under no circumstances will Sebastian County Detention be responsible for property left after your release. It is now Sebastian County policy to allow only a Bible, legal materials, photo ID, and social security card to be transported with you to your ADC. Property Release Request will be closed out after 30 days if no one has picked the items up.

## USE OF FORCE

Failure or refusal to obey orders may result in a minimal amount of force necessary to ensure the safety of staff, inmates, and to maintain the orderly routine of this facility. The use of force can include, but is not limited to, the use of the JPX4, X-26 taser, OC spray, CERT team, or any other legal amount of force needed to resolve each individual incident.

If possible, before force is used, there will be both a visual and verbal warning of the force to be used. In the instance of an Inmate altercation with any member of the staff, the immediate use of force is authorized. The facility will not tolerate verbal or physical assaults on any staff member. You will be prosecuted to the fullest extent of the law.

## GRIEVANCES

Routine grievances will be recognized only through the kiosk system. No paper grievances will be accepted. Your grievance must be filed within **TEN** days of the incident that you are grieving, the responding deputy has five days to answer the grievance. If you open a new grievance the oldest grievance will be closed out with the response of (Closed due to opening new request about the same issue.). All grievances will be brought to your pod deputy to handle then the shift supervisor. If

they can't take care of your grievance then you can file it in the kiosk system. All initial grievances will be answered by the Director of Inmate Mngnt, Medical grievances will be answered by Medical Supervisor. The appeal process will be answered by the Detention Assistant Administrator. You have 3 days to file each appeal after your grievance has been answered. The grievance process is not complete until it is answered by the Sheriff.

## RELIGIOUS SERVICES

Church and religious services will be conducted at the detention center. Inmates are not forced to attend or listen to these services, however; you are required to respect those who are conducting and attending these services. Please keep all noise levels to a minimum as well as do not create a distraction during services. All religious beliefs will be accepted as long as their practices do not interfere with the safe operations of the jail. You will not be discriminated against due to your religious beliefs.

## ATTORNEYS

Your attorney will be allowed to visit with you during reasonable hours of the day. Unless you have a public defender, you will need to send all correspondence through the regular mail, in a stamped envelope. All mail sent to a public defender can be sent through in-house mail. If you are indigent the detention center will provide you paper and envelopes when indigent is pass out.

## MEALS

Meals are provided by the Aramark Co, which is a contract vendor employed by Sebastian County. The meals served to you while in detention have been reviewed by a qualified nutritionist/dietitian and meet the nationally recommended dietary allowances for basic nutrition for appropriate age groups.
Meals will be offered (3) times per day. If you require a medical diet, the medical staff will have to authorize this. All other diets must go through the Chaplain's office.

To assure orderly distribution of meals, the pod deputy's instructions must be followed. Inmates are encouraged not to waste food, and may reject a meal, which will be noted by the deputy. All meals will be eaten in the day area unless you have some disciplinary action. Then the meals will be served in the appropriate manner. The day area will be cleaned after each meal is served. The inmates will be responsible for their tray being returned to the cart.

## POD CLEANING

All inmates are responsible for keeping their pods clean. Cleaning supplies are issued to each pod and distributed by the pod deputy. Pod 509's are assigned by the pod deputy to clean up after each meal and lockdown. Clean up includes emptying trash, sweeping, and mopping day area, maintaining cleanliness of shower area. Cleaning supplies, brooms, mops etc. must be returned to the storage area in the same condition they were issued. Individual cells are expected to be kept clean and sanitary. The pod's condition will be inspected daily by the pod deputy**. All privileges, including television, telephones,**

**commissary, yard call and visitation will not be allowed until the pod is inspected and cleaned every morning.**

## COMMISSARY

Commissary is ordered weekly: Commissary is ordered through your pod Kiosk. Do not use another inmate's pin for ordering commissary. Do not order more than one cup and one bowl at a time any excess will be taken away and considered contraband. You must have your armbands securely attached on your arm to receive commissary, Icare, visits and mail. Family and friends can order I-Care packages through

