**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FT. SMITH DIVISION**

**JOHN ANTHONY COLE** **PLAINTIFF**
**ADCRR #371593**
**v.** **No. 2:26-cv-02071-CDC**

**HOBE RUNION; et al.** **DEFENDANTS**

---

**DEFENDANT LAVERSA MORRIS'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

---

COMES NOW, Defendant LaVersa Morris ("Defendant"), in her individual and official capacities, by and through Hall Booth Smith P.C., pursuant to Fed. R. Civ. P. 56 and Local Rules 7.2 and 56.1 and for her Statement of Undisputed Material Facts in support of her Motion for Summary Judgment for Failure to Exhaust Administrative Remedies, states:

1. Plaintiff John Cole ("Plaintiff") was booked into Sebastian County Detention Center ("SCDC") on April 7, 2025. (ECF No. 33-1 at 3-11).

2. Before May 9, 2025, Plaintiff submitted grievances on SCDC's paper grievance forms. (ECF No. 33-1 at 71-79, 82-101, 106-13, 118-19, 123-127, 130-51, 159-64). SCDC answered them on the merits, and Plaintiff appealed at least one to the Jail Administrator. (ECF No. 33-1 at 77-78, 85, 161-64).

3. Between April 13 and April 28, 2025, Plaintiff filed four grievances through the kiosk under its "Medical Grievances" request type. (ECF No. 33-1 at 114-16, 121-22, 154-56). Each concerned medical billing: a charge for medication he

brought from Arizona, whether the Arizona Department of Corrections would pay for his medical care, and (in two grievances) a $50 charge for a chest x-ray. Id. Defendant answered the first x-ray grievance on April 28, 2025. Id. at 122, 154. None of the four mentions the conduct alleged in Plaintiff's Complaint. Id. at 114-16, 121-22, 154-56.

4. On May 9, 2025, the Circuit Court of Sebastian County held Plaintiff in contempt in his criminal case for a threatening remark toward an SCDC lieutenant. (ECF No. 33-1 at 46-51). As a sanction, the court ordered SCDC "to restrict the Defendant's tablet usage solely to the FASTCASE application, and email correspondence for a period of thirty (30) days from the date of this order," explaining that "he shall not be allowed to use or access any 'entertainment' applications during this time." Id. The order does not mention grievances, the grievance kiosk, or paper grievance forms. Id.

5. On May 9, 2025, Plaintiff was placed on disciplinary separation after he stabbed two SCDC officers. See Exhibit A at 1, 9, 43.

6. On June 3, 2025, Plaintiff was transferred out of the custody of SCDC. See Exhibit A at 48.

7. Plaintiff filed his Complaint on May 12, 2026. (ECF No. 1).

8. As it pertains to Defendant, Plaintiff claims that on May 9, 2025, Defendant established Turn Key Health Care, LLC ("TK Health") policies designed to punish Plaintiff by deliberately denying him emergency medical aid, assistance, triage, treatment, or care. (ECF No. 1 at 11). Plaintiff further alleges that Defendant

refused Plaintiff medical treatment on May 9, 2025, for the allegedly obvious injuries to his face, head, ribs, and finger. See id.

9. Plaintiff also alleges that, between May 9 and June 2, 2025, Defendant acted in her official capacity by crafting and enforcing "SCSO/SCDC" policies that intentionally withheld Plaintiff's eyeglasses, psoriasis medication, and "any access to sick call or medical treatment." (ECF No. 1 at 12). Plaintiff alleges that as a result of these policies, his psoriasis outbreak was exacerbated, he suffered headaches from not having his eyeglasses, and was not able to rinse his face for four days. See id.

10. During Plaintiff's incarceration, SCDC had a procedure in place for inmates to file grievances related to inadequate medical care. (ECF No. 33-1 at 1-2, 165-72).

11. During Plaintiff's incarceration, SCDC had a procedure in place for inmates to appeal responses to their grievances with which they are dissatisfied. (ECF No. 33-1 at 1-2, 165-72).

12. SCDC's Inmate Handbook provides that "[r]outine grievances will be recognized only through the kiosk system" and that "[n]o paper grievances will be accepted." (ECF No. 33-1 at 171). A grievance must be filed within ten days of the incident, and the responding deputy has five days to answer. Id. "Medical grievances will be answered by Medical Supervisor." Id. at 172. An inmate has three days to file each appeal, and "[t]he grievance process is not complete until it is answered by the Sheriff." Id.

13. Plaintiff was aware of SCDC's procedures concerning grievances and appeals. (ECF No. 33-1 at 77-78, 121-22, 143-44).

14. Plaintiff read the Inmate Handbook on his SCDC tablet, and he cited the Inmate Handbook in his grievances and correspondence to SCDC. (ECF No. 33-1 at 85, 126, 132, 137, 143).

15. Plaintiff was not physically prevented from or otherwise unable to avail himself of SCDC's administrative remedies. (ECF No. 33-1 at 1-2, 46-51, 71-79, 82-101, 106-16, 118-19, 121-27, 130-51, 154-56, 159-64); Exhibit A at 6, 36-38.

16. Between May 9 and June 2, 2025, Plaintiff had access to the grievance kiosk or paper grievances. (ECF No. 33-1 at 1-2); Exhibit A at 6, 36-38.

17. Between May 9 and June 2, 2025, Plaintiff had pen and paper, which he used to make written requests of SCDC staff, including requests for additional grievance forms. Exhibit A at 6, 36-38.

18. Plaintiff did not lodge any grievances between May 9 and June 2, 2025, related to his claims against Defendant in his Complaint. (ECF No. 33-1 at 1-2).

19. Between May 9 and June 2, 2025, Plaintiff submitted requests for medical treatment for pain and psoriasis. Exhibit B at 2-5, 13, 45. He submitted no request for eyeglasses and no complaint of headaches. Id. But see Exhibit A at 84 (Incident Report 4/30/25). He did not submit any of these requests under the kiosk's "Medical Grievances" request type. Exhibit B at 2-5, 13, 45; see generally Exhibit A (incident reports reflecting Plaintiff's requests for ointment).

20. To the extent any of Plaintiff's requests for medical treatment between May 9 and June 2, 2025, constitutes a grievance, Plaintiff received a timely response to such requests. See generally Exhibit A (Incident Reports reflecting Plaintiff receiving ointment regularly); Exhibit B at 2-13, 45.

21. To the extent any of Plaintiff's requests for medical treatment between May 9 and June 2, 2025, constitutes a grievance, Plaintiff failed to appeal the responses he received to such requests. See (ECF No. 33-1 at 1-2).

22. Plaintiff failed to exhaust his administrative remedies as to his claims against Defendant before filing his Complaint. Exhibit A; Exhibit B; (ECF No. 33-1 at 1-2).

Respectfully submitted,

Chris Stevens (2012289)
Garrett Bannister (2023159)
HALL BOOTH SMITH, P.C.
200 River Market Avenue, Suite 500
Little Rock, Arkansas 72201
(501) 214-3499
EM: cstevens@hallboothsmith.com
gbannister@hallboothsmith.com

*Attorneys for LaVersa Morris*

**CERTIFICATE OF SERVICE**

This is to certify that on the 13th day of October 2026, I electronically transmitted the above document to the Clerk of Court using the ECF System for filing, and based on the record on file the Clerk will transmit a Notice of Electronic Filing to all ECF Registrants.

*/s/ Chris Stevens*
Chris Stevens