## MEDICAL

**You are not required to have money on your books in order to have access to medical treatment.**

You will be evaluated by medical staff upon completion of the booking process. Most health issues may be addressed at this time. If you are currently taking a prescription medication, and have a current prescription/meds at home, your family may bring those meds to the detention center. The receiving deputy will forward your meds to the medical staff, who will see that you receive them at the appropriate intervals. **NO** over the counter medications will be accepted at the detention center. **NO** narcotics will be accepted at the detention center. Any other medications needed that you do not presently have a prescription for will have to be authorized by the attending physician. In the event of an emergency medical problem, contact your pod deputy to contact medical personnel. Med passes will be performed so that you will receive your medications as closely to the required intervals as possible. You will be allowed to see medical staff as needed, but any money that is added to your account after that will be used to pay for this service first, then you will be allowed to use the remaining balance as you wish. **Mental health** requests can be made through the kiosk to see a mental health counselor. If you have an emergency mental health need, contact any Detention staff. **ADC INMATES: ADC does not pay for OTC MEDS, Nurse and Doctor's visits and a copay will be charged. SEE CHARGE ON TABLETS.**

## SERVICES

Money: Cash that you have in your possession at the time of intake, will be automatically added to your books. You may use these funds to purchase items from commissary, phone time, or Fresh Favorites meals while you are here, or if you have enough money on your account to bond yourself out of jail, you may use these funds to do so. Your friends or family may add funds to your account by using the following methods:

A. Website: regentpay.com for adding funds to inmate accounts
B. Toll Free number: 1-877-618-3516 to use the interactive system to speak with a Customer Service representative to add funds.
C. Kiosk- there is a kiosk machine in the lobby of the information area and in the visitation entrance. Cash or debit/credit cards are accepted (they will need a valid ID in order to use

this machine). You will be notified within 24 hours of the amount of money credited to your account.

D. Correct Solutions Group is the facility inmate phone provider. Friends and family can go to regentpay.com to add money to your commissary account, prepaid phone account, and inmate pin debit to add funds to a specific inmate to call.

E. Indigent inmates: is an inmate that has had a zero balance on their account and has not received any I-Care packages for seven days prior of the indigent report being ran, you will be declared indigent and be issued indigent supplies weekly.

## VISITATION

Visitation is currently on Thursday, Friday, Saturday, and Sunday and every day on the tablet

Appointments are required to visit your family or friends. Family and friends must make an appointment through the through the visitation clerk.

Visitors must behave properly during visitation. Children in the visitation area must be always supervised by their parent and kept reasonably quiet while in the visitation area or they will be asked to leave and will not be allowed to visit. Cell phones are not allowed in the visitation area, anyone caught with a cell phone will lose visitation privileges for 1 month. The second violation will be permanent loss of visitation. Any person caught flashing in a video visitation will permanently lose visitation. Inmates are to be in full uniform for visits, anyone caught taking their uniform off will lose visitation for 2 weeks. The second offense is permanent loss of visitation. If you are caught using someone else's visits, you will both loses your visits for 1 week.

**YOU MUST HAVE YOUR ARMBAND ON OR YOU WILL NOT BE ALLOWED TO VISIT**

## PHONES / TABLETS

While in the detention center, you will have access to the phones /tablets while the pod is open. Before the phones/tablets will be turned on, the pod and your cell must be clean and pass inspection. Our phones are prepaid only, no collect calls. You will not be allowed to receive any in-coming phone calls while you are incarcerated. Sebastian County is not responsible for lost or stolen funds. Attorneys will need to contact us for instructions on privilege calls and messages. All calls, messages and visits are subject to monitoring or review.

**IF YOU USE YOUR TABLETS OR PHONES TO VIOLATE NO CONTACT ORDERS YOU WILL LOSE ALL PHONE AND TABLET PRIVILEGES.**

## OBTAINING INFORMATION

There are kiosk machines in each pod: These can be used to obtain information. Please take care to address your questions to the appropriate category, so that they may be answered as quickly as possible. If you are unsure which category to choose, pick the one that most closely meets your needs and if necessary, we will forward it to the appropriate

person. These kiosks will allow you to obtain most information needed, making it unnecessary to disrupt the order of the pod by asking questions of the deputy.

## MAIL

You are allowed to send and receive mail while in this facility. This will be in the form of electronic postal mail, through the tablets. *Books can be mailed to you. You are only allowed two books in your cell at a time. If you receive more than two books they will be placed in your property, when you return the book(s) you can receive the other book(s). The books you return will be placed in your property. Books cannot be larger than a standard package of paper, hard back books will be* reviewed on a case-by-case basis. You will not be allowed packages of any kind. You may order writing materials on the commissary and use these to contact family or friends while in detention. You must address the mail properly and legibly with a proper return address in order for detention deputies to accept it. If you do not have funds to purchase writing materials and are declared indigent, (**Indigent inmate: is an inmate that has had a zero balance on their account and has not received any I-Care packages for seven days prior of the indigent report being ran.)** you will be issued 5 pieces of paper 3 envelopes and 2 stamps so that you can contact the persons of your choice. Regular mail does require a stamp but mail that is directed to County Judges, County or City courts, or Public Defenders office are considered "in house" mail and do not require postage. All outgoing mail must be inspected by your pod deputy for contraband before being sealed. Inmate numbers must be put on all incoming mail. If you get mail while on No Tablet Access you will receive a print copy of your postal mail. Your attorney can send legal mail by tablet or mail it to you, it must have legal mail on the envelope. If it is mailed in a supervisor will bring it to you. The supervisor will open the mail in front of you and verify that there is no contraband in the mail.

## COURT

**In court, you must remain quiet.**

Your initial court date, called an arraignment, should have been issued to you during the booking process. When your court date arrives, your deputy will call your name and you will proceed quietly, in an orderly manner to the video arraignment room or to the front of the jail to be transported to the courthouse. If the judge releases you of your charges in court, it takes several hours for the detention center to receive all paperwork from the courthouse, process it and assimilate it to the proper personnel. The release checklist contains 24 items that must be checked after your court paperwork has been finished, therefore it is a lengthy and time-consuming process to release you from jail. Please **DO NOT** repeatedly ask your deputy when you are being released from jail, nor have your family repeatedly call here and ask when you will be released. Every interruption slows down the process.

## INTERCOMS/DURESS ALARMS

Each cell has an intercom speaker that can communicate with the control room. These are activated by loud noises. DO NOT use or set them off unless it is an emergency. Do NOT cover them with anything. The speakers in the pods are push button operation. All rules

concerning the cell speakers, also apply to the pod speakers. If emergency assistance is needed and you use the speakers: Do not yell, Do not use profanity and Do not use the intercom to ask questions or to voice a grievance, ask a deputy or use kiosk.

## OBTAINING INFORMATION

There are kiosk machines in each pod: These can be used to obtain information. Please take care to address your questions to the appropriate category, so that they may be answered as quickly as possible. If you are unsure which category to choose, pick the one that most closely meets your needs and if necessary, we will forward it to the appropriate person. These kiosks will allow you to obtain most information needed, making it unnecessary to disrupt the order of the pod by asking questions of the deputy.

## BEHAVIOR STANDARDS

While you are here: Obey orders. If a deputy tells you to do something, you are expected to react immediately.

There will be no talking in the hallways unless you are speaking to a deputy.

Loud talking or yelling, except during an emergency (to alert a guard) is not permitted inside this facility. Profane language, racist or other derogatory remarks are prohibited.

During head counts you will return to your designated cell and remain quiet until all names have been called and head counts have been completed.

There will be no disruptive behavior while in the detention center. There will be no fighting, scuffling or any types of disturbance that may put you, other inmates, deputies or anyone else present at risk.

You must wear the clothing that was issued to you when you were booked in. You must keep it clean. You will not write on, mark, tear, or alter your clothing in any way. Issued clothing is not tailor made and may not fit perfectly. You are required to wear what is issued to you, we will attempt to provide you with clothing that fits, however, this is not always possible. You will be expected to wear your clothing in a proper and appropriate manner.

Your clothing will be picked up and laundered twice weekly. You will be expected to always keep your body and clothing clean. You are provided soap, a toothbrush, toothpaste and towel and toilet paper when you are taken to the pod and will be provided replacements when you return the empty container or holder to the Deputy. Your bedding shall be kept clean, and beds shall be made at all times when not in use. You will be issued cleaning supplies and will be expected to keep your areas clean at all times. You will be given access to a razor on Sunday. The razors will be issued to you by a deputy and are to be returned

intact with all blades still in place/failure to do so will result in being moved to Admin Seg, disciplinary procedures and lockdown.

## LOCKDOWN

If your actions are determined to have violated the rules or to have endangered the safety or security of the detention center, you will be sent to lockdown. The rules for lockdown are as follows.

1 hour out of cell a day, fed in your cell, No property (personal property, no mattress, or blankets) in the cell from 0630 to 1830. No yard call, visitation, commissary, tablets or tv. Once removed from lockdown after your allotted time you may utilize good behavior to be allow you to be placed in a lower-level pod.

## DISCIPLINARY PROCEDURES

The following segregation actions will be the action taken to assure the safety, security, and order of this facility and the persons confined therein. Infractions not listed will be addressed on a case-by-case basis. Once the infraction comes to the attention of any SCADC Deputy, due process will be initiated. You will be provided a written notice within 24 hours of the incident, which will describe the charges and proposed sanction/s to be taken.

You have the option to waive the hearing and plead guilty. You will then be required to sign the notice and indicate this information on the Inmate Disciplinary report on the space provided. If you choose this option, no hearing will be required, and the sanction/s can be imposed at that time.

If you choose to have a hearing, you will be given adequate time to prepare your case before the hearing, typically within 48 hours but not more than 5 days after received notice. The action will then be reviewed by an objective and detached deputy who will hear both sides of the story. You will have the right to call witnesses and present a defense on your behalf. If you need help preparing your case from either an inmate or staff member, the deputy will assist in finding someone to assist you.

If an infraction is found, the deputy will use the specific guidelines for determining the proper discipline to be taken. A deviation from the guidelines may only be made to remedy a unique situation that may arise. Review hearings/appeals will be available by requests on all infractions, and you will be given 5 days to submit your appeal to jail administration.

Placement on Administrative Segregation is at the discretion of sergeants and detention center administration. Only the Administration Review Board has the ability to remove you

from Administrative Segregation. Administration Review Board will periodically review inmates that have been placed on Administrative Segregation or Permanent Lockdown.

## ACTION & CONSEQUENCES

| | |
|---|---|
| Physical Confrontation with staff | =Permanent Lockdown, Prosecution & 4 weeks loss of priv. |
| Escape/Attempted Escape | =Permanent Lockdown, Prosecution & 4 weeks loss of priv. |
| Physical conf with inmate with injury | =14 days lockdown, poss. Prosecution & 4 weeks loss of priv. |
| Threatening physical harm to staff | =14 days Lockdown, prosecution & 3weeks loss of priv. |
| Possession of contraband (weapon) | =14 days Lockdown, prosecution & 3 weeks loss of priv. |
| Physical conf with inmate w/out injury | =7 days Lockdown, poss. Prosecution & 2 weeks loss of priv. |
| Inciting inmates to disrupt operations | =7 days lockdown & 2 weeks loss of priv. |
| Theft from any staff or facility | =7 days lockdown, possible prosecution& 2 weeks loss of priv. |
| Impersonation for goods or services | =7 days lockdown & 2 weeks loss of priv. |